MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
LUIS ANTONIO ORTIZ OCHOA, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

-against-

PRINCE DELI GROCERY CORP. (D/B/A PRINCE DELI GROCERY) and ABDO S. ANAM (A.K.A. ABDO SALEH),
                *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

    Plaintiff Luis Antonio Ortiz Ochoa ("Plaintiff Ortiz" or "Mr. Ortiz"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Prince Deli Grocery Corp. (d/b/a Prince Deli Grocery), ("Defendant Corporation") and Abdo S. Anam (a.k.a. Abdo Saleh), ("Individual Defendant"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

    1.    Plaintiff Ortiz is a former employee of Defendants Prince Deli Grocery Corp. (d/b/a Prince Deli Grocery) and Abdo S. Anam (a.k.a. Abdo Saleh).

    2.    Defendants own, operate, or control a deli, located at 1461 5th Ave, New York, NY 10035 under the name "Prince Deli Grocery".

3. Upon information and belief, individual Defendant Abdo S. Anam (a.k.a. Abdo Saleh), serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the deli as a joint or unified enterprise.

4. Plaintiff Ortiz was employed as a grill man at the deli located at 1461 5th Ave, New York, NY 10035.

5. At all times relevant to this Complaint, Plaintiff Ortiz worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Ortiz appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Ortiz the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Furthermore, Defendants repeatedly failed to pay Plaintiff Ortiz wages on a timely basis.

9. Defendants' conduct extended beyond Plaintiff Ortiz to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ortiz and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11. Plaintiff Ortiz now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the

"NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Ortiz seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Ortiz's state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiff Ortiz was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Luis Antonio Ortiz Ochoa ("Plaintiff Ortiz" or "Mr. Ortiz") is an adult individual residing in Queens County, New York.

16. Plaintiff Ortiz was employed by Defendants at Prince Deli & Grocery from approximately August 2017 until on or about September 10, 2018.

17. Plaintiff Ortiz consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all relevant times, Defendants owned, operated, or controlled a deli, located at 1461 5th Ave, New York, NY 10035 under the name "Prince Deli Grocery".

19. Upon information and belief, Prince Deli Grocery Corp. (d/b/a Prince Deli Grocery) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1461 5th Ave, New York, NY 10035.

20. Defendant Abdo S. Anam (a.k.a. Abdo Saleh) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Abdo S. Anam (a.k.a. Abdo Saleh) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Abdo S. Anam (a.k.a. Abdo Saleh) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ortiz, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

21. Defendants operate a deli located in the Harlem section of Manhattan in New York City.

22. Individual Defendant, Abdo S. Anam (a.k.a. Abdo Saleh), possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiff Ortiz's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ortiz, and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiff Ortiz (and all similarly situated employees) and are Plaintiff Ortiz's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiff Ortiz and/or similarly situated individuals.

27. Upon information and belief, Individual Defendant Abdo S. Anam (a.k.a. Abdo Saleh) operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

    e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of his own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiff Ortiz's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Ortiz, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Ortiz's services.

29. In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31. Plaintiff Ortiz is a former employee of Defendants who was employed as a grill man. Plaintiff Ortiz seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Luis Antonio Ortiz Ochoa*

32. Plaintiff Ortiz was employed by Defendants from approximately August 2017 until on or about September 10, 2018.

33. Defendants employed Plaintiff Ortiz as a grill man.

34. Plaintiff Ortiz regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

35. Plaintiff Ortiz's work duties required neither discretion nor independent judgment.

36. Throughout his employment with Defendants, Plaintiff Ortiz regularly worked in excess of 40 hours per week.

37. From approximately August 2017 until on or about September 10, 2018, Plaintiff Ortiz worked from approximately 6:00 a.m. until on or about 5:20 p.m., to 5:30 p.m., 7 days a week (typically 79.33 to 80.50 hours per week).

38. From approximately August 2017 until on or about September 10, 2018, Defendants paid Plaintiff Ortiz his wages in cash.

39. From approximately August 2017 until on or about December 2017, Defendants paid Plaintiff Ortiz $12.00 per hour.

40. From approximately January 2018 until on or about September 10, 2018, Defendants paid Plaintiff Ortiz $13.00 per hour.

