**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
LUIS ANTONIO ORTIZ OCHOA, *individually and on behalf of others similarly situated*

                *Plaintiff*,

    -against-

PRINCE DELI GROCERY CORP. (D/B/A PRINCE DELI GROCERY) and ABDO S. ANAM (A.K.A. ABDO SALEH),

                *Defendants*.
-------------------------------------------------------------X

Case No.: 1:18-cv-09417

**ANSWER WITH AFFIRMATIVE DEFENSES**

Defendants Prince Deli Grocery Corp. (d/b/a Prince Deli Grocery) and Abdo S. Anam (a.k.a. Abdo Saleh) (together, the "**Defendants**"), by and through their undersigned attorneys, Levin-Epstein & Associates, P.C., as and for their answer and affirmative defenses to the Complaint, filed October 15, 2018, (the "**Complaint**") of Luis Antonio Ortiz Ochoa (the "**Plaintiff**"), hereby admit, deny and allege as follows:

## NATURE OF ACTION

1. Defendants deny the allegations contained in paragraph "1" of the Complaint.

2. Defendants admit the allegations contained in paragraph "2" of the Complaint.

3. The allegations contained in paragraph "3" of the Complaint set forth legal conclusions for which no response is required.

4. Defendants deny the allegations contained in paragraph "4" of the Complaint.

5. Defendants deny the allegations contained in paragraph "5" of the Complaint.

6. Defendants deny the allegations contained in paragraph "6" of the Complaint.

7. Defendants deny the allegations contained in paragraph "7" of the Complaint.

8. Defendants deny the allegations contained in paragraph "8" of the Complaint.

9. Defendants deny the allegations contained in paragraph "9" of the Complaint.

10. Defendants deny the allegations contained in paragraph "10" of the Complaint.

11. No response is required to the statement set forth in paragraph "11".

12. No response is required to the statement set forth in paragraph "12".

## **JURISDICTION AND VENUE**

13. The allegations contained in paragraph "13" of the Complaint set forth legal conclusions for which no response is required.

14. The allegations contained in paragraph "14" of the Complaint set forth legal conclusions for which no response is required.

## **PARTIES**

### *Plaintiff*

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Defendants deny the allegations contained in paragraph "16" of the Complaint.

17. No response is required to the statement set forth in paragraph "17".

### *Defendants*

18. Defendants admit the allegations contained in paragraph "18" of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. The allegations contained in paragraph "20" of the Complaint set forth legal conclusions for which no response is required.

# FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21. Defendants admit the allegations contained in paragraph "21" of the Complaint to the extent that Defendant Prince Deli Grocery Corp. (d/b/a Prince Deli Grocery) owns and operates a deli located in the Harlem section of Manhattan in New York City.

22. The allegations contained in paragraph "22" of the Complaint set forth legal conclusions for which no response is required.

23. The allegations contained in paragraph "23" of the Complaint set forth legal conclusions for which no response is required.

24. Defendants deny the allegations contained in paragraph "24" of the Complaint.

25. The allegations contained in paragraph "25" of the Complaint set forth legal conclusions for which no response is required.

26. The allegations contained in paragraph "26" of the Complaint set forth legal conclusions for which no response is required.

27. The allegations contained in paragraph "27" of the Complaint set forth legal conclusions for which no response is required.

28. The allegations contained in paragraph "28" of the Complaint set forth legal conclusions for which no response is required.

29. Defendants deny the allegations contained in paragraph "29" of the Complaint.

30. Defendants deny the allegations contained in paragraph "30" of the Complaint.

*Individual Plaintiff*

31. Defendants deny the allegations contained in paragraph "31" of the Complaint.

*Plaintiff Luis Antonio Ortiz Ochoa*

32. Defendants deny the allegations contained in paragraph "32" of the Complaint.

33. Defendants deny the allegations contained in paragraph "33" of the Complaint

34. Defendants deny the allegations contained in paragraph "34" of the Complaint

35. The allegations contained in paragraph "35" of the Complaint set forth legal conclusions for which no response is required.

