# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

January 14, 2021

*Via Electronic Filing*
The Honorable Judge Edgardo Ramos
U.S. District Court Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Ortiz Ochoa et al v. Prince Deli Grocery Corp. et al*
       **Case No.: 18-cv-09417-ER**

Dear Honorable Judge Ramos:

This law firm represents Defendants Prince Deli Grocery Corp. (d/b/a Prince Deli Grocery) and Abdo S. Anam (a/k/a Abdo Saleh) (together, the "Defendants") in the above-referenced action.

Pursuant to Rule 1(E) of Your Honor's Individual Motion Practices, this letter respectfully serves as a renewed request[1] to: (i) extend the fact discovery completion deadline & non-expert deposition completion deadline from January 18, 2021, to through and including, March 4, 2021; and (ii) to direct the Court's attention to the existence of fraud upon the Court.

As explained in further detail below, good cause exists to extend the fact discovery deadline because Plaintiff Luis Antonio Ortiz Ochoa ("Plaintiff") has deliberately concealed and misrepresented material facts regarding his employment history. Based on documentary evidence, which the undersigned has provided to Plaintiff's counsel, Plaintiff has misrepresented the length of time that Plaintiff worked for Defendants. As demonstrated below, and through the exhibits attached hereto, it is incontrovertible that: (i) Plaintiff worked at other businesses in a nearly full-time capacity during the same time that Plaintiff allegedly worked for Defendants; and (ii) Plaintiff alleges to have worked for Defendants when Defendants' business was physically closed for renovation. [*See* **Exhibit "A"** (Complaint filed in Red Hook Action); and **Exhibit "B"** (photographs evidencing store's closure)]. Due to the serious allegations of fraud on the Court, the undersigned firm respectfully requests additional time to complete its investigation (which is near) into the nature and extent of Plaintiff's fraud.  This request is not made lightly.

Plaintiff's bad faith filing and prosecution of this action in violation of the Fed.R.Civ.P. discovery protocols, this Court's discovery Orders, Rules of Professional Conduct, S.D.N.Y. Local Civil Rules, and Your Honor's Individual Rules, has essentially destroyed the destroyed the discovery efforts in this case, such that the imposition of sanctions under, *inter alia*, Fed.R.Civ.P. 26(g)(3), 37(b), 37(c), 28 U.S.C. § 1927, this Court's inherent authority, and Fed.R.Civ.P. 11(c) are warranted.

---

[1] A previous extension request was made – on consent of Plaintiff – on December 10, 2020. [Dckt. No. 39]. As of the date of this letter, the Court has not issued a ruling on the December 10, 2020 extension request. As noted in the December 10, 2020 letter, this is the fifth (5th) request of its nature.

## I.       Relevant Procedural Background of the Discovery Schedule

While the instant action bears an index dating back to 2018, Plaintiff did not begin to prosecute the case until April 2020. A Case Management Plan was not entered until April 16, 2020 [Dckt. No. 29].  Since then, Defendants have diligently worked to obtain crucial information to undermine Plaintiff's main factual contention, which has been complicated by (1) the COVID-19 Pandemic, (2) Plaintiff's failure to provide verified responses to certain discovery requests, and (3) an emergency medical request to extend the discovery deadline based on the reasons set forth in the redacted letter motion to this Court dated December 10, 2020.  See Dckt No. 39].

On July 10, 2020, the undersigned requested an extension of time to complete fact discovery on the basis that, *inter alia*, Plaintiff had not responded to Defendants' discovery requests. [Dckt. No. 30]. The Court subsequently granted this extension request on July 13, 2020. [Dckt. No. 31].

On August 19, 2020, the undersigned requested a second extension of time to complete fact discovery on the basis that, *inter alia*, additional time was needed to review Plaintiff's responses for any deficiencies. [Dckt. No. 32]. The Court subsequently granted this extension request on August 20, 2020. [Dckt. No. 33].

On October 19, 2020, the parties submitted a joint, third, request for a third extension of time to complete fact discovery on the basis that Defendants intended to supplement its informal document production with additional records. [Dckt. No. 34]. The Court subsequently granted this extension request on October 19, 2020. [Dckt. No. 35].

On December 1, 2020, the undersigned requested a fourth extension of time to complete fact discovery on the basis that Defendant's principal had difficulty supplementing his document production, due to technological challenges exacerbated by the COVID-19 pandemic. [Dckt. No. 36]. The Court subsequently granted this extension request on December 2, 2020. [Dckt. No. 35].

On December 10, 2020, the undersigned requested a fifth extension of time to complete fact discovery due to a medical emergency. [Dckt. No. 39]. As of the date of this letter, the Court has not ruled on the December 10, 2020 extension request.

