
# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0046 • E: Jason@levinepstein.com

February 11, 2021

*Via Electronic Filing*
The Honorable Judge Edgardo Ramos
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

           Re:    *Ortiz Ochoa et al v. Prince Deli Grocery Corp. et al*
                  **Case No.: 18-cv-09417-ER**

Dear Honorable Judge Ramos:

      This law firm represents Defendants Prince Deli Grocery Corp. (d/b/a Prince Deli Grocery) and Abdo S. Anam (a/k/a Abdo Saleh) (together, the "Defendants") in the above-referenced action.

      Pursuant to Your Honor's Individual Motion Practice Rules 1(A) and 2(A), this letter respectfully serves to request that all discovery be stayed, *sine die*, pending briefing and resolution of the pending Order to Show Cause for Sanctions against Plaintiff Luis Antonio Ortiz Ochoa ("Plaintiff"), and Plaintiff's former counsel, Michael Faillace & Associates, P.C. (the "Faillace Law Firm") [Dckt. No. 40] (the "Order to Show Cause").

      Adding insult to injury, Plaintiff's new attorneys, Troy Law, PLLC, have asked the undersigned to extend the discovery period for three (3) months. This would result in Defendants' needless incurrence of substantial attorneys' fees and costs, in a case that clearly warrants dismissal. The instant application is necessary to stop Plaintiff, who has presumably found new contingency counsel, from ratcheting up the Defendants attorneys' fees and costs any further.

      Under Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 26(c), a district court may stay discovery "for good cause." Fed.R.Civ.P. 26(c). "When a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.*, 2016 WL 2641122, at *1 (S.D.N.Y. 2016) (internal quotations and citation omitted).

      **I.**    **Defendants Have Made A Strong Showing That Plaintiff's Claim is Unmeritorious**

      There is considerable support for Defendants' position that the action should be completely dismissed under Fed.R.Civ.P. 37(b)(2)(a) in light of (i) Plaintiff and the Faillace Law Firm's willful, bad faith filing and prosecution of this action; (ii) the inefficacy of lesser sanctions; (iii) the duration of non-compliance; and (iv) Plaintiff and the Faillace Law Firm's knowledge of the consequences.

As set forth more fully in Defendants' January 14, 2021 letter motion [Dckt. No. 40], Plaintiff has deliberately concealed and misrepresented material facts regarding his employment history, *to wit*: Plaintiff's employment history, and work schedule. It is incontrovertible that: (i) Plaintiff worked at other businesses in a nearly full-time capacity during the same time that Plaintiff allegedly worked for Defendants; and (ii) Plaintiff alleges to have worked for Defendants when Defendants' business was physically closed for renovation. [*See* Dckt. No. 40 at p. 1]. Of critical importance, here are the following incontrovertible points:

1. The underlying Complaint contains knowingly false allegations of an 80.5 hour work-week, from August 2017 until on or about September 10, 2018. [Dckt. No. 1 at ¶¶ 16, 37].

2. Plaintiff, and the Faillace Law Firm, doubled-down on this false narrative in Plaintiff's December 27, 2018 Rule 26(a) Damage Computation, which represented that Plaintiff worked 84 hours per week from August 2017 until on or about September 10, 2018. [Dckt. No. 40-3] (Plaintiff's Damages Computation).

3. Plaintiff, and the Faillace Law Firm, for the third time, falsely certified Plaintiff's employment history with Defendants in response to Defendants' First Set of Interrogatories.

4. Plaintiff, and the Faillace Law Firm, for the fourth time, falsely certified Plaintiff's employment history with Defendants in response to Defendants' Second Set of Interrogatories.

5. Plaintiff, and the Faillace Law Firm, for the fifth time, falsely certified Plaintiff's employment history with Defendants in their amended responses to Defendants' Second Set of Interrogatories.

6. Plaintiff's false representations are contradicted by Plaintiff's admissions in at least one (1) other lawsuit filed by the Faillace Law Firm, captioned *Ortiz Ochoa et al v. Red Hook Gourmet Deli et al*, [Case No.: 17-cv-7095-RRM-RLM] (the "Red Hook Action"). [*See* Dckt. No. 40 at pp. 4-5].

7. Defendants' subject premises was undergoing extensive construction, and was closed to the public, from December 20, 2017 through August 1, 2018. [*See* Ex. B, notice of business closure and construction]. Thus, Plaintiff's averment of work for Defendants during this period is categorically false. [*See* Dckt. No. 40 at p. 5].

8. Appended to the Complaint is a signed acknowledgement from Plaintiff, in English and Spanish, attesting that he reviewed the Complaint. [*See* Dckt. No. 1 at p. 19].

Plaintiff and the Faillace Law Firm's repeated material misrepresentations were not "substantially justified", nor are they isolated occurrences. As set forth more fully below, the Faillace Law Firm has a documented history of egregious litigation misconduct.

