# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

February 17, 2021

**Via ECF**
Hon. Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    1) Opposition to Leave to File Motion for Sanctions on Plaintiff;
                2) Opposition to Motion for Stay of Discovery Pending Briefing of Motion for Sanctions; &
                3) Request for Extension of Time to Complete Discovery
              *Ortiz Ochoa v. Prince Deli Grocery Corp.*, No. 18-cv-09417 (ER), (S.D.N.Y.)

Your Honor,

      This office represents the Plaintiff in the above-referenced matter. We write respectfully to oppose the portions of Defendants' letter motion of January 14, 2021 (*see* Dkt. No. 40) that seek an order for Plaintiff to show cause why he should not be sanctioned under Rules and 37(b) and (c) of the Federal Rules of Civil Procedure or under the Court's inherent power to sanction. Defendants have failed to show that Plaintiff's statements made in this case, as opposed to statements made in a prior case, are false. Plaintiff's misstatements of fact in the prior case have been corrected. And Defendants themselves, in their zeal, have made materially false representations to this Court.

      Defendants also seek sanctions under Rule 11 of the Federal Rules of Civil Procedure, or under Section 1927 of Title 28 of the United States Code. *See* Dkt. No. 40. However, Plaintiff may not be sanctioned under the aforesaid rule and statute, all of which solely govern the conduct of attorneys or *pro se* parties. *See* Fed. R. Civ. P. 11(c)(5)(a); 28 U.S.C. § 1927. Presumably these sanctions are sought against Plaintiff's outgoing counsel. Defendants also seek sanctions under Rule 26(g), apparently against Plaintiff's outgoing counsel. *See* Dkt. No. 40, at *6–7.

      While Plaintiff's outgoing counsel can ably defend himself, briefly, we believe that for the same reasons stated above and explained more fully below, they also should not be subject to sanctions under Rule 37 or Rule 26. Further, as can be seen from the account of the procedural history of this case, outgoing counsel in no way "multiplied the proceedings" in this case; it was in fact Defendants who delayed until January 14, 2021 to produce discovery responses. 28 U.S.C. § 1927. Nor should Plaintiff's outgoing counsel be subject to sanctions under Rule 11, because Defendants have failed to fulfill the procedural prerequisites to seek such sanctions. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion… must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."); *c.f.* Dkt. No. 40 (Defendants seek Rule 11 sanctions along with sanctions under Rules 26

Case 1:18-cv-09417-ER   Document 52   Filed 02/17/21   Page 2 of 9

Hon. Edgardo Ramos, U.S.D.J.
February 17, 2021
*Ortiz Ochoa v. Prince Deli Grocery Corp.*, No. 18-cv-09417 (ER), (S.D.N.Y.)
Page 2 of 9

and 37 and Section 1927, and nowhere certify that they served outgoing counsel a safe-harbor letter.).

Defendants have not sought sanctions against the undersigned, his boss who is also attorney of record for Plaintiff, or his firm. *See* Dkt. Nos. 40, 48, 51.

Additionally, we write to oppose the portions of Defendants' letter motions of February 11, 2021 (*see* Dkt. No. 48) and February 15, 2021 (*see* Dkt. No. 51) requesting a *sine die* stay of discovery pending briefing of Defendants' sanctions motion against Plaintiff and outgoing counsel. For the reasons stated above, briefing of that motion should not go forward. Even if it does, discovery should proceed concurrently and should not be stayed.

Finally, we respectfully request an extension of the discovery deadline by 90 days (through June 2, 2021) to permit us, as incoming counsel, to conduct discovery on behalf of the Plaintiff.

**Relevant Procedural History**

I.     **Of *Ortiz v. Red Hook Deli and Grocery 2015 Corp.***

Plaintiff, under the name "Luis Antonio Ortiz," by and through his attorney Michael Faillace of Michael Faillace & Associates, P.C. ("Faillace & Assocs."), commenced the action styled *Ortiz v. Red Hook Deli and Grocery 2015 Corp.*, No. 17-cv-07095 (RRM) (RLM), (S.D.N.Y.) ("*Red Hook*") on December 6, 2017 by filing a complaint. *See* Ex. 1 (*Red Hook* docket sheet); Ex. 2 (*Red Hook* complaint). The *Red Hook* complaint contained a statement in English and Spanish that Plaintiff consented to become a party plaintiff, as required by the Fair Labor Standards Act. *See* Ex. 2, at *19 (certifying in English and Spanish that "I hereby consent to join this lawsuit as a party plaintiff."); *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.") Plaintiff's consent statement did not, as Defendants **falsely** claim, contain a verification that Plaintiff reviewed the complaint. *See* Dkt. No. 48, at *2 ("Appended to the Complaint is a signed acknowledgement from Plaintiff, in English and Spanish, attesting that he reviewed the Complaint.").

