**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

LUIS ANTONIO ORTIZ OCHOA, *individually*
*and on behalf of others similarly situated*

                                      *Plaintiff*,

                -against-

PRINCE DELI GROCERY CORP. (D/B/A PRINCE
DELI GROCERY) and ABDO S. ANAM (A.K.A.
ABDO SALEH),

                                    *Defendants*.
-------------------------------------------------------------X

Case No.: 1:18-cv-09417

Hon. Judge Edgardo Ramos

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR: (I) ATTORNEYS' FEES, COSTS, AND SANCTIONS**
**PURSUANT TO 28 U.S.C. § 1746, FED.R.CIV.P. 26(g)(3), 37(c)(1), 28 U.S.C. § 1927 AND**
**THE COURT'S INHERENT AUTHORITY; AND (II) TO DISMISS PLAINTIFF'S**
**COMPLAINT PURSUANT TO FED.R.CIV.P. 37(b)(2)(A),**
**28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY**

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
420 Lexington Avenue, Suite 2525
New York, NY 10170
*Attorneys for Defendants*

Dated: New York, New York
       March 12, 2021

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................... iii

**PRELIMINARY STATEMENT** ............................................................................ 1

**RELEVANT BACKGROUND** ............................................................................... 3

    I.   Procedural History of the Instant Federal Action ............................................. 3

        A.  Plaintiff's Complaint and His Fed.R.Civ.P Rule 26(a) Damages Computation .......... 3

        B.  Defendants' Answer with Affirmative Defenses ........................................ 4

        C.  Defendants' First Set of Discovery Requests ........................................... 4

        D.  Defendants' Second Set of Discovery Requests ...................................... 5

        E.  Plaintiff Commits Perjury in Falsely Responding to Defendants' Interrogatories ....... 6

        F.  Plaintiff's Former Counsel Advises the Court of its Intention to Withdraw ............. 6

    II.  Plaintiff's Four FLSA/NYLL Actions Filed in the Southern and Eastern District............ 7

        A.  The Red Hook Deli Action ................................................................ 9

        B.  Plaintiff's Verified Declarations in the Red Hook Deli Action Evidence Perjury in this Action................................................................................ 10

        C.  Plaintiff's Misguided and Procedurally Infirm Attempt to Avoid Liability for Committing Perjury ...................................................................... 12

**LEGAL STANDARDS** ......................................................................................... 13

    I.   Sanctions Under 28 U.S.C. § 1746 ............................................................. 13

    II.  Sanctions Under Fed.R.Civ.P. 26(g)(3) ...................................................... 14

    III.  Sanctions Under Fed.R.Civ.P. 37(c)(1) ...................................................... 16

    IV.  Sanctions Under Fed.R.Civ.P. 37(b)(2)(A) ................................................. 16

    V.  Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority ................... 17

**ARGUMENT** ................................................................................................ **17**

I.   Sanctions are Warranted Under 28 U.S.C. § 1746 ........................................ 17

    A.  Plaintiff Committed Perjury in his Verified Responses to Defendants' First Rogs. .. 18

    B.  Plaintiff Committed Perjury in his Verified Responses to Defendants' Second Rogs. ................................................................................................................ 18

    C.  Plaintiff's Sworn Declarations in the Red Hook Deli Action Evidence His Perjury in the Instant Action ........................................................................................ 19

II.  Defendants are Entitled to Sanctions Under Fed.R.Civ.P. 26(g)(3) ................ 21

    A.  Plaintiff's Failure to Truthfully Respond to Defendants' Interrogatories was not "Substantially Justified" ........................................................................ 21

III. Defendants are Entitled to Sanctions Under Fed.R.Civ.P. 37(c)(1) ................ 22

    A.  Plaintiff's Culpability ........................................................................... 23

    B.  The Withheld Evidence is Highly Relevant and Material ......................... 23

IV.  Defendants are Entitled to an Order Dismissing the Federal Court Action Under Fed.R.Civ.P. 37(b)(2)(a) ..................................................................... 24

V.   Defendants are Entitled to Sanctions Against Plaintiff Under the Court's Inherent Authority ...................................................................................... 24

**CONCLUSION** ......................................................................................... **25**

## TABLE OF AUTHORITIES

**Cases**

*Bellinger v. Astrue*,
   2007 WL 2907320 (E.D.N.Y. 2007)...................................................................... 24

*Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.*,
   602 F.2d 1062 (2d Cir. 1979)............................................................................. 22

*Daval Steel Prods. v. M/V Fakredine,*
   951 F.2d 1357 (2d Cir. 1991).......................................................................... 16, 24

*Eisemann v. Greene*,
   204 F.3d 393 (2d Cir. 2000)............................................................................. 17

*Friedman v. SThree PLC.*,
   2017 WL 4082678 (D. Conn. 2017) .................................................................... 23

*Hidalgo v. 3841 Hardware Inc.*,
   2014 WL 5410011 (S.D.N.Y. 2014)........................................................... 14, 17, 24

*In re September 11th Liab. Ins. Coverage Cases*,
   243 F.R.D. 114 (S.D.N.Y. 2007) ....................................................................... 23

*In re World Trade Ctr. Disaster Site Litig.*,
   722 F.3d 483 (2d Cir. 2013)............................................................................. 13

*Jindan Wu v. Seoul Garden, Inc.,*
   2018 WL 507315 (E.D.N.Y. 2018)..................................................................... 16

*Kiobel v. Royal Dutch Petroleum Co.*,
   2009 WL 1810104 (S.D.N.Y. 2009) .................................................................. 15

*Kramer v. Am. Int'l Indus.*,
   2015 WL 6118254 (E.D.N.Y. 2015).................................................................. 24

*Lopez v. Cajmant LLC*,
   2016 WL 7017361 (E.D.N.Y. 2016).................................................................. 17

*Markey v. Lapolla Indus., Inc.*,
   2015 WL 5027522 (E.D.N.Y. 2015).................................................................. 15

*Martinez v. City of New York*,
2018 WL 604019 (E.D.N.Y. 2018)................................................................... 25

*Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees and Rest, Employees Int'l Union*,
212 F.R.D. 178 (S.D.N.Y. 2003) .................................................................... 15

*Monclova v. City of New York*,
726 F. Appx. 83 (2d Cir. 2018)....................................................................... 13

*Monroe v. Geo Grp., Inc.*,
2017 WL 3973942 (S.D.N.Y. 2017)........................................................... 16, 17

*Prendergast v. Hobart Corp.*,
2010 WL 3199699 (E.D.N.Y. 2010)................................................................ 24

*Radecki v. GlaxoSmithKline*,
646 F. Supp. 2d 310 (D. Conn. 2009) ........................................................... 14

*Scottsdale Ins. Co. v. United Indus. & Constr. Corp.*,
2014 WL 12834839 (E.D.N.Y. 2014)............................................................. 22

*Steptoe v. City of Syracuse*,
2011 WL 6012941 (N.D.N.Y. 2011) .............................................................. 13

*U.S. v. Dunnigan*,
507 U.S. 87 (1993)......................................................................................... 14

*Update Art, Inc. v. Modiin Publ'g, Ltd.*,
843 F.2d 67 (2d Cir. 1988)............................................................................. 16

*Zanowic v. Reno*,
2000 WL 1376251 (S.D.N.Y. 2000)............................................................... 13

## **Statutes**

18 U.S.C.§ 1621 ................................................................................................... 14

28 U.S.C. § 1746 ............................................................................................ 13, 14

Fed.R.Civ.P. 26(e)(1)........................................................................................... 16

