# EXHIBIT K

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
LUIS ANTONIO ORTIZ OCHOA, *individually and*
*on behalf of others similarly situated,*

                            *Plaintiff,*

                           -against-

PRINCE DELI GROCERY CORP. (D/B/A PRINCE DELI GROCERY) and ABDO S. ANAM A.K.A ABDO SALEH,

                            *Defendants.*

-----------------------------------------------------------------X

18-cv-9417

PLAINTIFF'S AMENDED RESPONSES & OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES,

ECF Case

      Plaintiff LUIS ANTONIO ORTIZ OCHOA ("Plaintiff"), by and through the undersigned counsel, hereby responds to Defendants' (the "Defendants") Second Set of Interrogatories in accordance with the numbered Responses and Objections below ("Responses").

### SPECIFIC RESPONSES & OBJECTIONS TO INTERROGATORIES

      1.      Identify all documents concerning your employment with Defendants.

Response to Interrogatory No. 1

      Plaintiff objects to this interrogatory in that it calls for information that is in the possession of the Defendants. Per the Complaint, Plaintiff objects to this interrogatory in that it calls for information that is statutorily required to be maintained by the Defendants. Under New York and Federal law, the burden is on employers to maintain wage and hour records. The only source of any documents identifiable by the Plaintiff is his employers, the Defendants. As such, Defendants are in a substantially better positions to know what documents exist relating to their employment of the Plaintiff.

      Subject to and without waiving the foregoing Specific Objections and General Objections, Plaintiff refers Defendants to the annexed calculation of damages.

      2.      Identify the exact month, date, and year you first started working for Defendants.

Response to Interrogatory No. 2

      Plaintiff objects to this interrogatory in that it calls for information that is in the possession of the Defendants. Plaintiff objects to this interrogatory in that it calls for information that is

1

statutorily required to be maintained by the Defendants. Plaintiff objects to this request in that it seeks information that may be ascertained from the business records of Defendants, and the burden of ascertaining such information is substantially the same, or greater for Plaintiff than it is for Defendants. It is the employers' burden to give to their employees' a wage notice at the time of hire, which would bear the date of such hire. (see Complaint ¶ 30) As such, the Plaintiff is in a worse position to produce this information to Defendants than Defendants are to find it themselves within the records they are statutorily required to maintain.

Subject to and without waiving the foregoing Objections, Plaintiff states that he started working for Defendants in August of 2017.

3. Identify the exact month, date, and year you stopped working for Defendants.

Response to Interrogatory No. 3

Plaintiff objects to this request in that it seeks information that may be ascertained from the business records of Defendants, and the burden of ascertaining such information is substantially the same, or greater for Plaintiff than it is for Defendants. As alleged in the Complaint, Defendants continuously failed to provide Plaintiff with documents required by the law. Absent these documents, such as pay stubs, Plaintiff has no written memorialization of his time working for Defendants. As such, Defendants are in a substantially better position to determine the exact date that Plaintiff stopped working for them.

Subject to and without waiving the foregoing Specific Objections and General Objections, Plaintiff states that he stopped working for Defendants on September 10, 2018.

4. For the period of time identified in Interrogatory No. 2 and Interrogatory No. 3, identify any period of time which you did not perform any services for Defendants.

Response to Interrogatory No. 4

Plaintiff objects to this interrogatory in that it calls for information that is in the possession of the Defendants, and statutorily required to be maintained by the Defendants. Defendants were statutorily required to maintain records of the Plaintiffs' hours worked. As such, the answer to this interrogatory would be more easily determined from the Defendants' business records than the Plaintiffs' memory.

Subject to and without waiving the foregoing Specific Objections and General Objections, Plaintiff states that no such time exists.

5. Identify the exact number of weeks you performed work for Defendants.

Response to Interrogatory No. 5

Plaintiff objects to this interrogatory in that it calls for information that is in the possession of the Defendants, and statutorily required to be maintained by the Defendants. Defendants were statutorily required to maintain records of the Plaintiffs' hours worked. As such, the answer to this interrogatory would be more easily determined from the Defendants' business records than the Plaintiffs' memory.

Subject to and without waiving the foregoing Specific Objections and General Objections, Plaintiff states he performed work for Defendants during each week between August 2017 and September 10, 2018.

