**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- x
YATAO WANG,
*on behalf of himself and others similarly situated*,

                      Plaintiff,           Case No. 18-cv-09417 (ER)


                 v.

PRINCE DELI GROCERY CORP.
        d/b/a Prince Deli Grocery, and
ABDO S. ANAM.
        a/k/a Abdo Saleh,

                    Defendants.
---------------------------------------------------------------- x


## <u>OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS</u>


John Troy
Troy Law, PLLC
41-25 Kissena Boulevard
Suite 103
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

FACTS AND PROCEDURAL BACKGROUND .............................................................. 1

ARGUMENT ....................................................................................................................... 6

   **I.**    **SANCTIONS ARE NOT WARRANTED UNDER SECTION 1746 OF TITLE 28 OF THE UNITED STATES CODE** ............................................................................... 6

      **A.**   **OCHOA DID NOT COMMIT PERJURY IN HIS VERIFIED RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES** ..................................................................... 8

      **B.**   **OCHOA DID NOT COMMIT PERJURY IN HIS VERIFIED RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES** ...................................................... 9

      **C.**   **OCHOA'S FALSE STATEMENTS TO THE COURT IN *RED HOOK* WERE NOT PERJURY AND ARE NOT DISPOSITIVE OF HIS COMMITTING PERJURY IN THIS CASE** ........ 10

   **II.**    **SANCTIONS ARE NOT WARRANTED UNDER RULE 26(G)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE BECAUSE DEFENDANTS HAVE NOT SHOWN VIOLATION OF RULE 26(G)(1)** .................................................... 11

   **III.**   **SANCTIONS ARE NOT WARRANTED UNDER RULE 37(C)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE** ..................................................... 12

      **A.**   **DEFENDANTS HAVE NOT SHOWN CULPABILITY** ....................................... 12

      **B.**   **EVIDENCE WAS NOT WITHHELD** ................................................................ 12

   **IV.**   **THE HARSH SANCTION OF DISMISSAL IS NOT WARRANTED** ................. 13

   **V.**   **THE COURT SHOULD NOT IMPOSE SANCTIONS UNDER ITS INHERENT AUTHORITY** .............................................................................................. 14

CONCLUSION .................................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Choudry v. Durrani*, No. 14-cv-04562 (SIL), 2016 U.S. Dist. LEXIS 156365 (E.D.N.Y. Nov. 10, 2016)........................................................................................................................................ 6

*Cusamano v. Donelli*, No. 06-cv-06047 (PAC) (THK), 2007 U.S. Dist. LEXIS 99534 (S.D.N.Y. Dec. 19, 2007) ..................................................................................................................... 9

*Dominguez v. 322 Rest. Corp.*, No. 14-cv-03643 (RA) (HBP), 2018 U.S. Dist. LEXIS 98656 (S.D.N.Y. June 11, 2018) ........................................................................................................ 6

*EEOC v. Int'l Ass'n of Bridge Structural & Ornamental Ironworkers Local 580*, No. 71-cv-02877 (RLC), 2008 U.S. Dist. LEXIS 63563 (S.D.N.Y. Aug. 18, 2008) ............................... 13

*Gonzalez v. El Acajutla Rest. Inc.*, No. 04-cv-01513 (JO), 2007 U.S. Dist. LEXIS 19690 (E.D.N.Y. Mar. 20, 2007) ....................................................................................................... 2

*Hasemann v. Gerber Prodcs. Co.*, No. 15-cv-02995 (MKB) (RER), 16-cv-01153 (MKB) (RER), 17-cv-00093 (MKB) (RER), 2019 U.S. Dist. LEXIS 28770 (E.D.N.Y. Feb. 20, 2019) ........... 9

*Hidalgo v. 3 841 Hardware Inc.*, No. 13-cv-06202 (AJN), 2014 U.S. Dist. LEXIS 151223 (S.D.N.Y. Oct. 24, 2014)....................................................................................................... 13

*Kuebel v. Black & Decker Inc.*, 643 F.3d 352 (2d Cir. 2011)......................................................... 9