41. Plaintiff Ortiz's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

42. For example, Defendants required Plaintiff Ortiz to work an additional 20 to 30 minutes past his scheduled departure time everyday, and did not pay him for the additional time he worked.

43. Defendants never granted Plaintiff Ortiz any breaks or meal periods of any kind.

44. Nevertheless, Defendants deducted $5 from Plaintiff Ortiz's weekly paycheck for meals he never ate.

45. Plaintiff Ortiz was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46. Defendants took improper and illegal deductions from Plaintiff Ortiz's wages; specifically, Defendants deducted $20 from Plaintiff Ortiz's weekly wages for his uniform.

47. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ortiz regarding overtime and wages under the FLSA and NYLL.

48. Defendants did not provide Plaintiff Ortiz an accurate statement of wages, as required by NYLL 195(3).

49. Defendants did not give any notice to Plaintiff Ortiz, in English and in Spanish (Plaintiff Ortiz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

50. Defendants required Plaintiff Ortiz to purchase "tools of the trade" with his own funds—including five pairs of non-slip shoes.

*Defendants' General Employment Practices*

51. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ortiz (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

52. Plaintiff Ortiz was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

53. Defendants habitually required Plaintiff Ortiz to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

54. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

55. Defendants paid Plaintiff Ortiz his wages in cash.

56. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

57. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Ortiz (and similarly situated individuals) worked, and to avoid paying Plaintiff Ortiz properly for his full hours worked.

58. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

59. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Ortiz and other similarly situated former workers.

60. Defendants failed to provide Plaintiff Ortiz and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer;

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

61. Defendants failed to provide Plaintiff Ortiz and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

62. Plaintiff Ortiz brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

63. At all relevant times, Plaintiff Ortiz and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and

one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

64. The claims of Plaintiff Ortiz stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

65. Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

66. At all times relevant to this action, Defendants were Plaintiff Ortiz's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Ortiz (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

67. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

68. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

69. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Ortiz (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

70. Defendants' failure to pay Plaintiff Ortiz (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiff Ortiz (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

72. Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Ortiz overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74. Defendants' failure to pay Plaintiff Ortiz overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

75. Plaintiff Ortiz was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

76. Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants failed to pay Plaintiff Ortiz one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Ortiz's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

78. Defendants' failure to pay Plaintiff Ortiz an additional hour's pay for each day Plaintiff Ortiz's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

79. Plaintiff Ortiz was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

80. Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants failed to provide Plaintiff Ortiz with a written notice, in English and in Spanish (Plaintiff Ortiz's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

82. Defendants are liable to Plaintiff Ortiz in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

83. Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

84. With each payment of wages, Defendants failed to provide Plaintiff Ortiz with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay

and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

85. Defendants are liable to Plaintiff Ortiz in the amount of $5,000, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

86. Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants required Plaintiff Ortiz to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

88. Plaintiff Ortiz was damaged in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

89. Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

90. At all relevant times, Defendants were Plaintiff Ortiz's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

91. Defendants made unlawful deductions from Plaintiff Ortiz's wages including, but not limited to, deductions for meals he never ate and for the uniforms they required him to wear at work.

92. The deductions made from Plaintiff Ortiz's wages were not authorized or required by law.

93. Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Ortiz's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

94. Plaintiff Ortiz was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

95. Plaintiff Ortiz repeats and realleges all paragraphs above as though set forth fully herein.

96. Defendants did not pay Plaintiff Ortiz on a regular weekly basis, in violation of NYLL §191.

97. Defendants are liable to Plaintiff Ortiz in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ortiz respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ortiz and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ortiz's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Ortiz and the FLSA Class members;

(e) Awarding Plaintiff Ortiz and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Ortiz and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ortiz;

(h) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Ortiz;

(i) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Ortiz;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiff Ortiz's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Ortiz;

(l) Awarding Plaintiff Ortiz damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m) Awarding Plaintiff Ortiz damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff Ortiz liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiff Ortiz and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Ortiz and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Ortiz demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

October 15, 2018

                                                MICHAEL FAILLACE & ASSOCIATES, P.C.
By:      /s/ Michael Faillace
       Michael Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620
       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 28, 2018

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:           Luis Antonio Ortiz Ochoa

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:       *Luis A Ortiz*

Date / Fecha:            28 de Septiembre 2018

*Certified as a minority-owned business in the State of New York*