36. Defendants deny the allegations contained in paragraph "36" of the Complaint

37. Defendants deny the allegations contained in paragraph "37" of the Complaint

38. Defendants deny the allegations contained in paragraph "38" of the Complaint

39. Defendants deny the allegations contained in paragraph "39" of the Complaint

40. Defendants deny the allegations contained in paragraph "40" of the Complaint

41. Defendants deny the allegations contained in paragraph "41" of the Complaint

42. Defendants deny the allegations contained in paragraph "42" of the Complaint

43. Defendants deny the allegations contained in paragraph "43" of the Complaint

44. Defendants deny the allegations contained in paragraph "44" of the Complaint

45. Defendants deny the allegations contained in paragraph "45" of the Complaint

46. Defendants deny the allegations contained in paragraph "46" of the Complaint

47. Defendants deny the allegations contained in paragraph "47" of the Complaint

48. Defendants deny the allegations contained in paragraph "48" of the Complaint

49. Defendants deny the allegations contained in paragraph "49" of the Complaint

50. Defendants deny the allegations contained in paragraph "50" of the Complaint

*Defendants' General Employment Practices*

51. Defendants deny the allegations contained in paragraph "51" of the Complaint

52. Defendants deny the allegations contained in paragraph "52" of the Complaint

53. Defendants deny the allegations contained in paragraph "53" of the Complaint

54. Defendants deny the allegations contained in paragraph "54" of the Complaint

55. Defendants deny the allegations contained in paragraph "55" of the Complaint

56. Defendants deny the allegations contained in paragraph "56" of the Complaint

57. Defendants deny the allegations contained in paragraph "57" of the Complaint

58. Defendants deny the allegations contained in paragraph "58" of the Complaint

59. Defendants deny the allegations contained in paragraph "59" of the Complaint

60. Defendants deny the allegations contained in paragraph "60" of the Complaint

61. Defendants deny the allegations contained in paragraph "61" of the Complaint

## FLSA COLLECTIVE ACTION CLAIMS

62. No response is required to the statement set forth in paragraph "62".

63. Defendants deny the allegations contained in paragraph "63" of the Complaint.

64. Defendants deny the allegations contained in paragraph "64" of the Complaint.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

65. No response is required to the statement set forth in paragraph "65".

66. The allegations contained in paragraph "66" of the Complaint set forth legal conclusions for which no response is required.

67. The allegations contained in paragraph "67" of the Complaint set forth legal conclusions for which no response is required.

68. The allegations contained in paragraph "68" of the Complaint set forth legal conclusions for which no response is required.

69. The allegations contained in paragraph "69" of the Complaint set forth legal conclusions for which no response is required.

70. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

71. No response is required to the statement set forth in paragraph "71".

72. The allegations contained in paragraph "72" of the Complaint set forth legal conclusions for which no response is required.

73. Defendants deny the allegations contained in paragraph "73" of the Complaint.

74. The allegations contained in paragraph "74" of the Complaint set forth legal conclusions for which no response is required.

75. Defendants deny the allegations contained in paragraph "75" of the Complaint.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

76. No response is required to the statement set forth in paragraph "76".

77. The allegations contained in paragraph "77" of the Complaint set forth legal conclusions for which no response is required.

78. The allegations contained in paragraph "78" of the Complaint set forth legal conclusions for which no response is required.

79. Defendants deny the allegations contained in paragraph "79" of the Complaint.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

80. No response is required to the statement set forth in paragraph "80".

81. Defendants deny the allegations contained in paragraph "81" of the Complaint.

82. Defendants deny the allegations contained in paragraph "82" of the Complaint.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

83. No response is required to the statement set forth in paragraph "83".

84. Defendants deny the allegations contained in paragraph "84" of the Complaint.

85. Defendants deny the allegations contained in paragraph "85" of the Complaint.

## SIXTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

86. No response is required to the statement set forth in paragraph "86".

87. Defendants deny the allegations contained in paragraph "87" of the Complaint.

88. Defendants deny the allegations contained in paragraph "88" of the Complaint.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

89. No response is required to the statement set forth in paragraph "89".

90. The allegations contained in paragraph "90" of the Complaint set forth legal conclusions for which no response is required.