As set forth above, all throughout this time, Defendants have diligently worked to obtain the material information to undermine Plaintiff's main factual contentions set forth in the Complaint, under very difficult circumstance beyond this law firm's control.

## I.       Relevant Procedural Background for Non-Compliance with Duly Served Discovery

### A.  Plaintiff's Complaint

This is an action under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") brought by one (1) individual against his former employer for alleged

violations of federal and state minimum wage, overtime, spread-of-hours and recordkeeping violations.

The individual defendant Mr. Anam owns and operates one small deli in Harlem.

According to the underlying complaint filed on October 15, 2018 [Dckt. No. 1] (the "Complaint"), Plaintiff was employed at Defendants' deli as a general worker from August 2017 until on or about September 10, 2018. [Dckt. No. 1 at ¶ 16], and allegedly worked seven (7) days each week for 80.5 hours per week. [*Id*. at ¶ 37]. This is factually impossible, as set forth below.

In Plaintiff's Rule 26(a) Damage Computation, and Plaintiff's responses to Defendants' discovery requests, Plaintiff represented that he worked 84 hours per week. A true and correct copy of Plaintiff's Rule 26(a) / July 27, 2020 Damage Computation is annexed hereto as **Exhibit "C"**.

The Court entered a civil case discovery plan and scheduling order on April 16, 2020. [Dckt. No. 29].

**B. Defendant's First Set of Discovery Requests.**

In connection with Defendants' initial disclosures made on July 1, 2019, Defendants also served Plaintiff with:

1.      Defendants' First Request for the Production of Documents ; and

2.      Defendants' First Set of Interrogatories to Plaintiff[2];

The above-referenced requests were made before The Court entered a civil case discovery plan and scheduling order on April 16, 2020. [Dckt. No. 29]. Following the Defendants' July 1, 2019, the case was assigned to mediation, which was subsequently cancelled. Plaintiff did not meaningfully prosecute the instant case for nearly one-year.

Following the entry of a civil case discovery plan and scheduling order on April 16, 2020, on July 22, 2020, Defendants served Plaintiff with a deficiency letter (the "First Deficiency Letter"), noting Plaintiff's failure to respond to Defendants' Discovery Requests pursuant to Fed.R.Civ.Pro. 34(b)(2).

Of critical importance here, Defendants' First Set of Discovery Requests propounded, *inter alia*: the identity(ies) and location(s) of Plaintiff's employers from 2017-2018.

Plaintiff failed to respond to Defendants' First Set of Discovery Requests. In his untimely responses, and supplemental responses, Plaintiff doubled-down on the false narrative that Plaintiff worked for Defendants, and that he worked 84-hours per week. [*See* Ex. C].

---

[2] Together with Defendants' First Request for the Production of Documents, "Defendants' First Set of Discovery Requests."

Of critical importance, Plaintiff's responses to Defendants' First Set of Interrogatories to Plaintiff was not verified pursuant to Fed.R.Civ.Pro. 33(b)(5).

### C. Defendant's Second Set of Discovery Requests.

On June 16, 2020, on behalf of Defendants, this office served Plaintiff with:

1.     Defendants' Second Request for the Production of Documents ; and

2.     Defendants' Second Set of Interrogatories to Plaintiff[3];

Of critical importance here, Defendants' Second Set of Discovery Requests propounded, *inter alia*: the identity(ies) and location(s) of Plaintiff's employers from 2017-2018.

In his responses, Plaintiff doubled-down on the false narrative that Plaintiff exclusively worked for Defendants, and that he worked 84-hours per week. [*See* Ex. C].

On July 27, 2020, Defendants served Plaintiff with a deficiency letter (the "Second Deficiency Letter"), noting Plaintiff's deficiencies in his responses to Defendants' First and Second Set of Discovery Requests, including, *inter alia*, Plaintiff's failure to verify the same pursuant to Fed.R.Civ.Pro. 33(b)(5).

In his supplemental responses, under threat of Court intervention, Plaintiff – once again – doubled-down on the false narrative that Plaintiff exclusively worked for Defendants, and that he worked 84-hours per week. [*See* Ex. C].

Since the end of the summer of 2020, the undersigned has worked to obtain additional information to undermine the main factual contentions in the Complaint.  Due to the serious nature of the allegation of fraud on the Court, Defendants needed to conduct considered and appropriate diligence.