*See Tarax Tarax et al v. Blossom West Inc. et al* [Case No. 19-cv-06228-AJN] at Dckt. No. 55 ("*Compare* complaint in *Tarax v. El Paso* ¶ 21 (alleging that 'Plaintiff [Efrain] Tarax was employed by Defendants at El Paso Taqueria, El Paso Deli Restaurant and Nocciola Pizzeria e Trattoria from approximately August 2016 until on or about September 7, 2017") with the Complaint here ¶ 46 (alleging that 'Plaintiff [Efrain] Tarax was employed by Defendants from approximately February 2016 until on or about April 2017'); *compare* complaint in *Gutierrez v. 300 West* ¶ 25 (alleging that 'Plaintiff [Santos] Tarax has been employed by Defendants at Brasserie Athenee from approximately August 2016 until the present date [May 11, 2018]') with the Complaint here ¶ 27 (alleging that "Plaintiff [Santos] Tarax was employed by Defendants at Blossom on Columbus from approximately April 1, 2018 until on or about June 16, 2019')); *Garcia Espindola et al v. Pizza Stop Corp. et al,* 2019 WL 6729150, at *3 (S.D.N.Y. 2019) (sanctioning Faillace Law Firm for filing contradictory FLSA complaints, and failing to investigate contradicting factual contentions to ensure they have evidentiary support); *Vazquez et al v. CookUnity, LLC et al* [Case No. 18-cv-09301] at Dckt. No. 54 (the Faillace Law Firm concedes that there were no valid minimum wage or overtime claims in FLSA action); *Sapon v. Uncle Paul's Pizza & Café, Inc. (D/B/A Uncle Paul's Pizza), et al.* [Case No. 18-cv-4026] at Dckt. No. 71 (order plaintiff & the Faillace Law Firm to show cause why sanctions should not be imposed); *Marcelino v. 374 Food, Inc.*, 2018 WL 1517205 (S.D.N.Y. 2018). (Michael Faillace & Associates, P.C. was forced to withdraw as counsel after their "[p]laintiff ha[d] vastly overstated the period of his employment…to the point of perjuring himself in his testimony to the Court.") ("Given Plaintiff's extensive perjury…the Court ORDERS that Plaintiff's award of judgment is hereby forfeited"); *Gonzalez v. 27 W.H. Bake, LLC*, 2017 WL 945935 (S.D.N.Y. 2017) ("Viewing the swift and near total disintegration of [plaintiffs'] relevant factual allegations in the most generous light possible, it would appear that counsel did nothing more than take [plaintiffs] at their word (with little or no questioning) before racing off to the courthouse to commence this litigation. The Court is not convinced that this qualifies as a reasonable inquiry under the circumstances") *Nunez v. Bistro NY Dev. Inc.*, 2013 WL 5495550 (S.D.N.Y. 2013) ("Plaintiffs' counsel in this FLSA action, Michael Faillace & Associates, P.C. [] brought suit in the name of a party it did not represent, attempted to negotiate a settlement based upon that representation, and has provided inconsistent descriptions of how these events came to pass.")

To date, neither Plaintiff, nor the Faillace Law Firm have attempted to make a good-faith argument opposing sanctions. In response to Defendants' January 14, 2021 letter motion [Dckt. No. 40], the Faillace Law Firm filed a one (1) page, four (4) paragraph letter informing the Court of their intention to withdraw from the action. [*See* Dckt. No. 42]. Their silence speaks volumes. *See Kuldeep Singh et al v. Mandeep Kaur et al* [Case No.: 1:19-cv-06927] (November 19, 2020 Order) ("**If a lawyer discovers that his client has given him inaccurate material information that has become part of the record of the case, the lawyer cannot simply head for the hills**. He has a duty to advise his client to correct the misinformation. If the correction is fatal to the plaintiff's case, then the lawyer has the duty to urge the client to move to voluntarily dismiss the case.") (emphasis added).

It is therefore highly likely that the pending Order to Show Cause will be granted.

3

### II. Absent a Stay, Defendants Face Tremendous Hardship

Under these circumstances, Defendants' should not be forced to incur the costs of paper discovery or depositions. At this point, requiring Defendants to participate in discovery before the Order to Show Cause is decided will simply complicate what is a straight-forward issue. Defendants – who have limited resources [*see* Dckt. No. 40 at p. 4] – can simply not afford to bear the substantial costs and expenses of discovery, on top of having been forced to defend a patently meritless action for over two (2) years.

Thus, the burden as to Defendants overwhelming favors a stay.

### III. A Stay Will Not Prejudice Plaintiff

Lastly, granting a stay would not prejudice, or pose a risk to, Plaintiff. While this case bears an index number dating to October 2018, the Court entered a civil case discovery plan and scheduling order on April 16, 2020. [Dckt. No. 29]. Plaintiff did not meaningfully prosecute the instant case for nearly one-year after the action was assigned to mediation. [*See* Dckt. No. 40 at p. 3].

As set forth in Defendants' January 14, 2021 letter motion [Dckt. No. 40], paper discovery in this case progressed at Defendants' behest – through multiple deficiency letters threatening Court intervention. [*Id.* at p. 4]. Thus, a stay of discovery poses no risk to Plaintiff.

### IV. Conclusion

In light of the foregoing, Defendants respectfully request that the Court stay all discovery, *sine die*, pending briefing and resolution of the pending Order to Show Cause.

Respectfully Submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi
420 Lexington Ave., Suite 2525
New York, NY 10170
Tel.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Defendants*

To: All Counsel of Record (via ECF)