On December 7, 2017, Mr. Faillace filed an amended complaint to add certain factual allegations. *See* Ex. 3 (*Red Hook* amended complaint, e.g., ¶ 4[1]). The amended complaint contained no verification by Plaintiff of any kind.

Defendants in *Red Hook* did not appear, and between April 8, 2018 and May 15, 2019, Plaintiff sought default judgment against them. *See* Ex. 1. On September 26, 2019, the Court in *Red Hook* dismissed Plaintiff's claims against three defendants, as well as his claim for spread-of-time damages. *See id.* On September 30, 2019, default judgment of $47,839.30 was entered in *Red*

---

[1] When your undersigned downloaded Exhibit 3 from the Bloomberg Law database, it did not contain a header with its docket number. *But see* Ex. 1.

*Hook* on Plaintiff's remaining claims against the remaining defendants. *See* Ex. 4 (default judgment).

On January 22, 2021, Mr. Faillace filed a letter to the Court in *Red Hook* informing the Court that Plaintiff's "dates of employment as now provided to my firm are April 2016 until on or about June 6, 2017." Ex. 5 (Faillace letter). Correcting the inaccuracy "would reduce the default judgment [from $47,839.30] to $38,180.31," even extending interest up to January 22, 2021. *Id.* On February 2, 2021, Plaintiff filed a proposed amended judgment reducing his recovery to $38,180.31. *See* Ex. 6 (proposed amended judgment). The Court in *Red Hook* has not yet taken any action with respect to the proposed amended judgment. *See* Ex. 1.

## II. Of This Case

Plaintiff commenced this case on October 15, 2018, by filing the Complaint. *See* Dkt. No. 1. However, Defendants did not appear until January 17, 2019. *See* Dkt. Nos. 14, 15. The parties were scheduled to conduct mediation on April 29, 2019, but the mediation session was not held. Defendants did not file their Answer until July 1, 2019. *See* Dkt. No. 21. The Court did not schedule an initial conference thereafter until after Plaintiff requested one on March 3, 2020. *See* Dkt. Nos. 24, 25. A discovery plan was finally entered on April 16, 2020. *See* Dkt. No. 29. Document demands and interrogatories were to be served by May 7, 2020. *See id.*

Plaintiff served disclosures required by Rule 26(a)(1) on July 27, 2020. *See* Dkt. No. 40.[2] However, **at no point** did Defendants make any of the disclosures required by Rule 26(a)(1) (*e.g.*, identification of witnesses, documents, and applicable insurance agreements).

On the same day their Answer was filed, months before the initial conference, Defendants had served document demands and interrogatories on Plaintiff. *See* Exs. 7 (Defendants' interrogatories 1), 8 (Defendants' document demands 1). Your undersigned does not have any response to these interrogatories and document demands in his file. However, on June 16, 2020, after the initial conference and entry of the discovery plan (and after the May 7, 2020 deadline contemplated therein), Defendants served new document demands and interrogatories. *See* Exs. 9 (Defendants' interrogatories 2), 10 (Defendants' document demands 2). Taken together, Defendants served twenty-eight interrogatories, more than the twenty-five permitted by Rule 33. *See* Fed. R. Civ. P. 33(a)(1). Defendant made no effort to compel response to its July 1, 2019 interrogatories.

Plaintiff responded to the June 16, 2020 document demands and interrogatories on July 31, 2020. *See* Ex. 11 (Plaintiff's interrogatory response 1); *see also* Ex. 13 (Plaintiff's document response).[3] Plaintiff served amended document and interrogatory responses on August 4, 2020.

---

[2] Your undersigned does not have a copy of Plaintiff's Rule 26 disclosures in his file and is relying on Defense counsel's representation.

[3] Your undersigned does not have a copy of an earlier document response by Plaintiff in his file, however, Ex. 13 is captioned "Plaintiff's *Amended* Responses & Objections to Defendants' First Request for the Production of Documents"), and so reasons that the un-amended document response was served earlier than the amended document response—and at the same time as the interrogatory response.