Fed.R.Civ.P. 26(g)(1)........................................................................................... 14

Fed.R.Civ.P. 26(g)(3)..................................................................................................... 15

Fed.R.Civ.P. 33(b)(3)..................................................................................................... 13

Fed.R.Civ.P. 37(a)(5)(A)(ii),(iii) ................................................................................... 15

Fed.R.Civ.P. 37(b)(2)(A) ............................................................................................... 16

Fed.R.Civ.P. 37(c)(1)................................................................................................ 16, 23

Defendants Prince Deli Grocery Corp. ("Prince Deli") and Abdo S. Anam ("Mr. Anam", and together with Prince Deli, the "Defendants"), by and through the undersigned counsel, Levin-Epstein & Associates, P.C., respectfully submit this Memorandum of Law, and the Declaration of Joshua Levin-Epstein, Esq. (the "Epstein Decl.") and the exhibits annexed thereto, in support of Defendants' motion: (i) for an award of attorneys' fees[1], costs, and sanctions pursuant to: 28 U.S.C. § 1746, Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 26(g)(3), 37(c)(1), 28 U.S.C. § 1927 and the Court's inherent authority, and (ii) to strike the Complaint filed on October 15, 2018 (the "Complaint") of Plaintiff Luis Antonio Ortiz Ochoa (the "Plaintiff") pursuant to Fed.R.Civ.P. 37(b)(2)(A), 28 U.S.C. § 1927 and the Court's inherent authority, and as grounds thereto respectfully state as follows:

## PRELIMINARY STATEMENT

This is a straightforward motion based on Plaintiff's perjurious responses to Defendants' interrogatories.

On August 4, 2020, Plaintiff served verified responses to Defendants' First Rogs. (as defined below) and Defendants' Second Rogs (as defined below). In his verified responses, Plaintiff swore, under penalty of perjury, as follows:

> "I, LUIS ANTONIO ORTIZ OCHOA, verify under penalty of perjury under the laws of the United States of America and New York that the foregoing facts and statements within the responses to the interrogatories directed to me are true and correct to the best of my knowledge."[2]

s

Under penalty of perjury, Plaintiff averred that he worked at Prince Deli for 84-hours, seven (7) days per week, for fifty-eight weeks. This is factually impossible based on Plaintiff's

---

[1] Should the Court find favorably for Defendants, Defendants respectfully request an opportunity to submit billing records for Defendants' attorneys' fees and costs.

[2] *See Epstein Decl.* at ¶ 12 [Ex. J] [Plaintiff's Verified Responses to First Rogs.]; *id.* at ¶ 13 [Ex. K] [Plaintiff's Verified Responses to Second Rogs.]

sworn averments, made under penalty of perjury, in another FLSA/NYLL action, prosecuted in parallel with the instant proceeding, captioned *Ortiz Ochoa et al v. Red Hook Gourmet Deli et al*, E.D.N.Y., Case No.: 17-cv-7095-RRM-RLM (the "Red Hook Deli Action").

Plaintiff is a serial FLSA/NYLL litigant that has filed four (4) separate actions in the Southern and Eastern District Courts of New York. Plaintiff alleges that from January 2012 through March 10, 2020 – *i.e.,* for over eight (8) years – Plaintiff worked upwards of 84-hours, seven (7) days per week, as a grill man/deli worker.[3] While Plaintiff's alleged misfortune of having worked for four successive slavedriver employers is inherently suspect; Plaintiff's perjury in the instant action is indisputable and undeniable. Of ignoble distinction, the complaints in the Red Hook Deli Action and the instant action both allege that Plaintiff worked[4] for two separate employers during **the very same three-month period in 2017**. This is factually impossible.

Further aggravating matters, Plaintiff submitted **two (2) sworn declarations** in the Red Hook Deli Action, under penalty of perjury, that Plaintiff worked 84-hours, seven (7) days per week, at the Red Hook Deli, during the same three-month period in 2017 he allegedly worked at Prince Deli.[5] Plaintiff's perjurious responses to Defendants' interrogatories in this action is, thus, undeniable.

Accordingly, sanctions are warranted under the independent bases of 28 U.S.C. § 1746, Fed.R.Civ.P.26(g)(3), 37(c)(1), 28 U.S.C. § 1927 and the Court's inherent authority, and dismissal of Plaintiff's Complaint is warranted pursuant to Fed.R.Civ.P. 37(b)(2)(A), 28 U.S.C. § 1927 and the Court's inherent authority.

---

[3] *See* § II, *infra*.

[4] *Cf. Epstein Decl.* at ¶ 3 [Ex. A at ¶¶ 16, 32, 37-40] [Complaint] *and id.* at ¶ 5 [Ex. C] [Rule 26(a) Damage Computation] (alleging Plaintiff's 84-hour, seven (7) days per week workweek) *with id.* at ¶ 14 [Ex. L at ¶¶ 34, 38] [Red Hook Deli Complaint] ("Plaintiff Ortiz worked as a deli worker…7 days a week (typically 84-hours per week").

[5] *Id.* [Ex. A at ¶¶ 16, 32, 37-40 [Complaint] (emphasis added); *see also* §§ I,-III, *infra*.

## RELEVANT BACKGROUND

### I.  Procedural History of the Instant Federal Action

### A. Plaintiff's Complaint and His Fed.R.Civ.P Rule 26(a) Damages Computation

On October 16, 2018, Plaintiff commenced the instant action (the "Prince Deli Action")
against Mr. Anam and Prince Deli to recover, *inter alia*, alleged unpaid minimum wages, unpaid
overtime wages, unpaid prevailing wages, unpaid spread-of-hours, and unpaid supplemental
benefits, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the New
York Labor Law §190, *et seq*. ("NYLL").  Plaintiff alleged to have worked at Prince Deli "from
approximately **August 2017 until on or about September 10, 2018**." *Epstein Decl.* at ¶ 3 [Ex. A
at ¶ 16] [Complaint] (emphasis added); *see also id.* [Ex. A at ¶ 32] [Complaint].  The Complaint
further alleged that:

> "From approximately August 2017 until on or about September 10, 2018, Plaintiff
> Ortiz worked from approximately 6:00 a.m. until on or about 5:20 p.m., to 5:30
> p.m., 7 days a week (typically 79.33 to 80.50 hours per week)."

*Id.* [Ex. A at ¶ 37] [Complaint].  In six (6) separate paragraphs in the Complaint, Plaintiff alleged
to have worked at Prince Deli from approximately **August 2017 until on or about September 10,
2018**.  *Id.* [Ex. A at ¶¶ 16, 32, 37-40 [Complaint] (emphasis added).  This is factually impossible,
as set forth below.

Plaintiff further alleged to have worked at Prince Deli "as a grill man."  *Id.* [Ex. A at ¶ 4]
[Complaint]; *see also id.* [Ex. A at ¶¶ 4, 31, 33] [Complaint].  That Plaintiff's Complaint alleged
that he worked as a "grill man" between August 2017 until September 2018 is also factually
impossible, as set forth below. *Id.*

Of critical importance, the Complaint included a signed consent letter from Plaintiff, dated
September 28, 2018 (the "Consent Letter") that provided, in relevant part:

"I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por media de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**"

*Id.* at ¶ 4 [Ex. B] [Consent Letter] (emphasis in original). The English translation of the phrase "[y]o, por medo de este document…", is "I [Luis Antonio Ortiz Ochoa], by means of this document..." *Id.* Thus, Plaintiff had signed an acknowledgment in Spanish to join the lawsuit based on the allegations contained in the Complaint.