6. Identify the exact time of day you started working each day while employed by Defendants.

Response to Interrogatory No. 6

Plaintiff objects to this interrogatory in that it calls for information that is in the possession of the Defendants, and statutorily required to be maintained by the Defendants. Defendants were statutorily required to maintain records of the Plaintiffs' hours worked. As such, the answer to this interrogatory would be more easily determined from the Defendants' business records than the Plaintiffs' memory.

Subject to and without waiving the foregoing Specific Objections and General Objections, Plaintiff states that he would begin his work day for Defendants at 6:00 A.M.

7. Identify the exact time of day you stopped working each day while employed by Defendants.

Response to Interrogatory No. 7

Plaintiff objects to this interrogatory in that it calls for information that is in the possession of the Defendants, and statutorily required to be maintained by the Defendants. Defendants were statutorily required to maintain records of the Plaintiffs' hours worked. As such, the answer to this interrogatory would be more easily determined from the Defendants' business records than the Plaintiffs' memory.

Subject to and without waiving the foregoing Specific Objections and General Objections, Plaintiff states that he would end his work day for Defendants at between 5:20 and 5:30 P.M.

8. State the number of days each week you performed work for the Defendants.

Response to Interrogatory No. 8

Plaintiff objects to this interrogatory in that it calls for information that is in the possession of the Defendants. Defendants were statutorily required to maintain records of the Plaintiffs' hours worked. As such, the answer to this

interrogatory would be more easily determined from the Defendants' business records than the Plaintiffs' memory.

Subject to and without waiving the foregoing Specific Objections and General Objections, Plaintiff states that he would work for Defendants seven days per week.

9. For the number of days identified in Interrogatory No.8, state whether there was any period of time that this schedule changed.

Response to Interrogatory No. 9

Plaintiff objects to this interrogatory to the extent that it calls for information that is in the possession of the Defendants, and statutorily required to be maintained by the Defendants. Plaintiff objects to this interrogatory to the extent that it calls for information that is in the possession of the Defendants, and statutorily required to be maintained by the Defendants. Plaintiff objects to this request to the extent that it seeks information that may be ascertained from the business records of Defendants, and the burden of ascertaining such information is substantially the same, or greater for Plaintiff than it is for Defendants.

Subject to and without waiving the foregoing Specific Objections and General Objections, Plaintiff states that his schedule remained the same.

10. Describe in detail the locations where you performed the majority of your work while employed by Defendants.

Response to Interrogatory No. 10

Plaintiff objects to this interrogatory in that it calls for information that is in the possession of the Defendants. Plaintiff objects to this request in that it seeks information that may be ascertained from the business records of Defendants, and the burden of ascertaining such information is substantially the same, or greater for Plaintiff than it is for Defendants. As previously stated, Plaintiff worked for Defendants in their place of business; they are in the same or better position to know where that place of business is located or to be in possession of documents such as leases, licenses, and delivery records which indicate said location.

Subject to and without waiving the foregoing objections, Plaintiff states that he performed the majority of his work for Defendants in the deli located at 1461 5th Ave., New York, NY 10035.

11. Describe in reasonable detail the nature and extent of all work performed while employed by Defendants.

Response to Interrogatory No. 11

Plaintiff objects to this interrogatory because it calls for information that is in the possession of the Defendants. Defendants are former employers of the Plaintiff and routinely observed him going about his job duties during the course of this employment.

Subject to and without waiving the foregoing objection, Plaintiffs states that he would prepare foods such as salads and smoothies, receive and stock shelves with inventory, and clean the floors and kitchen.

12. Identify each type of compensation, reimbursement, or benefits you were offered or received during your employment with Defendants, including but not limited to salary, pay increases, bonuses, stock options, retirement plan participation, insurance coverage, tuition reimbursement, paid time off, and reimbursement of business expenses.

Response to Interrogatory No. 12

Plaintiff objects to this interrogatory because it calls for information that is in the possession of the Defendants, and statutorily required to be maintained by the Defendants. Plaintiff objects to this request to the extent that it seeks information that may be ascertained from the business records of Defendants, and the burden of ascertaining such information is substantially the same, or greater for Plaintiff than it is for Defendants. As set forth in the Complaint, ¶¶ 38, 60, Defendants paid the Plaintiff cash and did not provide him with any sort of wage statement or pay stub memorializing his compensation. Due to this failure on the part of Defendants, Plaintiff must now rely on his best memory, whereas Defendants would ordinarily be expected to maintain business and bank records which would reflect any compensation offered to Plaintiff during his employment.