*Morrison v. Ocean State Jobbers, Inc.*, No. 09cv-01285 (AWT), 2010 U.S. Dist. LEXIS 48560 (D. Conn. May 17, 2010) ..................................................................................................... 11

*Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, No. 13-cv-05475 (JS) (AKT), 2015 U.S. Dist. LEXIS 174589 (E.D.N.Y. Aug. 26, 2015)................................... 9

*Payamps v. M&M Convenience Deli & Grocery Corp.*, No. 16-cv-04895 (LDH) (SJB), 2019 U.S. Dist. LEXIS 212875 (E.D.N.Y. Dec. 9, 2019)................................................................. 6

*Salazar v. M Gourmet Deli Grill Corp.*, No. 19-cv-05861 (ENV) (PK), 2020 U.S. Dist. LEXIS 223318 (E.D.N.Y. Nov. 25, 2020) ........................................................................................ 7

*Socias v. Vornado Realty L.P.*, No. 13-cv-02151 (RLM), 2016 U.S. Dist. LEXIS 164437 (E.D.N.Y. Nov. 3, 2016) ..................................................................................................... 10

*United States .v Connolly*, No. 16-cr-00370 (CM), 2019 U.S. Dist. LEXIS 79580 (S.D.N.Y. May 2, 2019) ............................................................................................................................... 9

*Vazquez v. Wally's Deli & Grocery Corp.*, 482 F. Supp. 3d 178 (S.D.N.Y. 2020)....................... 7

**Statutes**

29 U.S.C. § 216(b) ................................................................................................................ 1

**Rules**

Fed. R. Civ. P. 26(g)(1)(A) ................................................................................................ 11

Fed. R. Civ. P. 33(b) .......................................................................................................... 3

Fed. R. Civ. P.(a)(1) ........................................................................................................... 3

**Regulations**

12 N.Y.C.R.R. § 146-3.5(b) ............................................................................................... 8

Plaintiff Luis Antonio Ortiz Ochoa ("Ochoa"), by and through undersigned counsel, upon all prior papers filed in this action, respectfully submits the following memorandum of law in opposition to Defendants' motion (1) for attorney fees, costs, and sanctions pursuant to Sections 1746 and 1927 of Title 28 of the United States Code, Rules 26(g)(3) and 37(c)(1) of the Federal Rules of Civil Procedure, and the Court's inherent authority, and (2) to strike Ochoa's Complaint pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, Section 1927 of Title 28 of the United States Code, and the Court's inherent authority.

## FACTS AND PROCEDURAL BACKGROUND

Ochoa, through his attorneys, Michael Faillace & Associates, P.C., filed his Complaint in this matter on October 15, 2018. *See* Dkt. No. 1. In his Complaint, Ochoa alleges in relevant part that he worked as a "grill man at the deli located at 1461 [Fifth Avenue], New York, NY 10035," "from approximately August 2017 until on or about September 10, 2018," "from approximately 6:00 a.m. until on or about 5:20 p.m. to 5:30 p.m., 7 days a week," and that "Defendants own, operate, or control" this deli "under the name 'Prince Deli Grocery.'" *Id.* ¶¶ 2, 4, 15, 32, 37. Ochoa sought to pursue claims: for unpaid overtime under the Fair Labor Standards Act and New York Labor Law, for unpaid spread of time under New York Labor Law, for nonprovision of a wage notice at time of hire and wage statements with each payment of wages as required by New York Labor Law, for recovery of out-of-pocket costs for tools of the trade under New York Labor Law, for recovery of unlawful meal and uniform deductions under New York Labor Law, and for recovery of untimely wage payments under New York Labor Law. *Id.* ¶¶ 65–97.