91. Defendants deny the allegations contained in paragraph "91" of the Complaint.

92. Defendants deny the allegations contained in paragraph "92" of the Complaint.

93. The allegations contained in paragraph "93" of the Complaint set forth legal conclusions for which no response is required.

94. Defendants deny the allegations contained in paragraph "94" of the Complaint.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

95. No response is required to the statement set forth in paragraph "95".

96. Defendants deny the allegations contained in paragraph "96" of the Complaint.

97. Defendants deny the allegations contained in paragraph "97" of the Complaint.

## PRAYER FOR RELIEF

98. Defendants deny that Plaintiff is entitled to any relief sought in the "WHEREFORE" clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

99. Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted, either on his own behalf or on behalf of those persons who he purports to represent, or to whom he purportedly is similarly situated.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

100. Assuming arguendo, Defendants violated any provision of the FLSA and/or New York Labor Law, such violation was not pursuant to a uniform policy or plan.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

101. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and any limitations period established by New York state law, such claims of Plaintiff are barred. This affirmative defense also may apply to the claims of some or all of the class of allegedly similarly situated persons, as alleged in the Complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

102. Defendants did not engage in willful or unlawful conduct.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

103. As to any liquidated damage or other claim of the Plaintiff, Defendants assert they acted in subjective good faith and had objectively reasonable grounds for the belief that the Defendants' policies and employee payments or omissions, including but not limited to the payment of wages complied with the law and were not a violation of the Fair Labor Standards Act.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

104. Defendants are relieved of any liability for Plaintiff's wage claim to the extent that the claims are premised upon traveling to and from the actual place of performance, activities which are preliminary and/or post-liminary to the alleged principal activity of employment because such activities were not compensable by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. 254.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

105. Plaintiff is exempt from the overtime requirements of the FLSA and NYLL under the motor carrier exemption.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

106. This action cannot be certified and supplemental or other jurisdiction should not be exercised over Plaintiff's New York Labor Law claims.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

107. Plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

108. Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA or NYLL, including but not limited to those provide for in 29 U.S.C. 207, 213 and its state law equivalents.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

109. Plaintiff was at material times an independent contractor and not covered by the FLSA and the New York Wage Regulations

### DEFENDANTS' GENERAL DEFENSES

### FIRST GENERAL DEFENSE

110. Plaintiff was paid in accordance with all applicable law.

### RESERVATION OF RIGHTS

111. Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

## RESERVATION OF RIGHTS

112. Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

113. Defendants reserve the right to assert claims against Plaintiff arising out of Plaintiff's acts of theft.

**WHEREFORE**, Defendants demands judgment in their favor:

(a) denying Plaintiff is entitled to the relief for which he prays on behalf of himself or any other individual or to any other relief.

(b) dismissing the Complaint against Defendants on the merits with prejudice and in its entirety;

(c) awarding Defendants their costs and disbursement, including reasonable attorneys' fees incurred in the action; and

(d) granting Defendants such other and further relief as the Court may deem just and proper.

Dated: July 1, 2019
      New York, New York

By: /s/ *Joshua D. Levin-Epstein*
Joshua D. Levin-Epstein, Esq.
1 Penn Plaza, Suite 2527
New York, New York 10119
Telephone: (212) 792-0046
Facsimile: (212) 563-7108
Email: joshua@levinepstein.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2019, I electronically filed the foregoing Answer with Affirmative Defenses with the Clerk of the District Court using the CM/ECF system, which sent notification to all parties registered to receive notice via that service, including:

> Michael Faillace &Associates, P.C.
> Attn:   Michael Faillace
> 60 East 42nd Street, Suite 4510
> New York, New York 10165
> *Attorneys for Plaintiff*

/s/*Joshua D. Levin-Epstein*
Joshua D. Levin-Epstein, Esq.