Additional time is needed to serve sanctions motions pursuant Fed.R.Civ.P. 26(g)(3), 37(b), 37(c), 28 U.S.C. § 1927, this Court's inherent authority, and Fed.R.Civ.P. 11(c), and to hold Plaintiff's deposition in the event that this action is not withdrawn with prejudice, following service of the above-references sanctions motion.  Having to conduct a deposition of Plaintiff before the sanctions motions are fully briefed and decided would foist the major incurrence of an expense on Defendants who simply have very limited resources.

### II.     Plaintiff's False Representations Are Contradicted by Plaintiff's Admissions in Another Lawsuit Filed by the Same Law Firm

Plaintiff's representations to Defendants' First and Second Discovery Requests were false.

---

[3] Together with Defendants' Second Request for the Production of Documents, "Defendants' Second Set of Discovery Requests"

According to admissions made in another FLSA action filed and prosecuted by Plaintiff's same attorney – Michael Faillace & Associates P.C., Plaintiff worked fulltime *at another business located in Brooklyn*, during the period alleged in the Complaint.

In *Ortiz Ochoa et al v. Red Hook Gourmet Deli et al*, [Case No.: 17-cv-7095-RRM-RLM] (the "Red Hook Action"), another FLSA case filed and prosecuted by Plaintiff and the Faillace law firm, Plaintiff alleges to have worked at defendants' convenience store, located at 66 Lorraine St Brooklyn, NY 11231, as a deli worker, from August 2017 through October 2017. [*See* Ex. A (Red Hook Action Complaint, at ¶¶ 33-34)]. There, Plaintiff allegedly worked "84 hours per week". *Id* at ¶ 38.

For reference, a chart reflecting Plaintiff's conflicting allegations in the instant action and in the Red Hook action is set forth below:

| *Ortiz Ochoa et al v. Prince Deli Grocery Corp. et al* [18-cv-09417-ER] | | | |
|---|---|---|---|
| **Plaintiff** | **Start** | **End** | **Hours per Week** |
| Luis Antonio Ortiz Ochoa | 8/1/2017 | 9/10/2018 | 84 |

| *Ortiz Ochoa et al v. Red Hook Gourmet Deli et al* [17-cv-7095-RRM-RLM] | | | |
|---|---|---|---|
| **Plaintiff** | **Start** | **End** | **Hours per Week** |
| Floriberto Villalva Estrada | 8/22/2016 | 10/25/2017 | 84 |

The nature and extent of the concurrent work scheduled is inhumane, and factually impossible, given that Plaintiff would not have any time for sleep.

### III.   Plaintiff's False Representations are Contradicted by Documentary Evidence this Law Firm Has Obtained

Defendants have gathered, *inter alia*, the following information which contradicts Plaintiff's allegations of an 84-hour workweek at Defendants' deli from August 2017 through September 2018.

Defendants' subject premises was undergoing extensive construction., and was closed to the public, from December 20, 2017 through August 1, 2018. [*See* Ex. B, notice of business closure and construction]. Thus, Plaintiff's averment of work for Defendants during this period is categorically false.

### IV.   Legal Standard for Extension of time to Complete Discovery

Where, as here, a scheduling order has been entered by the Court pursuant to Rule 16(b) of the FRCP, the court-ordered schedule "may be modified [  ] for good cause and with the judge's consent." *Baburam v. Fed. Express Corp*., 318 F.R.D. 5, 7 (E.D.N.Y. 2016) (quoting Fed.R.Civ.P. 16(b)(4)); *see also* S.D.N.Y. Local Civil Rule 16.2 ("In any case referred to a Magistrate Judge, the Magistrate Judge may issue or modify scheduling orders pursuant to

Fed.R.Civ.P. 16(b)).  "Whether good cause exists turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir.2009) (internal quotation marks and citations omitted). Stated differently, the moving party must demonstrate that "the deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.2000).

## V.    Legal Standard for Sanctions

Under Fed.R.Civ.Pro. 34(a), parties may request from their adversaries documents (including ESI) "which are in the possession, custody or control of the party upon whom the request is served." Fed.R.Civ.P. 34(a). "The concept of 'control' has been construed broadly." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y.2006). Under Rule 34, "control does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007), *aff'd sub nom.* (internal citations and quotations omitted). The courts have "interpreted Rule 34 to require production if the party has the **practical ability to obtain the documents from another**, irrespective of his legal entitlement to the documents." *Id*. (emphasis added).