*See* Exs. 12 (Plaintiff's interrogatory response 2), 13. Plaintiff's initial interrogatory responses were not signed by Plaintiff, but his amended interrogatory responses were. *See* Fed. R. Civ. P. 33(b)(5); *c.f.* Exs. 11, 12. Plaintiff was only in possession of one document responsive to Defendants' document demands, namely a photo ID produced in response to demand 14. *See* Ex. 13, at *5. A wage-and-hour plaintiff not being in possession of documents is entirely usual. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("Employees seldom keep such records [of wages, hours, and other conditions and practices of employment] themselves.").

Meanwhile, Plaintiff had served document demands and interrogatories on Defendants on June 22, 2020. *See* Ex. 14 (Plaintiff's document demands and interrogatories). Defendants would not respond until January 14, 2021, about six months later. *See* Exs. 15 (Defendant's document responses), 16 (Defendant's interrogatory responses). When they did so, their production consisted of: the documents filed as Defendants' Exhibit B; an ST-100 New York State and Local Quarterly Sales and Use Tax Return for December 1, 2017 through February 28, 2018; Plaintiff's consent to join this lawsuit, Complaint in *Red Hook*, and Complaints in two other lawsuits—and did not contain any documents showing Plaintiff's days worked per week, hours worked per day or per week, or wages paid.

On July 10, 2020, Defendants, with the consent of Plaintiff, requested an extension of time to complete non-expert depositions from July 10, 2020 to the fact discovery deadline of August 31, 2020. *See* Dkt. No. 30. The primary reason given was that "the COVID-19 pandemic has impacted the parties' ability to conduct in-person depositions," with Plaintiff's delay in responding to Defendants' document demands a secondary concern. *Id.*; *c.f.* Dkt. No. 40, at *2 (highlighting Plaintiff's non-response).

On August 19, 2020, the parties jointly (and not the Defendants alone, as they suggest, *c.f.* Dkt. Nos. 32, at *1 ("This is the second request of its nature, and is made jointly with Plaintiff."), 40, at *2 ("the undersigned requested a second extension of time to complete fact discovery")) requested an extension of time to complete discovery and depositions through October 19, 2020. *See* Dkt. No. 32. The request was made 1) to allow time for Defendants to review Plaintiff's responses to interrogatories and document demands; 2) to allow Defendants additional time to respond to Plaintiff's interrogatories and document demands (Defendants **falsely** claimed that these were served on July 10, 2020, when they were served June 22, 2020, *see* Ex. 14); and 3) to allow Defense counsel time to observe the Jewish High Holy Days. *See* Dkt. No. 32.

On October 19, 2020, the parties for the third time jointly requested an extension of the discovery deadline to December 3, 2020 (the request seeks a 45-day extension from October 19, 2020), because Defendants still had not responded to Plaintiff's document demands and interrogatories. *See* Dkt. No. 34 (*n.b.*, Plaintiff repeated Defendants' error regarding the service date of Plaintiff's discovery from Dkt. No. 32).

On December 1, 2020, Defendants requested a fourth extension of the discovery deadline, to January 18, 2021 (stated as "January 18, 2020," but presumably this is a typographical error). *See* Dkt. No. 36. Defendants had, as of December 1, 2020, not provided their counsel with documents responsive to Plaintiff's demands. *See id.* ("The basis of the request is that the

Hon. Edgardo Ramos, U.S.D.J.
February 17, 2021
*Ortiz Ochoa v. Prince Deli Grocery Corp.*, No. 18-cv-09417 (ER), (S.D.N.Y.)
Page 5 of 9

undersigned law firm has had difficulty obtaining document and discovery productions from Defendant's principal, in light of complications caused by the COVID-19 pandemic. Specifically, Defendants' principal has difficulty providing responsive documents via email, and requires in-person methods of delivering information to the undersigned law firm. The undersigned law firm, until recently, had limited availability to coordinate in-person meetings, and was experiencing mailing issues with USPS deliveries."). Plaintiff consented to the proposed extension on or about December 2, 2020. *See* Dkt. No. 37.

On December 10, 2020, Defendants requested a fifth extension of the discovery deadline to March 4, 2001 due to a medical emergency, where it remains to this day. *See* Dkt. No. 39. Defendants reiterated their request to extend the discovery deadline to March 4, 2021 on January 14, 2021, this time (and for the very first time!) giving the reason that they needed to conduct additional discovery regarding discrepancies between 1) Plaintiff's account of his employment period in *Red Hook* and his employment period in this case and 2) Plaintiff's and Defendants' differing accounts of Plaintiff's work during the period December 20, 2017 through August 1, 2018. The Court will recall that Defendants responded to Plaintiff's document demands and interrogatories only on January 14, 2021, the same day they filed Dkt. No. 40. *See* Exs. 15, 16.