In Plaintiff's Rule 26(a) Damage Computation (the "Rule 26(a) Damage Computation"), dated December 27, 2018, Plaintiff further stated that he worked 84-hours, seven (7) days per week, for fifty-eight weeks. *Id.* at ¶ 5 [Ex. C] [Rule 26(a) Damage Computation].[6] This is factually impossible, as set forth below.

As set forth more fully below, the material factual allegations in the Complaint concerning Plaintiff's alleged period of employment with Defendants are demonstrably false, and the Prince Deli Action was filed and prosecuted in bad faith.

**B.  Defendants' Answer with Affirmative Defenses**

On January 17, 2019, Defendants appeared in the Prince Deli Action. [*See* Dckt. Nos. 15-16]. Defendants' Answer with Affirmative Defenses denied the material factual allegations of the Complaint. [Dckt. No. 21]. Thus, Plaintiff had notice that Defendants objected to Plaintiff's material factual allegations contained in the Complaint.

**C.  Defendants' First Set of Discovery Requests**

Before the entry of the Case Management Plan on April 16, 2020 [Dckt. No. 29], Defendants served Plaintiff with Defendants' First Request for the Production of Documents (the

---

[6] Plaintiff's Rule 26(a) Damage Computation was incorrectly designated as a "[p]rivileged [s]ettlement [c]ommunication." *See* Fed.R.Civ.Pro. 26(a)(1)(A)(iii).

"First RFPD") and Defendants' First Set of Interrogatories to Plaintiff (the "First Rogs.").[7] *Epstein Decl.* at ¶ 6 [Ex. D] [First Rogs].

On July 22, 2020, following the entry of the Case Management Plan, Defendants served Plaintiff with a deficiency letter (the "First Deficiency Letter"), noting Plaintiff's failure to respond to Defendants' First and Second Set of Discovery Requests. *Id.* at ¶ 7 [Ex. E] [First Deficiency Letter].

Plaintiff responded to Defendants' First Set of Discovery Requests on July 27, 2020. *Id.* at ¶ 8 [Ex. F] [Plaintiff's Responses to First Rogs.].

### D. Defendants' Second Set of Discovery Requests

On June 16, 2020, Defendants served Plaintiff with: (i) Defendants' Second Request for the Production of Documents (the "Second RFPD"), and (ii) Defendants' Second Set of Interrogatories to Plaintiff ("Second Rogs.").[8] *Epstein Decl.* at ¶ 9 [Ex. G] [Defendants' Second Rogs.] Of critical importance here, Defendants' Second Set of Discovery Requests propounded, *inter alia*: the identity(ies) and location(s) of Plaintiff's employers from 2017-2018. *Id.*

Plaintiff responded to Defendants' Second Set of Discovery Requests on July 27, 2020, *i.e.*, contemporaneously with responding to Defendants' First Set of Discovery Requests. *Id.* at ¶ 10 [Ex. H] [Plaintiff's Responses to Second Rogs.]

Plaintiff's responses to Defendants' Second Rogs. averred that Plaintiff "started work for Defendants in August 2017," *Id.* [Ex. H at p. 4] [Plaintiff's Responses to Second Rogs.], and "stopped working for Defendants on September 10, 2018," *id*. Plaintiff further stated that "he performed work for Defendants during each week between August 2017 and September 10, 2018." *Id.* [Ex. H at p. 5] [Plaintiff's Responses to Second Rogs.]

---

[7] The First Rogs. and the First RFPD are referred to together as, Defendants' "First Set of Discovery Requests."
[8] The Second Rogs. and the Second RFPD are referred to together as, Defendants' "Second Set of Discovery Requests."

Thus, Plaintiff's Responses to Defendants' First Rogs. and Defendants' Second Rogs. verified the factually impossible allegations of an 84-hour, seven (7) days per week workweek, spanning fifty-eight weeks, contained in the Complaint. *Id.* at ¶ 3 [Ex. A at ¶¶ 16, 32, 37-40 [Complaint]. Neither Plaintiff's Responses to Defendants' First Rogs. nor Plaintiff's Responses to Defendants' Second Rogs. were verified by Plaintiff.

### E.  Plaintiff Commits Perjury in Falsely Responding to Defendants' Interrogatories

On July 27, 2020, Defendants served Plaintiff with a deficiency letter (the "Second Deficiency Letter"), noting deficiencies in Plaintiff's responses to Defendants' First Set of Discovery Requests and Second Set of Discovery Requests, including, *inter alia*, Plaintiff's failure to verify the same pursuant to Fed.R.Civ.Pro. 33(b)(5). *Id.* at ¶ 11 [Ex. I] [Second Deficiency Letter].

On August 4, 2020, Plaintiff served verified responses to Defendants' First Rogs. and Defendants' Second Rogs. In his verified responses, Plaintiff swore, **under penalty of perjury**, as follows:

> "I, LUIS ANTONIO ORTIZ OCHOA, verify under penalty of perjury under the laws of the United States of America and New York that the foregoing facts and statements within the responses to the interrogatories directed to me are true and correct to the best of my knowledge."

*See Epstein Decl.* at ¶ 12 [Ex. J] [Plaintiff's Verified Responses to First Rogs.]; *see also id.* at ¶ 13 [Ex. K] [Plaintiff's Verified Responses to Second Rogs.]

As set forth below, Plaintiff committed perjury because the material factual allegations in Plaintiff's verified responses to Defendants' First Rogs. and Defendants' Second Rogs., are materially false.

### F.  Plaintiff's Former Counsel Advises the Court of its Intention to Withdraw

On January 22, 2021, Defendants filed a pre-motion conference letter for an Order to Show

Cause [Dckt. No. 40] (the "Motion for Order to Show Cause") for sanctions against Plaintiff's former counsel Michael Faillace & Associates, P.C. (the "Faillace Firm") and Plaintiff arising out of the materially false information in the Complaint and Plaintiff's verified responses to Defendants' First Rogs. and Defendants' Second Rogs. Following the filing of the Motion for the Order to Show Cause, the Faillace Firm advised the Court of its intention to withdraw based on a "non-waivable conflict of interest". [Dckt. No 42.] By the certain letter filed on January 22, 2021, the Faillace Firm stated that:

> "We respectfully request that the Court set a schedule for this firm to submit to the Court a letter motion to withdraw based upon an in-camera submission. **The response of my firm to the Order to Show Cause will create what we believe to be a non-waivable conflict of interest that would require the Firm to withdraw pursuant to Rule 1.16(b)(1) and Rule 1.7(a)(1) of the New York Rules of Professional Conduct which Rules are applicable to lawyers appearing before this Court pursuant to Local Rule 1.5(b)(5). Due to this conflict, we respectfully request that this timetable take into consideration time for the Plaintiff to obtain independent counsel."**

[Dckt. No. 42] (emphasis added).  Thus, Plaintiff's very own counsel recognized the gravity and import of Plaintiff's false interrogatory responses.

Shortly thereafter, on February 5, 2021, Plaintiff substituted the Faillace Firm for Troy Law, PLLC (the "Troy Law Firm"), as counsel.  [Dckt No. 44].