Subject to and without waiving the foregoing objections, Plaintiff states that he received an hourly wage of $12 per hour to start and later received $13 per hour. He received no compensation from Defendants besides his hourly wage.

13. Describe in reasonable detail your job duties and responsibilities during your employment with Defendants.

Response to Interrogatory No. 13

Plaintiff objects to this interrogatory to the extent that it calls for information that is in the possession of the Defendants. Defendants were the Plaintiffs' employers and would observe him going about his duties during the course of his employment and are in as good a position as Plaintiff to know the duties of the job they hired him for. Plaintiff objects to this interrogatory as it is duplicative of interrogatories previously served.

Subject to and without waiving the foregoing objections, Plaintiff states that he was hired to be a deli man where his duties were to be taking client orders and preparing food. He was later made to clean, make salads and smoothies, and to stock inventory.

14. Identify each person from whom you received any statement, whether oral or written, at any time during your employment with Defendants, relating to the allegations in the Complaint.

Response to Interrogatory No. 14

Identify each person from whom you received any statement, whether oral or written, at any time during your employment with Defendants, relating to the allegations in the Complaint.

Response to Interrogatory No. 14

Plaintiff objects to this interrogatory in that it is duplicative of interrogatories previously served.

Subject to and without waiving the foregoing Plaintiff identifies Defendants.

15. For each workweek that you claim you worked more than 40 hours and for which you were not properly compensated under the Fair Labor Standards Act, state the precise number of hours you claim you worked. For each week for which you cannot give a precise number, state why you are not able to do so. Your answer should be organized by providing responsive information for each separate workweek

Response to Interrogatory No. 15

Plaintiff objects to this interrogatory on the grounds that it causes the number of interrogatories to exceed the limit set forth in FRCP 33(a)(1).

Subject to and without waiving the foregoing objection, Plaintiff states that he is unable to provide a specific number of hours worked for each week of his employment because Defendant failed to provide him with wage statements, time sheets, or any other document to document these hours. As such, Plaintiff relies on his best memories to approximate the number of hours he worked as set forth in responses to Interrogatories 6 through 8 above.

16. Identify every lawsuit, arbitration proceeding, or administrative hearing, other than this case, that you have filed against any of your employers, or that any of your employers has filed against you, at any time.

Response to Interrogatory No. 16

Plaintiff objects to this interrogatory because it causes the number of interrogatories to exceed the limit set forth in FRCP 33(a)(1). Plaintiff further objects to this interrogatory because that it is duplicative of Interrogatory No. 8 of the Defendants' First Set of Interrogatories to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff refers to his answer to Interrogatory No. 8 of Defendants' First Set of Interrogatories.

17.     Identify each type or kind of damages or relief you are claiming in this action, including the exact monetary amount you believe you are entitled to in connection with your claims and how that amount was calculated.

Response to Interrogatory No. 17

Plaintiff objects to this interrogatory because it causes the number of interrogatories to exceed the limit set forth in FRCP 33(a)(1). Plaintiff further objects to this interrogatory because that it is duplicative of Interrogatory No. 9 of the Defendants' First Set of Interrogatories to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff refers to his answer to Interrogatory No. 9 of Defendants' First Set of Interrogatories.

18.     Describe all efforts you have made to find employment at any time between August 2017 to preset, and the results of these efforts.

Response to Interrogatory No. 18

Plaintiff objects to this interrogatory because it causes the number of interrogatories to exceed the limit set forth in FRCP 33(a)(1). Plaintiff further objects to this interrogatory because that it is duplicative of Interrogatory No. 10 of the Defendants' First Set of Interrogatories to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff refers to his answer to Interrogatory No. 10 of Defendants' First Set of Interrogatories.

Dated: New York, NY
       8/4/2020

/s/
Clela A. Errington, Esq.
Michael Faillace & Associates, P.C.
60 E. 42nd St., Suite 4510
New York, NY 10165

## VERIFICATION

I, LUIS ANTONIO ORTIZ OCHOA, verify under penalty of perjury under the laws of the United States of America and New York that the foregoing facts and statements within the responses to the interrogatories directed to me are true and correct to the best of my knowledge.

By: _____
LUIS ANTONIO ORTIZ OCHOA