Because Ochoa sought to an overtime claim under the Fair Labor Standards Act, he submitted a signed statement that he consented to join this action as a party plaintiff. *Id.*, at *19; *see* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in the preceding sentences may be maintained against any employer… in any Federal or State court of competent jurisdiction

1

by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see also Gonzalez v. El Acajutla Rest. Inc.*, No. 04-cv-01513 (JO), 2007 U.S. Dist. LEXIS 19690, at *14–15 (E.D.N.Y. Mar. 20, 2007) ("The case law, like the statute itself, requires named plaintiffs as well as others to submit a written consent to join in a collective action under the FLSA and is not satisfied by the filing of the complaint itself.") (collecting cases). The consent contained nothing other than acknowledgement of Ochoa's consent to join this lawsuit, and did not contain a verification or statement under oath. *C.f.* N.Y. C.P.L.R. § 3020(a) ("A verification is a statement under oath that the pleading is true to the knowledge of the deponent, except as to matters alleged on information and belief, and that as to those matters he believes it to be true.").

Plaintiff's damage computation is dated April 10, 2019, not December 27, 2018. *See* Ex. C, at *3. It is prominently marked "Subject to Revision/Correction," and contains notes that "[t]his chart is based upon preliminary information and the expected testimony of Plaintiffs," "Plaintiffs reserve the right to correct or amend this chart," and "[t]his Chart was prepared without the benefit of discovery, or the benefits of Defendants' required wage and hour records under the FLSA and NYLL." *Id.*, at *2.

Defendants Answered the Complaint on July 1, 2019, and admitted that they owned, operated, or controlled Prince Deli Grocery, but denied or denied knowledge sufficient to form the basis of a belief as to Plaintiff's remaining allegations. *See* Dkt. No. 21 ¶¶ 2, 18, 21.

Defendants served the first set of ten interrogatories,[1] on Plaintiff on the same day their Answer was filed, before the initial conference was held and case management order entered. *See* Ex. D (interrogatories); *see also* Dkt. No. 52-8 (document demands). Plaintiff did not respond to either Defendants' first interrogatories or first document demands within 30 days. However, Defendants did not take any action to seek production of Plaintiff's responses until more than a year later, on July 22, 2020. *See* Ex. D.

Defendants served a second set of eighteen interrogatories (for a total of 28, three more than they were entitled to, *see* Fed. R. Civ. P.(a)(1), an objection which Plaintiff raised—*see* Exs. F, at *4, H, at *4) on June 16, 2020. *See* Ex. G.

Plaintiff's counsel electronically executed and served responses to Defendants' first and second sets of interrogatories on July 27, 2020. *See* Exs. F, H. These responses were not executed or verified by Plaintiff himself. *C.f.* Fed. R. Civ. P. 33(b) ("(1) The interrogatories must be answered: (A) by the party to whom they are directed;… (3) Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.… (5) The person who makes the answers must sign them, and the attorney who objects must sign any objections."). While this may speak ill of prior counsel's practice, it also means that the statements in Plaintiff's first responses to Defendants' first and second sets of interrogatories were not Plaintiff's statements and have no value in showing the truth or falsity of any statement by Plaintiff. Defendants noted these failures to verify, and other purported deficiencies, in a deficiency letter on July 27, 2020. *See* Ex. I. Plaintiff submitted executed, amended responses to Defendants' first and second sets of interrogatories on August 4, 2020. *See* Exs. J, K.

---

[1] Defendants also served document demands with their interrogatories, but these do not form the basis of Defendants' motion and are not further discussed.

Plaintiff makes no affirmative statements regarding his term of employment or hours worked in his response to Defendants' first set of interrogatories. *See* Ex. J. He did, however, identify *Ortiz v. Red Hook Gourmet Deli*, No. 17-cv-07095 (E.D.N.Y.) as another lawsuit he had filed against an employer. *See* Ex. J ¶ 8.