Fed.R.Civ.P. 26(g) requires that "[e]very disclosure under Rule 26(a) (1) or (a)(3) and every discovery request, response, or objection **must be signed** by at least one attorney of record in the attorney's own name." Fed.R.Civ.P. 26(g)(1) (emphasis added). Fed.R.Civ.Pro. 33(b) requires interrogatories to "be answered…by the party to whom they are directed," Fed. R. Civ. P. 33(b)(1)(a), and "must, to the extent it is not objected to, be **answered separately and fully in writing under oath**." Fed. R. Civ. P. 33(b)(3) (emphasis added).

"By signing a response to a discovery request, an attorney certifies that to the best of her 'knowledge, information, and belief formed after a reasonable inquiry,' the response is (1) consistent with the Federal Rules of Civil Procedure and justified under existing law; (2) not interposed for any improper purpose, such as to unnecessarily delay or needlessly increase the costs of litigation; and (3) reasonable given the importance of the issue and the circumstances of the case.' " *Kiobel v. Royal Dutch Petroleum Co.*, 2009 WL 1810104, at *2 (S.D.N.Y2009) (quoting Fed.R.Civ.P. 26(g)(1)).

"Rule 26(g) is intended to deter and curb discovery abuses, including evasive responses, by 'explicitly encouraging the imposition of sanctions.'" *Kiobel*, at *2 (quoting Fed.R.Civ.P. 26 advisory committee's note). The certification requirement "obliges each attorney to stop and think about the legitimacy of the discovery request, a response thereto, or an objection." *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees and Rest, Employees Int'l Union*, 212 F.R.D. 178, 218-19 (S.D.N.Y. 2003) (quoting Fed.R.Civ.P. 26(g), advisory committee's note to 1983 Amendment). "[A]ll attorneys conducting discovery owe the court a heightened duty of candor." *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, 2011 WL 3471508, at * 7 (E.D.N.Y. 2011).

"Pursuant to Rule 26(g)(3), if an attorney's certification violates Rule 26 without substantial justification, **sanctions are mandatory**." *Kiobel*, at *2 (quoting Fed.R.Civ.P. 26(g)(3)) (emphasis added). "If a court determines that sanctions are appropriate, Rule 26(g) leaves the nature of the sanction to the court's discretion." *Id.* (citing Fed.R.Civ.P. 26 advisory committee's note."). In the event that sanctions are imposed, the "sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed.R.Civ.P. 26(g)(3).

The Court may not award reasonable expenses, however, if the nondisclosure was "substantially justified" or "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A)(ii),(iii) *Underdog Trucking, L.L.C.,* 273 F.R.D. at 377. Conduct is "substantially justified" if there was a "genuine dispute" or if "reasonable people could differ" as to the appropriateness of the contested action. *Id.*

## VI.   Good Cause Exists to Extend Fact Discovery

As set forth herein, and in Defendants' December 10, 2020 letter motion [Dckt. No. 39], good cause exists to extend fact discovery. First, the undersigned counsel was experiencing a medical emergency, and was unavailable as a result. [*Id.*] Second, Defendants have diligently defended this case since the entry of the civil case discovery plan and scheduling order on April 16, 2020. [Dckt. No. 29]. Third, given the serious nature of the allegations of fraud on the Court, Defendants require additional diligence regarding Plaintiff's main factual contentions which was a time intensive effort impeded by Plaintiff's failures to comply with discovery requests. *Supra* at § I. Fourth, as set forth more fully in the previous requests for extension, there have been circumstances beyond the control of this law firm. [Dckt. No. 39].

## VII.   Conclusion

In light of the foregoing, it is respectfully requested that the Court (i) extend the fact discovery completion deadline & non-expert deposition completion deadline from January 18, 2021, to through and including, March 4, 2021; (ii) order Plaintiff and Plaintiff's counsel to show cause why sanctions, up to and including dismissal of the action, should not be imposed for their failure to cooperate in discovery and failure to correct inaccurate material information that has become part of the record. *See Kuldeep Singh and Jagdev Singh v. Mandeep Kaur, Talico Contracting Inc., Neelam Construction Corp., and Western Surety Co.,* Case No.: 1:19-cv-06927-BMC (November 19, 2020 Order) (ordering Plaintiff and Plaintiff's counsel to show cause why sanctions should not be imposed where inaccurate material information had become part of the record); or in the alternative, (iii) to schedule a pre-motion conference on Defendants' anticipated motion for sanctions, pursuant to Your Honor's Individual Motion Practices Rule 2(A)(ii).

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

Thank you, in advance, for your time and consideration.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By:  */s/ Jason Mizrahi*
     Jason Mizrahi
     420 Lexington Avenue, Suite 2525
     New York, NY 10170
     Tel. No.:  (212) 792-0048
     Email: Jason@levinepstein.com
     *Attorneys for Defendants*

VIA ECF: All Counsel