Each of the foregoing requests for extension of time was granted in turn. *See* Dkt. Nos. 31, 33, 35, 38, 41.

Your undersigned, and his boss, appeared in this matter on February 5, 2021, and Faillace & Assocs. proposed that we substitute for it. *See* Dkt. Nos. 44–47. So far, we have worked diligently to familiarize ourselves with the history of this case (and pre-history of Plaintiff!), but have not yet had the chance to serve Defendants with a discovery deficiency letter or to depose Defendants. Similarly, Defendants have not yet deposed Plaintiff.

Defense counsel reached out to us for the first time by email on February 9, 2021, at 09:47 hours. *See* Ex. 17 (email). We requested Defense counsel's consent to a three-month extension of time to complete discovery by email that same day at 13:27 hours. *See* Ex. 18 (email chain 1). Defense counsel asked for a phone call at 13:28 hours, and we proposed a draft discovery extension request on consent at 15:51 hours. *See id.* At 16:58 hours on February 9, 2021 and 15:49 hours on February 10, 2021, Defense counsel requested our availability to meet and confer. *See id.* When asked about the anticipated subject matter of the requested meet-and-confer (at 16:34 hours), Defense counsel replied "[a]bout your request for a three month extension and a stay of discovery," at 16:36. *See id.* We had not requested a stay of discovery, and told Defense counsel as much, but at 17:00 hours set up a meet and confer regarding our discovery extension request on February 11, 2021 at 11:00. *See id.* During the meet-and-confer, Defense counsel verbally agreed to our proposed extension, but later retracted that agreement by email. *See* Ex. 19 (email chain 2). Instead, Defense counsel filed a motion to stay discovery. *See* Dkt. No. 48.

5

### The Factual Record Before this Court

#### I.     Regarding Plaintiff's Term of Employment

Plaintiff represented in his interrogatories, and outgoing counsel had earlier represented in Plaintiff's computation of damages, that he worked from 06:00 hours to between 17:20 and 17:30 hours, seven days per week, without any gap, from about August 2017 through September 10, 2018. *See* Def. Ex. C; Ex. 12 ¶¶ 2–9. Plaintiff also identified the location where he performed the "majority" of his work as 1461 Fifth Avenue, New York, NY 10035. *Id.* ¶ 10.

In Plaintiff's complaint (not even his operative, amended, complaint) in *Red Hook* he pleaded that he worked from about August 22, 2016 through about October 25, 2017—from 12:00 hours through 24:00 hours, seven days per week in August 2017, and from 15:00 hours through 24:00 hours, seven days per week, thereafter until about October 24, 2017. *See* Ex. 1. Defendants purport to rely on Plaintiff's complaint in *Red Hook* as "incontrovertible" fact, and to show that, where his time pleaded in *Red Hook* and his time pleaded in this case overlap, he must be lying in this case. *See* Dkt. No. 40.

However, Plaintiff has represented in *Red Hook* that his term of employment was misstated in his complaint. *See* Ex. 5 (correct term of employment from about April 2016 through about June 6, 2017, which **does not** overlap with his pleaded employment in this case). He did so on January 22, 2021, a bare eight days after Defendants' document production and motion for discovery extension on January 14, 2021. *C.f.* Fed. R. Civ. P. 11 (21 days to correct misstatements of fact). He has done so to his pecuniary disadvantage—if the Court in *Red Hook* enters his proposed amended default judgment, he will be entitled to collect about $10,000.00 less than under the existing judgment. *C.f.* Exs. 4, 6.

Whether Plaintiff's term of employment in *Red Hook* actually overlapped with his term of employment with Defendants in this case is therefore highly "controverted."

#### II.     Regarding the Interruption of Defendants' Business

Defendants represent, on the basis of unsworn, unauthenticated statements by a contractor and the building manager of 1461 Fifth Avenue, New York, NY 10035, that their business was closed from December 20, 2017 through August 1, 2018. *See* Def. Ex. B, at *1, 2. The contractor and building manager were not identified in Defendants' Rule 26(a)(1)(A) disclosures as persons with knowledge regarding this case, because no such disclosures were made. Plaintiff and outgoing counsel first learned of them on January 14, 2021 (needless to say, your undersigned only learned of them even more recently). Conveniently, the statements of the contractor and building manager line up neatly with the period the contractor was permitted to perform work at the premises. *See id.*, at *3.