## II.     Plaintiff's Four FLSA/NYLL Actions Filed in the Southern and Eastern District

Plaintiff is a serial FLSA/NYLL litigant.  As of the date of this filing, Plaintiff has filed four (4) FLSA/NYLL actions in the Southern and Eastern District Courts of New York:

1.  The Red Hook Deli Action;

2.  *Hernandez Ramirez et al v. Marketplace 41 Inc. et al*, S.D.N.Y., Case No. 18-cv-10498-JPO (the "Marketplace 41 Deli Action");

3.  *Ortiz Ochoa et al v. Prestige Café and Deli Corp. et al*, S.D.N.Y., Case No.: 20-cv-4462-GBD (the "Prestige Deli Action"); and

4.  The Prince Deli Action.

*See Epstein Decl.* at ¶ 12 [Ex. J at p. 4] [Plaintiff's Verified Responses to First Rogs.]; *Id.* at ¶ 13 [Ex. K at p. 6] [Plaintiff's Verified Responses to Second Rogs.]

Plaintiff's material allegations in the Red Hook Deli Action, Marketplace Deli Action, Prestige Deli Action and Prince Deli Action are virtually identical. Taken together, the complaints allege that from "January 2012" through "March 10, 2020" – *i.e.,* for **over eight (8) years** – Plaintiff worked upwards of 84-hours, seven (7) days per week, as a grill man / deli worker. *Cf. id.* at ¶ 3 [Ex. A at ¶¶ 16, 32, 37-40] [Complaint] *and id.* at ¶ 5 [Ex. C] [Rule 26(a) Damage Computation] (alleging Plaintiff's 84-hour, seven (7) days per week workweek) *with id.* at ¶ 14 [Ex. L at ¶¶ 34, 38] [Red Hook Deli Complaint] ("Plaintiff Ortiz worked as a deli worker…7 days a week (typically 84-hours per week") *and with id.* at ¶ 15 [Ex. M at ¶¶ 242, 245] [Marketplace 41 Deli Complaint] ("Plaintiff Ortiz worked as a griller…[7 days a week]") *and with id.* at ¶ 16 [Ex. N at ¶¶ 33, 37] [Prestige Deli Complaint] ("Plaintiff Ortiz worked as a grill man…7 days a week (typically 84-hours per week"). This is highly questionable, at best. Each of Plaintiff's four (4) complaints in the Red Hook Deli Action, Marketplace Deli Action, Prestige Deli Action and Prince Deli Action were accompanied by identical consent letters, signed by Plaintiff, confirming his willingness to prosecute each action, based upon the allegations contained in the underlying complaints. True and correct copies of the consent letters in the Red Hook Deli Action, Marketplace Deli Action, and Prestige Deli Action are annexed to the *Epstein Decl.* as **Exhibit "O"**.

Of critical distinction, when the complaints in the Red Hook Deli Action and the Prince Deli Action are viewed side-by-side, Plaintiff filed two separate actions against separate defendants **for the very same three-month period of alleged employment in 2017**, *i.e.*, August, September, and October, and the very same time work schedule, *i.e.*, 84-hours, seven (7) days per week. *Cf. Epstein Decl.* at ¶ 3 [Ex. A at ¶¶ 16, 32, 37-40] [Complaint] *and id.* at ¶ 5 [Ex. C] [Rule

26(a) Damage Computation] (alleging Plaintiff's 84-hour, seven (7) days per week workweek) *with id.* at ¶ 14 [Ex. L at ¶¶ 34, 38] [Red Hook Deli Complaint] ("Plaintiff Ortiz worked as a deli worker…7 days a week (typically 84-hours per week"). This is factually impossible.

## A. The Red Hook Deli Action

On December 6, 2017, Plaintiff commenced an action against Red Hook Deli and Grocery 2015 Corp. d/b/a Red Hook Gourmet Deli ("Red Hook Deli"), Salal Sahid and Wessein Sahid (collectively, the "Red Hook Defendants") to recover alleged unpaid minimum wages, unpaid overtime wages, unpaid prevailing wages, unpaid spread-of-hours, and unpaid supplemental benefits, pursuant to the FLSA and NYLL.  In the Red Hook Deli Action, Plaintiff alleged to have worked at Red Hook Deli "from approximately August 22, 2016 **until on or about October 25, 2017**." *Epstein Decl.* at ¶ 14 [Ex. L at ¶¶ 38-39] [Red Hook Deli Complaint] (emphasis added). Plaintiff further alleged that:

> "[f]rom approximately August 22, 2016 until on or about August 2017, Plaintiff Ortiz worked as a deli worker from approximately 12:00 p.m. until on or about 12:00 a.m., 7 days a week (typically 84-hours per week)."

*Id.* [Ex. L at ¶ 38] [Red Hook Deli Complaint].

The complaints[9] in the Prince Deli Action and the Red Hook Deli Action both allege that Plaintiff worked 84-hours, seven (7) days per week at two different delis[10] for the months of August, September, and October 2017. *Cf. id.* at ¶ 3 [Ex. A at ¶¶ 16, 32, 37-40] [Complaint] *and id.* at ¶ 5 [Ex. C] [Rule 26(a) Damage Computation] *with id.* at ¶ 14 [Ex. L at ¶¶ 34, 38] [Red Hook

---

[9] Plaintiff filed an Amended Complaint in the Red Hook Deli Action on December 7, 2017 [*See* Red Hook Deli Action at Dckt. No. 5]. The Amended Complaint doubled-down on Plaintiff's allegations of an 84-hour, seven (7) days per week workweek. [*See* Red Hook Deli Action at Dckt. No. 5 at ¶ 39] ("Plaintiff Ortiz worked as a deli worker…7 days a week (typically 84-hours per week").

[10] Prince Deli is located at 1461 5th Ave., New York, NY 10035, in Harlem, New York. *See Epstein Decl.* at ¶ 3 [Ex. A at ¶ 4] [Complaint]. Red Hook Deli is located at 66 Lorraine St., Brooklyn, NY 11231, in Red Hook, Brooklyn. *See Id.* at ¶ 14 [Ex. L at ¶ 15] (Red Hook Deli Complaint). Plaintiff resides at 41-26 52nd St., 1 Floor, Woodside, NY 11377, in Woodside, Queens. [*See* Dckt. No. 2 (Civil Cover Sheet) at p. 2].

Deli Complaint]. Plaintiff's allegation of 168-hour, seven (7) day per week workweek for three (3) months at two different delis is not humanely possible.  For reference, a chart reflecting Plaintiff's conflicting allegations in the instant action and in the Red Hook Deli Action is set forth below:

| *Ortiz Ochoa et al v. Prince Deli Grocery Corp. et al* [18-cv-09417-ER] | | | |
|---|---|---|---|
| **Plaintiff** | **Start** | **End** | **Hours per Week** |
| Luis Antonio Ortiz Ochoa | 8/1/2017 | 9/10/2018 | 84 |

| *Ortiz Ochoa et al v. Red Hook Gourmet Deli et al,* [17-cv-7095-RRM-RLM] | | | |
|---|---|---|---|
| **Plaintiff** | **Start** | **End** | **Hours per Week** |
| Luis Antonio Ortiz Ochoa | 8/22/2016 | 10/25/2017 | 84 |

**B. Plaintiff's Verified Declarations in the Red Hook Deli Action Evidence Perjury in this Action**

The Red Hook Defendants never appeared in the Red Hook Deli Action. [*See, generally*, Red Hook Deli Action Dckt.]. On May 14, 2018, Plaintiff filed a motion for default judgment against the Red Hook Defendants. *Id.* In Plaintiff's verified declaration in support of the motion for default judgment, Plaintiff, under penalty of perjury, affirmed the material allegations of the complaint and amended complaint regarding his employment at Red Hook Deli. *Epstein Decl.* at ¶ 18 [Ex. P at ¶¶ 7, 13, 29] [Plaintiff's May 14, 2018 Verified Declaration]. Plaintiff averred:

> 7. I worked for the Defendants at Red Hook Gourmet Deli from approximately August 22, 2016 until on or about October 25, 2017.