In response to Defendants' second set of interrogatories, he stated that he started working for Defendants in August 2017, but noted that he was in "a worse position to produce this information to Defendants than Defendants are to find it themselves." Ex. K. ¶ 2. He stated that he stopped working for Defendants on September 10, 2018, but again noted that "Defendants are in a substantially better position to determine the exact date that Plaintiff stopped working for them." Ex. K. ¶ 3. He stated that there was no period when he did not perform services for Defendants, but again noted that "the answer to this interrogatory would be more easily determined from the Defendants' business records than the Plaintiffs' (sic.) memory." Ex. K ¶ 4. He stated that he performed work for Defendants during each week between August 2017 and September 10, 2018, but again noted that "the answer to this interrogatory would be more easily determined from the Defendants' business records than the Plaintiffs' (sic.) memory." Ex. K. ¶ 5. He stated that his working days began at 6:00 AM, but that "the answer to this interrogatory would be more easily determined from the Defendants' business records than the Plaintiffs' (sic.) memory." Ex. K ¶ 6. He stated that his working days ended between 5:20 and 5:30 PM, but that "the answer to this interrogatory would be more easily determined from the Defendants' business records than the Plaintiffs' (sic.) memory." Ex. K ¶ 7. He stated that he worked seven days per week, but that "the answer to this interrogatory would be more easily determined from the Defendants' business records than the Plaintiffs' memory." Ex. K ¶ 8. He stated that his schedule remained the same

through his employment, but that the information about changes to his schedule "may be ascertained from the business records of Defendants." Ex. K ¶ 9.

Ochoa's verification specified that his statements as to fact were "true and correct *to the best of my knowledge*." Ex. K, at *9 (emphasis added). At every step of the way, he was clear that he was relying on his memory, that his memory was the imperfect memory of a human being, and that he would welcome production of documents by the Defendants to supplement, refresh, or supersede his recollection.

Defendants, however, did not make any disclosures required of them under Rule 26(a). Plaintiff's prior counsel had served Defendants, through counsel, document demands and interrogatories on June 22, 2020. *See* Dkt. No. 52-14. Defendants would not respond until January 14, 2021, about six months later. *See* Dkt. Nos. 52-15, 52-16. When they did so, their production consisted of: the documents filed at Dkt. No. 40-2; an ST-100 New York State and Local Quarterly Sales and Use Tax Return for December 1, 2017 through February 28, 2018; Plaintiff's consent to join this lawsuit, the Complaint in *Red Hook*, and Complaints in two other lawsuits—and did not contain any documents showing Plaintiff's days worked per week, hours worked per day or per week, or wages paid. That same day, Defendants sought leave to move to sanction Plaintiff and his prior counsel, despite knowing about Ochoa's lawsuit in *Red Hook* since August 2020. *See* Ex. J ¶ 8.

Defendants' letter having brought the overlap of the allegations in *Red Hook* and this case to Plaintiff's counsel's attention, Plaintiff's counsel moved to withdraw from representing Plaintiff in this case, and submitted a letter to the Court in *Red Hook* advising the Court that "the dates of employment set for[th] in the Complaint are somewhat inaccurate," and that the correct dates of employment "as now provided to my firm are April 2016 until on or about June 6, 2017." Dkt. No.

5

52-5. Plaintiff had previously filed affidavits in *Red Hook* swearing to the inaccurate dates of employment found in his Complaint in that case. His attorney has conceded that those statements were erroneous. In response, the Court in *Red Hook* directed Plaintiff to submit a revised judgment incorporating the correct dates. On February 2, 2021, Plaintiff filed a proposed amended judgment reducing his recovery to $38,180.31. *See* Dkt. No. 52-6. The Court in *Red Hook* has not yet taken any action with respect to the proposed amended judgment, or any action to sanction Plaintiff or his counsel for submitting affidavits containing false information, or indeed any action at all. *See* attached docket sheet current as of today.

At a conference on February 19, 2021, the Court declined to rule on sanctions because the record before it was "ipse dixit," and invited the parties to introduce affidavits in support of their positions. Defendants have not introduced affidavits in support of their position, and the documentary record before the Court is barely supplemented from where it was in February.