Unfortunately for Defendants, the statements they present and upon which they rely do not align with the truth. The work was completed by March 21, 2018, when the project passed a final

inspection report. *See* Ex. 20 (Department of Buildings records), at *7. A letter of completion was filed with the Department of Buildings on April 6, 2018. *See id.* at *1.

The remainder of the record before the Court is sketchy and incomplete. It is not clear from the record whether Prince Deli ever fully closed to customers during the work. While several of Defendants' photographs appear to show Prince Deli's premises gutted and heaped with rubbish, there is nothing in the record to tie any of these Defendants' photographs to a particular span of days. *See* Def. Ex. B, at *6, 8–9. The remainder of Defendants' photographs seem to show Prince Deli partially stocked and able to serve customers. *See id.*, at *7, 10–12. Nor is it clear from the record that Plaintiff did not perform work for Defendants elsewhere. Plaintiff in his interrogatories identified 1461 Fifth Avenue, New York, NY 10035 as the location where he performed the "majority" of his work as. Ex. 12 ¶ 10.

On this record, therefore, it is impossible for the Court to determine that any of Plaintiff's statements were necessarily false, but trivial for the Court to determine that Defendants have submitted false statements to it—perhaps willfully and certainly negligently. After all, Defense counsel is just as capable of performing a search in the publicly-available New York City Department of Buildings Business Information System as we are, and was moreover in possession of documents that should have prompted him to do so. *See* Def. Ex. B, at *4–5.

### Argument

**I. Defendants Should Not Be Permitted to Seek Sanctions Under Rule 37(b) Because Plaintiff Has Not Failed to Comply with Any Court Order**

Rule 37(b) governs the imposition of sanctions against a party for failure to obey a court order to (1) present himself for examination, (2)(A) provide or permit discovery, or (2)(B) present another person for examination. No such discovery order has issued. A discovery plan issued, but 1) did not govern discovery prior to its issue, and so cannot be said to subject Plaintiff to an order regarding the demands made on July 1, 2019, and 2) did not impose on Plaintiff any obligations to answer demands that did not already exist under Rules 33 and 34. And Plaintiff answered the document demands and interrogatories served on June 16, 2020, first on July 31, 2021 and then with amended responses on August 4, 2021. Accordingly, Plaintiff cannot be sanctioned under Rule 37(b).

**II. Defendants Should Not Be Permitted to Seek Sanctions Under Rule 37(c) for Failure to Respond to Defendants' Document Demands and Interrogatories Served July 1, 2019 Because their Request Is Untimely**

"'While Rule 37 does not establish any time limits within which a motion for sanctions must be filed, unreasonable delay may render such motions untimely.'" *Ferrari Club of Am. v. Bourdage*, No. 12-cv-06530 (EAW), 2017 WL 6419053, at *2 (W.D.N.Y. Apr. 20, 2017) (quoting *Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 886 (S.D.N.Y. 1999); *see also Mercy v. County of Suffolk*, 748 F.2d 52, 55 (2d Cir. 1984) ("[A] motion for Rule 37 sanctions should be promptly made, thereby allowing the judge to rule on the matter when it is still fresh in his mind.

Hon. Edgardo Ramos, U.S.D.J.
February 17, 2021
*Ortiz Ochoa v. Prince Deli Grocery Corp.*, No. 18-cv-09417 (ER), (S.D.N.Y.)
Page 8 of 9

Defendants served Plaintiff with two sets of document demands and interrogatories: on July 1, 2019 and on June 16, 2020. Between July 1, 2019 and January 14, 2021, Defendants took no action whatsoever to either compel a response to the July 1, 2019 interrogatories and document demands or to seek sanctions for failure to respond. On January 14, 2021, Defendants jumped straight into asking for sanctions.

Here, as in *Gutman v. Klein*, "Defendants repeatedly failed to take advantage" of chances to make a formal motion "within a reasonable period of time." *Gutman v. Klein*, 03-cv-01570 (BMC) (RML), 2010 WL 49755554, at *3 (E.D.N.Y. Aug. 19, 2010). In *Gutman*, Defendants waited "more than four years after the events in question, and nearly two years after the court last invited a motion." *Id.* Here, Defendants waited about one and one-half years after not receiving Plaintiff's responses to their initial discovery demands before making this motion, and in the meantime, served other discovery demands and despite numerous discovery-related applications to the Court never once sought to compel a response. They should not be permitted to do so now.