> 13. From approximately August 22, 2016 until on or about August 2017, I worked from approximately 12:00 p.m. until on or about 12:00 a.m., 7 days a week (typically 84 hours per week).

> 28. This document has been translated to me in my native language of Spanish, and I fully comprehend the contents. ("Este document ha sido traducio al Español, mi preimer idioma, y yo comprendo todos los términos.").

> 29. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Id.* Plaintiff swore, **under penalty of perjury**, as follows:

> "I, LUIS ANTONIO ORTIZ OCHOA, verify under penalty of perjury under the laws of the United States of America and New York that the foregoing facts and statements are true and correct to the best of my knowledge."

*Id*. [Ex. P at p. 4] [Plaintiff's May 14, 2018  Verified Declaration].

On February 11, 2019, Plaintiff filed a supplemental verified declaration, made under penalty of perjury, in further support of his motion for default judgment. *Id.* at ¶ 19 [Ex. Q] [Plaintiff's February 11, 2019 Verified Declaration]. Plaintiff's supplemental verified declaration, once again, under penalty of perjury, affirmed the material allegations of the complaint and amended complaint regarding his employment at Red Hook Deli. Plaintiff averred:

> 3-4. [I worked] [f]rom approximately August 22, 2016…until on or about October 25, 2017]
>
> 4. From approximately August 22, 2016 until on or about August 2017, I worked from approximately 12:00 p.m. until on or about 12:00 a.m., 7 days a week (typically 84 hours per week).
>
> 9. This document has been translated to me in my native language of Spanish, and I fully comprehend the contents. ("Este document ha sido traducio al Español, mi preimer idioma, y yo comprendo todos los términos.").

*Id.* [Ex. Q at ¶¶ 3-4, 9] [Plaintiff's February 11, 2019 Verified Declaration].  Plaintiff swore, **under penalty of perjury**, as follows:

> I [LUIS ANTONIO ORTIZ OCHOA] declare under penalty of perjury [pursuant to 28. U.S.C. § 1746] under the laws of the United States of America that the foregoing is true and correct.

*Id*. [Ex. Q at p. 1, ¶ 10] [Plaintiff's February 11, 2019 Verified Declaration].

On June 12, 2019, the Honorable Chief Magistrate Judge Roanne L. Mann issued a 31-page report and recommendation to Plaintiff's motion for default judgment. [*See* Red Hook Deli

Action at Dckt. No. 28].[11] On September 26, 2019, the Honorable Judge Roslynn R. Mauskopf adopted the report and recommendation, and on September 30, 2019, the Court entered a final judgment against the Red Hook Defendants for $47,839.30. [*See* Red Hook Deli Action at Dckt. No. 31].

### C. Plaintiff's Misguided and Procedurally Infirm[12] Attempt to Avoid Liability for Committing Perjury

Nearly a year-and-a-half after the entry of the default judgment, the Faillace Firm, by letter filed on January 22, 2021, advised the Court as follows:

> Your Honor will recall that my firm represented the plaintiff Ortiz in the above referenced matter. **We recently were advised by the client that the dates of employment set for the Complaint are somewhat inaccurate**. In fact, the dates of employment as now provided to my firm are April 2016 until on or about June 6, 2017…**This letter is made pursuant to Rule 3.3 of the New York Rules of Professional Conduct, which are applicable to my firm pursuant to Local Rule 1.5(b)(5).**

*Epstein Decl.* at ¶ 20 [Ex. R] [January 22, 2021 Letter] (emphasis added). Critically, this letter was filed on the heels of Defendants' Motion for Order to Show Cause, and the Faillace Firm's withdrawal in the Prince Deli Action [*see* Dckt. Nos. 40, 49].[13]

---

[11] Of particular importance, the Court held that plaintiff's Third Cause of Action for spread-of-hours under the NYLL fails. [*See* Red Hook Deli Action at Dckt. No. 28 at p. 17] ("By its express terms, [§] 146-1.6, the spread-of-hours provision on which plaintiff relies…is limited to employees "in restaurants and all-year hotels…" N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.9 Plaintiff, however, worked at neither a restaurant nor an all-year hotel; rather, plaintiff was employed as a 'deli worker.' Thus, plaintiff's Third Cause of Action (for spread-of-hours compensation) should be dismissed." *Id.*

[12] The Faillace Firm's January 22, 2021 letter is technically infirm. It was not accompanied by a notice of motion, supporting affidavit, or memoranda of law, pursuant to: (i) E.D.N.Y. Local Civil Rule ("LCR") 6.1 (Service and Filing of Motion Papers); (ii) LCR 6.3 (Motions for Reconsideration or Reargument); (iii) LCR 7.1 (Motion Papers); and (iv) LCR 7.2 (Authorities to Be Provided to Pro Se Litigants). Moreover, the January 22, 2021 letter was filed in derogation of: (v) the Honorable Judge Roslynn R. Mauskopf's Individual Practice Rule I(E) (directing parties represented by counsel to mail hard copy documents to *pro se* litigants); (vi) Rule III(A) (Pre-Motion Conferences in Civil Cases); and (vii) Rule III(B) (Content and Filing of Civil Motion Papers).

[13] Assuming *arguendo* that the statements in the January 22, 2021 letter are true (which Defendants vehemently dispute), the letter serves as a *de facto* admission of perjury. *See* § II(A), *infra*.

## <u>LEGAL STANDARDS</u>

I.    **Sanctions Under 28 U.S.C. § 1746**

Fed.R.Civ.P. 33 requires that interrogatories be answered "by the party," that they be answered "separately and fully in writing under oath," and that they be signed. *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 485 (2d Cir. 2013) (emphasis added); Fed.R.Civ.P. 33(b)(3)). "The oath requirement applicable to interrogatories has legal significance." *Monclova v. City of New York*, 726 F. Appx. 83, 84 (2d Cir. 2018); *see, e.g.*, *Cris v. Fareri*, 2011 WL 13228490, at *1 (D. Conn. 2011) ("Requiring a party to sign interrogatory responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses.").

"Rule 33 does not prescribe any particular form of verification." *Zanowic v. Reno*, 2000 WL 1376251, at *5 (S.D.N.Y. 2000).  The courts that have addressed the issue are in agreement that the oath requirement may be satisfied either by having the statement affirming the responses sworn to before a notary public or by providing a declaration pursuant to 28 U.S.C. § 1746.  *Steptoe v. City of Syracuse*, 2011 WL 6012941, at *4 (N.D.N.Y. 2011) (quoting Fed. R. Civ. P. 33(b)(3)), *report and recommendation adopted*, 2011 WL 6012040 (N.D.N.Y. 2011), *aff'd*, 513 F. App'x 8 (2d Cir. 2013). 28 U.S.C. § 1746[14] provides that an unsworn matter may be treated as

---

[14] 28 U.S.C. § 1746 provides in relevant part that:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> . . .
> (2) If executed within the United States…: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)"

28 U.S.C. § 1746.

sworn, provided that it is "prove[n] by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true **under penalty of perjury**, and dated, in substantially the…form" of the model declaration provided. 28 U.S.C. § 1746 (emphasis added).  This is what occurred here.