## <u>ARGUMENT</u>

### I.    SANCTIONS ARE NOT WARRANTED UNDER SECTION 1746 OF TITLE 28 OF THE UNITED STATES CODE

There is nothing facially impossible in itself about an employee working 84 hours per week. *See*, *e.g.*, *Dominguez v. 322 Rest. Corp.*, No. 14-cv-03643 (RA) (HBP), 2018 U.S. Dist. LEXIS 98656, at *29–30 (S.D.N.Y. June 11, 2018) (finding that a restaurant employee "consistently worked between 72 and 96 hours per week"); *Choudry v. Durrani*, No. 14-cv-04562 (SIL), 2016 U.S. Dist. LEXIS 156365, at *28–32 (E.D.N.Y. Nov. 10, 2016) (finding that a smoke shop employee worked 126 hours per week—note that a finding that the employee worked 80.5 hours per week was the *employer's* fallback position); *Payamps v. M&M Convenience Deli & Grocery Corp.*, No. 16-cv-04895 (LDH) (SJB), 2019 U.S. Dist. LEXIS 212875, at *20–21 (E.D.N.Y. Dec. 9, 2019) (finding that two deli-grocery employees both worked 84 hours some

weeks and 105 hours in other weeks); *Salazar v. M Gourmet Deli Grill Corp.*, No. 19-cv-05861 (ENV) (PK), 2020 U.S. Dist. LEXIS 223318, at *2 (E.D.N.Y. Nov. 25, 2020) (finding a deli employee worked 72 hours some weeks and 84 hours other weeks); *Vazquez v. Wally's Deli & Grocery Corp.*, 482 F. Supp. 3d 178, 185 (S.D.N.Y. 2020) (finding that a deli employee's hours "ranged between 60 and 112 hours, but the majority of his weeks ranged between 72 and 84 hours").

Defendants attempt to claim that the similarities between the allegations in Ochoa's lawsuits should give rise to an inference of in-credibility in all of them, and in particular this lawsuit. However, Ochoa's allegations as regards his hours in his prior cases differ substantially from each other and from his allegations in this case. In his Complaint in *Red Hook*, he alleged that he worked from 12:00 P.M. to 12:00 A.M., seven days per week (so 84 hours per week) for August 22, 2016 through August 2017, and from 3:00 P.M. to 12:00 A.M., seven days per week (so 63 hours per week) from September 2017 to October 25, 2017. *See* Ex. L ¶¶ 38–39; *but see* Dkt. No. 52-5 (employment start date should be April 2016 and end date should be June 6, 2017). In his Complaint in *Marketplace 41*, he alleged that he worked from approximately 5:30 A.M. or 6:00 A.M. to approximately 4:00 P.M. or 4:30 P.M, five days per week[2] (so between 50 and 55 hours per week). Ex. M ¶ 245. In his Complaint in *Prestige*, he alleged that he worked from about 6:00 A.M. to about 6:00 P.M., seven days per week (so 84 hours per week), October 2018 through January 2017. Ex. N ¶ 37. In this case, he alleges that he worked from about 6:00 A.M. to between 5:20 and 5:30 P.M., seven days per week (so between 79.33 and 80.5 hours per week). Ex. 6–8. His start and end times for his working days differ wildly across his cases. The only cases where

---

[2] The Complaint pleads that Ochoa worked "Mondays through Thursdays" and "Fridays through Sundays," but calculates that he worked between 50 and 55 hours per week, the results if you assume a 5-day workweek with 10-hour (e.g., 6:00 A.M.–4:00 P.M.) days, or a 5-day workweek with 11-hour (e.g., 5:30 A.M.–4:30 P.M.) days.

the hours per week coincidentally add up to the same total are *Red Hook* and *Prestige*. Defendants'
repeated assertions that Ochoa is alleging an 84-hour workweek in this case are baseless and
misleading.

Similarly, Ochoa's claims regarding his wage rates vary between cases. In *Red Hook*, he
claimed he was paid a salary of $750.00 per week, and his claim for unpaid overtime was based
on this. *See* Ex. L ¶ 42; *see* 12 N.Y.C.R.R. § 146-3.5(b) ("If an employer fails to pay an employee
an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the
employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of
40 hours or the actual number of hours worked by that employee during the work week."). In
*Marketplace 41*, he alleged he was paid a salary of $700.00 per week, and his overtime claims
were based on this. Ex. M ¶ 247. In this case and in *Prestige*, however, Ochoa claims that he was
paid hourly rates, but was paid at his straight-time rates for overtime hours and was not paid an
overtime premium. *See* Dkt. No. 1 ¶¶ 39–40; Ex. N ¶ 15.