### III. Defendants Should Not Be Permitted to Seek Sanctions Under Rule 37(c) or the Court's Inherent Power for Making False Statements, Because Defendants Cannot Show Plaintiff's Statements Made to This Court, in This Case, to be False

Both of Defendants' grounds for alleging that Plaintiff's statements to this Court must necessarily be false crumble under the weight of the evidence. Defendants take Plaintiff's statements of his employment period and schedule in *Red Hook* as incontrovertible, when Plaintiff has himself controverted them to his own pecuniary detriment. As for Defendants' evidence that Plaintiff had to have not worked for them throughout the period December 20, 2017 through August 1, 2018, it is either unauthenticated (the written statements), impossible to tell anything about the period in question from it (the photographs, which are undated), or straightforwardly contradicted by publicly available, self-authenticating government documents (the written statements again, and the construction permit—which only provides an outer bound of when work could have been performed, while other documents show when the work was actually completed).

Plaintiff has, to be sure, admitted to giving the Court in *Red Hook* incorrect information. And this will no doubt damage his testimony's credibility before this Court in this case. However, this Court has no power to sanction Plaintiff for making false statements in another case, especially when that case is still active before Judge Mauskopf. Nor do Defendants have any standing to seek sanctions before Judge Mauskopf in *Red Hook*.

### II. Discovery Should Not Be Stayed

Defendants fail to point to any authority providing for the stay of discovery during the pendency of a sanctions motion. The rule quoted in *Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.* pertains "[w]hen a motion to dismiss is pending," not when any old motion is pending. *Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.*, No. 15-cv-06267 (GHW), 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016). Defendants have not sought to move to dismiss under Rule 12(b) (which would be untimely) or for judgment on the pleadings under Rule 12(c) (in which the Court could not take into account Defendants' extraneous

Hon. Edgardo Ramos, U.S.D.J.
February 17, 2021
*Ortiz Ochoa v. Prince Deli Grocery Corp.*, No. 18-cv-09417 (ER), (S.D.N.Y.)
Page 9 of 9

evidence). One of the sanctions available—the most severe sanction available—under Rule 37 is dismissal, but Defendants have failed to show that they could be entitled to such a sanction and likewise fail to establish an entitlement to a stay under the *Atl. Recording* standard.

For the reasons stated above, Defendants have failed to make a showing that Plaintiff's claim in this case is not meritorious. They could hardly make a "strong" showing on such an insubstantial record. Absent a stay, Defendants will not suffer any hardship, they will merely be required to fulfill their discovery obligations, which they shirked utterly between June 22, 2020 and January 14, 2021, during which time they provided neither responses to interrogatories nor documents, but only provided excuses for non-production of the same, and have shirked substantially since then by providing none of the records employers are required to keep that would show Plaintiff's time worked and wages paid. This dereliction of duty to the Court on Defendants' part has already substantially prejudiced Plaintiff, who, unlike Defendants, has diligently prosecuted this case ever since the Court promulgated its discovery plan. Plaintiff can hardly be faulted for needing Defendants' documents (particularly employment records pertaining to the Plaintiff) to take Defendants' depositions.

### III.     Discovery Should Be Extended

We agree with the legal arguments Defendants made in favor of extending the discovery deadline. *See* Dkt. No. 40, at *5–6, 7. However, the current discovery deadline of March 4, 2021 does not provide adequate time for us as incoming counsel to seek production of documents in Defendants' possession showing Plaintiff's time worked and wages paid, complete the depositions of Defendants, or to move for conditional collective certification, or to take discovery with respect to any opt-ins. Accordingly, we respectfully request a 90-day discovery extension. *See Moroughan v. County of Suffolk*, 320 F. Supp. 3d 511, 519 (E.D.N.Y. 2018) ("New counsel immediately request[ing] an extension of the discovery deadline" was good cause for extension); *Athineos v. Andromeda Investments Co., Ltd.*, No. 13-cv-05076 (CM), 2015 WL 2383311, at *1 (S.D.N.Y. May 14, 2015) (new counsel who specified the discovery sought permitted a two-month discovery extension from December 31, 2014 to February 28, 2015).

We thank the Court for its attention to and consideration of this matter.

Respectfully submitted,
TROY LAW, PLLC

 /s/ Aaron B. Schweitzer
Aaron B. Schweitzer
*Attorney for Plaintiffs*

cc: via ECF
    all counsel of record