Perjury is "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *U.S. v. Dunnigan,* 507 U.S. 87, 94 (1993).  The penalty for perjury is criminally and civilly severe. 18 U.S.C.A § 1621.  Section 1621 provides, in relevant part, that:

> Whoever--
> **· · ·**
>
> (2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;
>
> is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.

*Id*. Federal courts have dismissed cases for perjurious answers in interrogatories. *Radecki v. GlaxoSmithKline*, 646 F. Supp. 2d 310, 316 (D. Conn. 2009) (collecting cases), *aff'd*, 375 F. App'x 46 (2d Cir. 2010); *see also Hidalgo v. 3841 Hardware Inc*., 2014 WL 5410011, at *3 (S.D.N.Y. 2014).

## II.     Sanctions Under Fed.R.Civ.P. 26(g)(3)

Fed.R.Civ.P. 26(g) requires that "[e]very disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection **must be signed** by at least one attorney of record in the attorney's own name – or by the party personally." Fed.R.Civ.P. 26(g)(1) (emphasis added).

"By signing a response to a discovery request, an attorney or party certifies that to the best of her 'knowledge, information, and belief formed after a reasonable inquiry,' the response is (1) consistent with the Federal Rules of Civil Procedure and justified under existing law; (2) not interposed for any improper purpose, such as to unnecessarily delay or needlessly increase the costs of litigation; and (3) reasonable given the importance of the issue and the circumstances of the case.'" *Markey v. Lapolla Indus., Inc.*, 2015 WL 5027522, at *15 (E.D.N.Y. 2015), (*quoting Kiobel v. Royal Dutch Petroleum Co.*, 2009 WL 1810104, at *2 (S.D.N.Y. 2009) and Fed.R.Civ.P. 26(g)(1)).

"Rule 26(g) is intended to deter and curb discovery abuses, including evasive responses, by 'explicitly encouraging the imposition of sanctions.'" *Kiobel*, 2009 WL 1810104 at *2 (quoting Fed.R.Civ.P. 26 advisory committee's note). The certification requirement "obliges [litigants] to stop and think about the legitimacy of the discovery request, a response thereto, or an objection." *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees and Rest, Employees Int'l Union*, 212 F.R.D. 178, 218-19 (S.D.N.Y. 2003) (quoting Fed.R.Civ.P. 26(g), advisory committee's note to 1983 Amendment).

Pursuant to Rule 26(g)(3), if a litigant's certification violates Rule 26 without substantial justification, "**sanctions are mandatory**." *Kiobel*, at *2 (quoting Fed.R.Civ.P. 26(g)(3)) (emphasis added). If sanctions are imposed, the "sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed.R.Civ.P. 26(g)(3).

The Court may not award reasonable expenses, however, if the nondisclosure was "substantially justified" or "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A)(ii),(iii). Conduct is "substantially justified" if there was a

"genuine dispute" or if "reasonable people could differ" as to the appropriateness of the contested action. *Jindan Wu v. Seoul Garden, Inc.,* 2018 WL 507315, at \*8 (E.D.N.Y. 2018).

### III.    Sanctions Under Fed.R.Civ.P. 37(c)(1)

Under Fed.R.Civ.P. 37(c)(1), a court may sanction a party that "fails to provide information…as required by Rule 26(a) or (e)." Fed.R.Civ.P. 37(c)(1). Under Rule 26(e), a plaintiff must supplement or correct the disclosure in response to an interrogatory "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. . ." Fed.R.Civ.P. 26(e)(1). *Monroe v. Geo Grp., Inc.,* 2017 WL 3973942, at \*5 (S.D.N.Y. 2017).  Sanctions under Rule 37(c)(1) for violations of Rule 26(e) include, *inter alia*, imposition of attorneys' fees and costs expenses, preclusion of the information at trial, or dismissal of the action in whole or in part. *Id.*  (citing Fed.R.Civ.P. 37(b)(2)(A)(iii)-(v), 37(c)(1)(A)).

### IV.    Sanctions Under Fed.R.Civ.P. 37(b)(2)(A)

Fed.R.Civ.P. 37(b)(2)(A) provides that, if a party fails to comply with an order to permit discovery, the court may issue an order "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party." *Id*. Although the Second Circuit has observed that some of Rule 37's penalties can be "harsh" and a form of "strong medicine," it has acknowledged the need to apply them in appropriate cases. *Id*.; *see also Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1365 (2d Cir. 1991) (stating that "severe sanctions are appropriate" when a party has sought to frustrate the discovery process by withholding essential facts). "There are two basic limitations upon a district court's discretion…The rule expressly requires that the sanctions must be 'just'; and the sanction must relate to the particular claim to which the discovery order was addressed." *Daval Steel Prod*, 951 F.2d at 1366 (2d Cir. 1991)  (citation omitted). The Second Circuit has identified several non-exclusive and non-dispositive factors to evaluate whether severe

16

sanctions are just, including "(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance, and (4) whether the non-compliant party had been warned of the risk of sanctions." *Lopez v. Cajmant LLC*, 2016 WL 7017361, at *2 (E.D.N.Y. 2016).

## V.   Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority

A court may impose sanctions pursuant to its inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases". *Monroe,* 2017 WL 3973942 at *7 (internal citations and quotations omitted). In order to impose sanctions pursuant to courts' inherent power, a court must find "subjective bad faith." *Id.* (*citing and quoting Muhammad v. Walmart Stores E., L.P*., 732 F.3d 104, 108 (2d Cir. 2013). The Second Circuit has held that "[t]o impose sanctions under either authority, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith – that is, motivated by improper purposes such as harassment or delay." *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (internal quotation marks and citation omitted).

## ARGUMENT

## I.   Sanctions are Warranted Under 28 U.S.C. § 1746

As set forth more fully below, Plaintiff committed perjury in violation of 28 U.S.C. § 1746 in: (i) submitting materially false verified responses to Defendants' First Rogs.; and (ii) submitting materially false verified responses to Defendants' Second Rogs.; Plaintiff's "egregious conduct" in doubling-down on materially false statements justify the imposition of sanctions, up to and including dismissal of the Complaint. *See Hidalgo*, 2014 WL 5410011 at *3 ("Plaintiff's egregious conduct" justified dismissal of FLSA Action prosecuted by the Faillace Firm where "Plaintiff repeatedly and willfully gave false testimony.")

**A. Plaintiff Committed Perjury in his Verified Responses to Defendants' First Rogs.**

On August 4, 2020, Plaintiff served verified responses to Defendants' First Rogs. In his verified responses to Defendants' First Rogs., Plaintiff averred, *inter alia*, that:

1. Plaintiff worked for Defendants from August 1, 2017 to September 10, 2018. *See Epstein Decl.* at ¶ 12 [Ex. J at ¶ 9] [Plaintiff's Verified Responses to First Rogs.];

2. Plaintiff worked at Prince Deli for 84-hours, seven (7) days per week, for fifty-eight weeks. *See Id.*;

Plaintiff's verified responses to Defendants' First Rogs. were verified, under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

"I, LUIS ANTONIO ORTIZ OCHOA, verify under penalty of perjury under the laws of the United States of America and New York that the foregoing facts and statements within the responses to the interrogatories directed to me are true and correct to the best of my knowledge."

*Id.* [Ex. J at p. 4] [Plaintiff's Verified Responses to First Rogs.].