### a.   OCHOA DID NOT COMMIT PERJURY IN HIS VERIFIED RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Ochoa made no affirmative statement in response to interrogatory 9 in Defendants' first
interrogatories. He referred instead to an annexed damage calculation. It is not annexed in
Defendants' Exhibit J, but presumably this refers to Exhibit C to Defendants' motion. That chart
is prominently marked "Subject to Revision/Correction," and contains notes that "[t]his chart is
based upon preliminary information and the expected testimony of Plaintiffs," "Plaintiffs reserve
the right to correct or amend this chart," and "[t]his Chart was prepared without the benefit of
discovery, or the benefits of Defendants' required wage and hour records under the FLSA and
NYLL." *Id.*, at *2. Providing a preliminary account of damages, that can and should be amended
later in response to discovery, is not only not sanctionable, it is required. *See Official Comm. of*

*Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, No. 13-cv-05475 (JS) (AKT) 2015 U.S. Dist. LEXIS 174589, at *19–20 (E.D.N.Y. Aug. 26, 2015) ("[N]either preclusion nor any other Rule 37(c) sanction is appropriate or warranted here. The Court finds that Plaintiff has complied with its obligations under Rule 26(a) to provide its best estimate of damages available at the time the Initial Disclosures were served. As in every other civil case, damages calculations are often fluid and subject to amendment as discovery progresses. Plaintiff has an ongoing obligation to supplement its damages calculations right up to the deadline for the conclusion of the discovery phase of the case."). Discovery has not yet ended, and in particular Defendants have not yet taken Ochoa's deposition. As such, Plaintiff's time to amend his damage calculations and interrogatory responses has not yet run, to the extent such amendments are needed, has not yet run out.

### b.    OCHOA DID NOT COMMIT PERJURY IN HIS VERIFIED RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES

"A witness commits perjury if he gives false testimony concerning a material matter with the willful intent to provide false testimony, as distinguished from incorrect testimony resulting from confusion, mistake, or faulty memory." *Cusamano v. Donelli*, No. 06-cv-06047 (PAC) (THK), 2007 U.S. Dist. LEXIS 99534, at *46 (S.D.N.Y. Dec. 19, 2007); *see also Hasemann v. Gerber Prodcs. Co.*, No. 15-cv-02995 (MKB) (RER), 16-cv-01153 (MKB) (RER), 17-cv-00093 (MKB) (RER), 2019 U.S. Dist. LEXIS 28770, at *24 (E.D.N.Y. Feb. 20, 2019) ("Human memory is fallible"); *United States .v Connolly*, No. 16-cr-00370 (CM), 2019 U.S. Dist. LEXIS 79580, at *67–68 (S.D.N.Y. May 2, 2019) ("Simple inaccuracies or inconsistencies in testimony do not rise to the level of perjury.").

Ochoa was forthright about approximating in his interrogatory responses based on his recollection, something he is entitled to do. *See Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) ("It is well settled among the district courts of this Circuit, and we agree, that it is

possible for a plaintiff to meet this burden [of presenting sufficient evidence to show the amount and extent of his uncompensated work as a matter of just and reasonable inference] through estimates based on his own recollection."). Part of the purpose of discovery is to refine a plaintiff's allegations as information and documents are exchanged. *See Socias v. Vornado Realty L.P.*, No. 13-cv-02151 (RLM), 2016 U.S. Dist. LEXIS 164437, at *7–8 (E.D.N.Y. Nov. 3, 2016) ("Though plaintiff initially estimated his uncompensated overtime to be 235 hours, subsequent document productions from Acqua Treat led plaintiff to review his own records and revise his estimate down to 154 hours."). However, just like at the time his computation of damages was prepared, at the time he executed his interrogatories, Ochoa did not have access to any information or documents from Defendants. Concededly, he or his former attorney could and perhaps should have spotted the overlap in claimed employment period with *Red Hook* and amended the allegations in *Red Hook* sooner, but that does not make the statements in this case false. And the oversight is perhaps excusable in light of the fact that either Defense counsel didn't spot the overlap either, or sat on it for five months before crying perjury and demanding sanctions. Something they did at the same instant they served their discovery responses, giving Ochoa no time to amend his damage calculation, or his interrogatory responses, in light of the documents they produced.