Thus, under penalty of perjury, Plaintiff doubled-down on the factually impossible allegations of an 84-hour, seven (7) days per week workweek, spanning fifty-eight weeks, contained in the Complaint. *Epstein Decl.* at ¶ 3 [Ex. A at ¶¶ 16, 32, 37-40 [Complaint]. These allegations are demonstrably false, and conflict with Plaintiff's sworn representations – also made under penalty of perjury – in the Red Hood Deli Action. *See* § I(C), *infra*.

**B. Plaintiff Committed Perjury in his Verified Responses to Defendants' Second Rogs.**

On August 4, 2020, Plaintiff served verified responses to Defendants' Second Rogs. In his verified responses to Defendants' Second Rogs., Plaintiff averred, *inter alia,* that:

1. Plaintiff started working for Defendants in August 2017. *See Epstein Decl.* at ¶ 13 [Ex. K at ¶ 2] [Plaintiff's Verified Responses to Second Rogs.];

2. Plaintiff stopped working for Defendants on September 10, 2018. *See Id.* [Ex. K at ¶ 3] [Plaintiff's Verified Responses to Second Rogs.];

3. Plaintiff worked at Prince Deli for 84-hours, seven (7) days per week, for fifty-eight weeks. *See Id*. [Ex. K at ¶ 1] [Plaintiff's Verified Responses to Second Rogs.];

Plaintiff's verified responses to Defendants' First Rogs. were verified, under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

"I, LUIS ANTONIO ORTIZ OCHOA, verify under penalty of perjury under the laws of the United States of America and New York that the foregoing facts and statements within the responses to the interrogatories directed to me are true and correct to the best of my knowledge."

*Id*. [Ex. K at p. 4] [Plaintiff's Verified Responses to Second Rogs.].

Thus, under penalty of perjury, Plaintiff doubled-down on the factually impossible allegations of an 84-hour, seven (7) days per week workweek, spanning fifty-eight weeks, contained in the Complaint. *Epstein Decl*. at ¶ 3 [Ex. A at ¶¶ 16, 32, 37-40 [Complaint]. These allegations are demonstrably false, and conflict with Plaintiff's sworn representations – also made under penalty of perjury – in the Red Hood Deli Action. *See* § I(C), *infra*.

### C. Plaintiff's Sworn Declarations in the Red Hook Deli Action Evidence His Perjury in the Instant Action

In Plaintiff's verified declaration in support of the motion for default judgment in the Red Hook Deli Action, Plaintiff, under penalty of perjury, affirmed the material allegations of the complaint and amended complaint regarding his employment at Red Hook Deli. *Id*. at ¶ 18 [Ex. P at ¶¶ 7, 13, 29] [Plaintiff's May 14, 2018 Verified Declaration]. Plaintiff averred:

7. I worked for the Defendants at Red Hook Gourmet Deli from approximately August 22, 2016 until on or about October 25, 2017.

13. From approximately August 22, 2016 until on or about August 2017, I worked from approximately 12:00 p.m. until on or about 12:00 a.m., 7 days a week (typically 84 hours per week).

28. This document has been translated to me in my native language of Spanish, and I fully comprehend the contents. ("Este document ha sido traducio al Español, mi preimer idioma, y yo comprendo todos los términos.").

> 29. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Id.* Plaintiff swore, **under penalty of perjury**, as follows:

> "I, LUIS ANTONIO ORTIZ OCHOA, verify under penalty of perjury under the laws of the United States of America and New York that the foregoing facts and statements are true and correct to the best of my knowledge."

*Id.* [Ex. P at p. 4] [Plaintiff's May 14, 2018 Verified Declaration].

On February 11, 2019, Plaintiff filed a supplemental verified declaration in further support of his motion for default judgment. *Id.* at ¶ 19 [Ex. Q] [Plaintiff's February 11, 2019 Verified Declaration]. Plaintiff's supplemental verified declaration, once again, under penalty of perjury, affirmed the material allegations of the complaint and amended complaint regarding his employment at Red Hook Deli. Plaintiff averred:

> 3-5. [I worked] [f]rom approximately August 22, 2016…until on or about October 25, 2017]

> 4. From approximately August 22, 2016 until on or about August 2017, I worked from approximately 12:00 p.m. until on or about 12:00 a.m., 7 days a week (typically 84 hours per week).

> 9. This document has been translated to me in my native language of Spanish, and I fully comprehend the contents. ("Este document ha sido traducio al Español, mi preimer idioma, y yo comprendo todos los términos.").

*Id.* [Ex. Q at ¶¶ 3-4, 9] [Plaintiff's February 11, 2019 Verified Declaration]. Plaintiff swore, **under penalty of perjury**, as follows:

> I [LUIS ANTONIO ORTIZ OCHOA] declare under penalty of perjury [pursuant to 28. U.S.C. § 1746] under the laws of the United States of America that the foregoing is true and correct.

*Id.* [Ex. Q at p. 1, ¶ 10] [Plaintiff's February 11, 2019 Verified Declaration].

Thus, under penalty of perjury, Plaintiff asserted – ***twice*** – that he worked at Red Hook Deli 84-hours, seven (7) days per week from August 22, 2016 through October 25, 2017 – *i.e.,* a

three (3) month period he allegedly worked at Prince Deli, 84-hours, seven (7) days per week. *See Epstein Decl.* at ¶ 12 [Ex. J at ¶ 9] [Plaintiff's Verified Responses to First Rogs.]; *See id.* at ¶ 13 [Ex. K at ¶¶ 1–3] [Plaintiff's Verified Responses to Second Rogs.]

Therefore, Plaintiff's responses to Defendants' interrogatories in this action are demonstrably false based on Plaintiff's two sworn declarations, made under penalty of perjury, in the Red Hook Deli Action.

## II.     Defendants are Entitled to Sanctions Under Fed.R.Civ.P. 26(g)(3)

Plaintiff violated his discovery obligations under Fed.R.Civ.P. 26(g) by falsely certifying Plaintiff's responses and verified responses to Defendants' First Rogs. and Defendants' Second Rogs. *See id.* at ¶ 10 [Ex. H at ¶¶ 1–3] [Plaintiff's Responses to Second Rogs.]; *id.* at ¶ 13 [Ex. K at ¶¶ 1–3] [Plaintiff's Verified Responses to Second Rogs.] (stating that Plaintiff worked at Prince Deli 84-hours, seven (7) days per week, for fifty-eight weeks, from August 2017 to September 10, 2018).

Thus, Plaintiff falsely certified, on four (4) occasions, that he satisfied his obligations under Fed.R.Civ.P. 26(g)(1). As demonstrated more fully below, each of the four (4) certifications violated Fed.R.Civ.P. 26(g)(1) without any substantial justification.

## A. Plaintiff's Failure to Truthfully Respond to Defendants' Interrogatories was not "Substantially Justified"

On January 22, 2021, more than *two years* after the commencement of the instant Prince Deli Action, Plaintiff filed a single paragraph letter in the Red Hook Deli Action, attempting to cure the Plaintiff's perjurious claims of an 84-hour, seven (7) day per week workweek at Prince Deli. *See Epstein Decl.* at ¶ 20 [Ex. R] [January 22, 2021 Letter]. The January 22, 2021 letter was filed nearly a year-and-a-half after the Court awarded a default judgement in the Red Hook Deli

Action, immediately after Defendants filed their Motion for Order to Show Cause in the Prince Deli Action on January 22, 2021. [*See* Dckt. No. 40].