      c.    OCHOA'S FALSE STATEMENTS TO THE COURT IN *RED HOOK* WERE NOT PERJURY AND ARE NOT DISPOSITIVE OF HIS COMMITTING PERJURY IN THIS CASE

This Court has no authority to adjudicate any matter not before it, including *Red Hook*, or to sanction Ochoa for any conduct in *Red Hook* (that decision should be left to the judge on that case), or to direct the judge in *Red Hook* how to manage her case. It has only the power to decide the issues before it. So while Ochoa has concededly submitted sworn statements containing false information to the Court in *Red Hook*, that is only relevant to this case for the purpose of evaluating Plaintiff's credibility, and does not dispose of any finding that he committed perjury in this case.

*See Morrison v. Ocean State Jobbers, Inc.*, No. 09cv-01285 (AWT), 2010 U.S. Dist. LEXIS 48560, at *16 (D. Conn. May 17, 2010) (the plaintiff making inconsistent statements across several lawsuits "do[es] not have any bearing on whether or not [the defendant] violated the FLSA in connection with its employment of [employees in the case before the Court]."). There is nothing in the record, either before this Court or in *Red Hook*, to suggest that Ochoa's false statements in *Red Hook* were made willfully, rather than resulting from confusion, mistake, or faulty memory. The Court in *Red Hook* may probe further into this—Defendants may certainly do so in the discovery they have remaining. But at this time, the record simply cannot support a finding of perjury, either in *Red Hook* or in this case.

## II.    SANCTIONS ARE NOT WARRANTED UNDER RULE 26(G)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE BECAUSE DEFENDANTS HAVE NOT SHOWN VIOLATION OF RULE 26(G)(1)

Sanctions under Rule 26(g) are justified only if, with respect to a disclosure, if it not complete or correct as of the time it is made. *See* Fed. R. Civ. P. 26(g)(1)(A) (violations of Rule 26(g)(1)(B) also warrant sanctions, but are not alleged here—the only alleged violation is that Ochoa's statements in his interrogatory responses in this case were not truthful). But Defendants have not shown that Ochoa's disclosures were not complete or correct, only that they were inconsistent with his prior statements in *Red Hook*, statements Ochoa has since disavowed through counsel. Whether Ochoa has cured his prior statements to the satisfaction of the Court in *Red Hook* is up to the Court in *Red Hook*, not this Court. So far, the only thing the Court in *Red Hook* has required of Ochoa is submission of a revised judgment consistent with his revised allegations.

*Scottsdale Ins. Co. v. United Indus. & Constr. Corp.* and *Cine Forty-Second St. Theatre Corp. v. Alied Artists Pictures Corp.*, upon which Defendants rely, does not speak to the issues in this case. First, Defendants do not base their motion on the lateness of Ochoa's response to their first interrogatories. Second, Ochoa's response to their second interrogatories was timely. Third,

Defendants never moved to compel a response to their discovery demands, and *Scottsdale* is clear that monetary sanctions are warranted only "if discovery is provided only after a motion to compel discovery is filed." *Scottsdale Ins. Co. v. United Indus. & Constr. Corp.*, No. 12-cv-05732 (RRM) (LB), 2014 U.S. Dist. LEXIS 204367, at *3 (E.D.N.Y. Jan. 14, 2014). Fourth, Defendants cannot make a timeliness argument with clean hands, having delayed from June 2020 to January 2021 to provide Plaintiff with responses to his discovery demands.

Defendants correctly note that Ochoa's declaration in support of default judgment in *Red Hook* was filed four months before he commenced this action. Defendants falsely claim that Plaintiff prepared his damage computation on December 27, 2018, two months before filing a supplemental declaration in *Red Hook* on February 11, 2019. In fact it was prepared two months after the filing of the supplemental declaration in *Red Hook*, on April 10, 2019. *See* Ex. C. The date December 27, 2018 appears nowhere in the damage computation. And he only referred to that damage computation in his interrogatory response more than a year later, on August 4, 2020.