Plaintiff's May 14, 2018 verified declaration in support of the motion for default judgment in the Red Hook Deli Action was filed four (4) months before Plaintiff consented to join the Prince Deli Action, and based on his Complaint.[15] Critically, Plaintiff's January 22, 2021 letter in the Red Hook Deli Action was filed on the heels of Defendants' Motion for Order to Show Cause in the Prince Deli Action [*see* Dckt. No. 40], nearly a year-and-a-half after the Court had awarded a default judgment in the Red Hook Deli Action.

Assuming *arguendo* that the statements in the January 22, 2021 letter are true (which Defendants vehemently dispute), the letter serves as a *de facto* admission of perjury. *See Scottsdale Ins. Co. v. United Indus. & Constr. Corp.,* 2014 WL 12834839, at *2 (E.D.N.Y. 2014) (awarding sanctions and noting that belated compliance does not insulate a party from sanctions."); *see also Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp*., 602 F.2d 1062, 1068 (2d Cir. 1979) ("[P]laintiff's hopelessly belated compliance should not be accorded great weight. Any other conclusion would encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were against the wall.").

### III.    Defendants are Entitled to Sanctions Under Fed.R.Civ.P. 37(c)(1)

Fed.R.Civ.P. 37(c) specifically provides that where a party without substantial justification fails to disclose required information, or to amend a prior response to discovery as required, the Court may enter an order for monetary sanctions, including attorney's fees, in addition to any other

---

[15] *Cf. Epstein Decl.* at ¶ 3 [Ex. A] [Complaint] *with id.* at ¶ 18 [Ex. P] [Plaintiff's May 14, 2018 Verified Declaration]. Plaintiff's February 11, 2019 verified supplemental verified declaration in further support of the motion for default judgment in the Red Hook Deli Action was filed less than two (2) months after Plaintiff prepared his Rule 26(a) Damage Computation, dated December 27, 2018. *Cf. id.* at ¶ 5 [Ex. C] [Rule 26(a) Damage Computation] *with id.* at ¶ 19 [Ex. Q] [Plaintiff's February 11, 2019 Verified Declaration].

appropriate sanctions, including dismissal. Fed.R.Civ.P. 37(c)(1); *see also Friedman*, 2017 WL 4082678 at *2  (quotation omitted).

At set forth in § II, *supra*, Plaintiff failed, without justification, to comply with his obligations to produce and supplement truthful interrogatories required by Fed.R.Civ.P. 26(a) and (e). Defendants have successfully established that Plaintiff has breached his discovery obligations, with a culpable state of mind, and that the belated disclosed evidence is highly relevant to the bona fides of the dispute. *See* § II, *supra*. *In re September 11th Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 131–32 (S.D.N.Y. 2007).

### A.  Plaintiff's Culpability

Plaintiff was clearly aware of the existence of evidence that materially contradicted his allegations of an 84-hour, seven (7) days per week workweek, spanning fifty-eight weeks at Prince Deli. *Cf. Epstein Decl.* at ¶ 3 [Ex. A] [Complaint] *with id.* at ¶ 18 [Ex. P] [Plaintiff's May 14, 2018 Verified Declaration]. *Cf. id.* at ¶ 5 [Ex. C] [Rule 26(a) Damage Computation] *with id.* at ¶ 19 [Ex. Q] [Plaintiff's February 11, 2019 Verified Declaration]. Plaintiff filed Consent Letters in each of his four (4) FLSA/NYLL actions, averring that he reviewed the initial Complaints. *See id.* at ¶ 4 [Ex. B] [Consent Letter]; *see also id.* at ¶ 17 [Ex. O] [Consent Letters in the Red Hook Deli Action, Marketplace 41 Deli Action, and Prestige Deli Action].

### B.  The Withheld Evidence is Highly Relevant and Material

The withheld evidence that Plaintiff worked at 84-hours, seven (7) days per week at Red Hook Deli from August 2017 through October 2017 is critical to the bona fides of Plaintiff's claim in the Prince Deli Action.

Accordingly, Defendants have satisfied their burden of showing that Plaintiff has failed without justification, to comply with his obligations to produce or correct information required by

Fed.R.Civ.P. 26(a) and (e). *See Kramer v. Am. Int'l Indus.*, 2015 WL 6118254, at *2 (E.D.N.Y. 2015), *aff'd*, 2016 WL 3351006 (E.D.N.Y. 2016) (awarding sanctions under Fed.R.Civ.P. 37 for withholding documentary evidence, and violating Court's discovery orders); *Prendergast v. Hobart Corp.*, 2010 WL 3199699, at *5 (E.D.N.Y. 2010) (same). *Bellinger v. Astrue*, 2007 WL 2907320, at *1 (E.D.N.Y. 2007), *aff'd sub nom. Bellinger v. Barnhart*, 2007 WL 9718904 (E.D.N.Y. 2007) (same).

## IV.    Defendants are Entitled to an Order Dismissing the Federal Court Action Under Fed.R.Civ.P. 37(b)(2)(a)

As set forth below, dismissal of the Complaint is warranted under Fed.R.Civ.P. 37 given the grievous nature of, *inter alia*: (i) Plaintiff's perjury in violation of 28 U.S.C. § 1746 in submitting materially false verified responses to Defendants' First Rogs.; (ii) Plaintiff's perjury in violation of 28 U.S.C. § 1746 in submitting materially false verified responses to Defendants' Second Rogs.; (iii) Plaintiff's four (4) false certifications, that he satisfied his obligations under Fed.R.Civ.P. 26(g)(1); (iv) Plaintiff's failure, without justification, to comply with his obligations to produce and supplement truthful interrogatories required by Fed.R.Civ.P. 26(a) and (e). *See* §§ I, II, III, *supra; see also* Fed.R.Civ.P. 37(b)(2)(A); *Hidalgo*, 2014 WL 5410011 at *3 ("Plaintiff's egregious conduct" justified dismissal of FLSA Action prosecuted by the Faillace Firm where "Plaintiff repeatedly and willfully gave false testimony."); *Daval Steel Prod*, 951 F.2d at 1366 (2d Cir. 1991)  (citation omitted).

## V.    Defendants are Entitled to Sanctions Against Plaintiff Under the Court's Inherent Authority

In addition to the sanctions that are available under the independent bases above, sanctions may be imposed pursuant to the Court's inherent authority. *Martinez v. City of New York*, 2018 WL 604019, at *21 (E.D.N.Y. 2018).

As set forth above, Plaintiff's bad faith conduct in: (i) prosecuting two parallel FLSA/NYLL actions based on materially false allegations of an 84-hour, seven (7) day per week workweek, (ii) withholding critical evidence for over two (2) years; (iii) committing perjury in response to Defendants' First Rogs.; and (iv) committing perjury in response to Defendants' Second Rogs., warrant sanctions under 28 U.S.C. § 1927 and pursuant to the Court's inherent authority.

<u>**CONCLUSION**</u>

For the reasons stated above, Defendants' Motion for Sanctions should be granted in its entirety, and an award of attorneys' fees, costs, and sanctions in an amount to be determined by the Court should be entered against Plaintiff, and the Complaint should be stricken in its entirety.

Dated: New York, New York
        March 12, 2021

Respectfully Submitted,

LEVIN EPSTEIN & ASSOCIATES, P.C.

*/s Jason Mizrahi*
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
420 Lexington Avenue, Suite 2525
New York, New York 10170
Tel No.: (212) 792-0048
*Attorneys for Defendants*