## III.   SANCTIONS ARE NOT WARRANTED UNDER RULE 37(C)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

### a.   DEFENDANTS HAVE NOT SHOWN CULPABILITY

The only argument Defendants make in support of Ochoa's knowledge of information that contradicted his interrogatory responses is that he "aver[ed]" that he reviewed the initial Complaints." This a falsehood. Ochoa's consent forms do not contain declarations that he read his complaints, or that he certifies the truth of their contents—only that he wants to join the lawsuits. *See* Exs. L, at *20; M, at *62; N, at *18.

### b.   EVIDENCE WAS NOT WITHHELD

Ochoa did not withhold evidence. He was asked to identify other cases where he had sued an employer, and identified *Red Hook* as such a case in his responses to Defendants' first set of

interrogatories. The cases upon which Defendants rely are not applicable to this situation. All resulted from withholdings of documents, but Defendants do not allege that Ochoa withheld documents; their motion is based solely on Ochoa's interrogatory responses. Even if they had argued that Ochoa had withheld documents, that argument would be unavailing. Defendants requested "each and every document" related to those cases as Defendants requested (*see* Dkt. No. 52-10 ¶ 24), would have been burdensome for Ochoa or his counsel to produce inasmuch as three case files would contain voluminous documents, and would have required privilege and relevance review. Meanwhile, *Red Hook*'s docket entries (which are the only documents related to that case Defendants have made use of, giving the lie to their need for "each and every" document related to the case), and the docket entries of his other cases, are readily available to Defense counsel on PACER. Plaintiff disclosed in his interrogatory response all the information needed to access those PACER docket entries: the case name and number.

### IV.     THE HARSH SANCTION OF DISMISSAL IS NOT WARRANTED

For the reasons stated above, Defendants have not shown perjury, false certifications, or failure to produce or supplement. Accordingly, not only are monetary sanctions not warranted, the harsh sanction of dismissal is especially not warranted. *See EEOC v. Int'l Ass'n of Bridge Structural & Ornamental Ironworkers Local 580*, No. 71-cv-02877 (RLC), 2008 U.S. Dist. LEXIS 63563, at *6–7 (S.D.N.Y. Aug. 18, 2008). *Hidalgo v. 3 841 Hardware Inc.*, upon which Defendants rely, is highly distinguishable; the "egregious conduct" Judge Nathan highlighted was plaintiff's giving of false testimony regarding whether he had signed a settlement agreement, which delayed the litigation and cost the parties and the court significant expenses. *See Hidalgo v. 3 841 Hardware Inc.*, No. 13-cv-06202 (AJN), 2014 U.S. Dist. LEXIS 151223, at *9–10 (S.D.N.Y. Oct. 24, 2014). There has been, nor for the reasons stated above should there be, any finding that Ochoa has made a false statement in this case, and if anyone has delayed the litigation, it is

Defendants by not responding to Plaintiff's discovery demands and then by burdening the Court with this frivolous motion.

**V.   THE COURT SHOULD NOT IMPOSE SANCTIONS UNDER ITS INHERENT AUTHORITY**

While the Court has the discretion to impose sanctions under its inherent authority, it should decline to do so for the same reasons sanctions are not warranted under the statutes and rules previously discussed.

<u>**CONCLUSION**</u>

For the reasons stated above, Defendants' motion for sanctions should be denied in its entirety, and the Court should award such other and further relief as to it seems just and proper.

Dated: March 26, 2021
      Flushing, New York

                    Respectfully submitted,
                    TROY LAW, PLLC

                    */s/ John Troy*
                    John Troy
                    41-25 Kissena Boulevard
                    Suite 103
                    Flushing, NY 11355
                    Tel: (718) 762-1324
                    Fax: (718) 762-1342
                    troylaw@troypllc.com
                    *Attorneys for Plaintiff*