UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LUIS ANTONIO ORTIZ OCHOA, *individually and on behalf of others similarly situated,*

Case No.: 1:18-cv-09417

Hon. Judge Edgardo Ramos

*Plaintiff*,

-against-

PRINCE DELI GROCERY CORP. (D/B/A PRINCE DELI GROCERY) and ABDO S. ANAM (A.K.A. ABDO SALEH),

*Defendants*.
----------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR: (I) ATTORNEYS' FEES, COSTS, AND SANCTIONS
PURSUANT TO 28 U.S.C. § 1746, FED.R.CIV.P. 26(g)(3), 37(c)(1), 28 U.S.C. § 1927 AND
THE COURT'S INHERENT AUTHORITY; AND (II) TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FED.R.CIV.P. 37(b)(2)(A),
<u>28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY</u>**

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
420 Lexington Avenue, Suite 2525
New York, NY 10170
*Attorneys for Defendants*

Dated: New York, New York
      April 26, 2021

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................. 2

    I.    Plaintiff's Failure to Address Certain Arguments Results in Abandonment ...................... 2

    II.   The Court Should Respectfully Decline to Consider the Conclusory and Unsupported Assertions in Plaintiff's Opp. .................................................................................................. 3

    III.  The Plaintiff's "Faulty Memory" Defense is Unsupported by Law ................................... 4

        A.   Plaintiff's Reliance on the FLSA's Burden-Shifting Framework is Wholly Misplaced ........................................................................................................................ 5

    IV.  Defendants are Entitled to Sanctions Under 28 U.S.C. § 1746 .......................................... 6

    V.   Plaintiff's Corrective Letter in the Red Hook Action is a Lawyers' Contrivance .............. 8

    VI.  Defendants are Entitled to Sanctions Under Fed.R.Civ.P. 26(g)(3) ................................... 8

    VII. Defendants are Entitled to Sanctions Under Fed.R.Civ.P. 37(c)(1) ................................... 9

    VIII. Defendants are Entitled to an Order Dismissing the Federal Court Action Under Fed.R.Civ.P. 37(b)(2)(a) ........................................................................................................ 10

    IX.  Defendants are Entitled to Sanctions Against Plaintiff Under the Court's Inherent Authority ................................................................................................................................. 11

CONCLUSION ....................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Anti–Monopoly, Inc. v. Hasbro, Inc.*,
 958 F. Supp. 895 (S.D.N.Y. 1997) ............................................................................... 3

*Bao Guo Zhang v. Shun Lee Palace Rest., Inc.*,
 2021 WL 634717 (S.D.N.Y. 2021) ............................................................................... 2

*Bonilla v. Smithfield Assocs. LLC*,
 2009 WL 4457304 (S.D.N.Y. 2009) ............................................................................. 3

*Calabrese v. CSC Holdings, Inc.*,
 2009 WL 425879 (E.D.N.Y. 2009) ............................................................................... 4

*Chen v. Best Miyako Sushi Corp.*,
 2021 WL 707273 (S.D.N.Y. 2021) ............................................................................... 2

*Colliton v. Cravath, Swaine & Moore LLP*,
 2008 WL 4386764 (S.D.N.Y. 2008) ........................................................................... 10

*Daval Steel Prods. v. M/V Fakredine*,
 951 F.2d 1357 (2d Cir. 1991) ..................................................................................... 10

*Field Day, LLC v. Cty. of Suffolk*,
 2005 WL 2445794 (E.D.N.Y. 2005) ............................................................................. 5

*Gesualdi v. J.H. Reid, Gen. Contractor*,
 2017 WL 752157 (E.D.N.Y. 2017) ........................................................................... 4, 5

*Glidepath Holding v. Spherion Corp.*,
 590 F. Supp. 2d 435 (S.D.N.Y. 2007) ........................................................................... 5

*Hidalgo v. 3841 Hardware Inc.*,
 2014 WL 5410011 (S.D.N.Y. 2014) ........................................................................... 10

*Kilkenny v. L. Off. of Cushner & Garvey, L.L.P.*,
 2012 WL 1638326 (S.D.N.Y. 2012) ........................................................................... 10

*Kiobel v. Royal Dutch Petroleum Co.*,
 2009 WL 1810104 (S.D.N.Y. 2009) ............................................................................. 9

*Lenahan v. City of New York*,
 2020 WL 7059349 (S.D.N.Y. 2020) ............................................................................. 4

*Lundie v. Comm'r of Soc. Sec.*,
    2021 WL 1224378 (E.D.N.Y. 2021) .................................................................................. 4

*Markey v. Lapolla Indus., Inc.*,
    2015 WL 5027522 (E.D.N.Y. 2015) .................................................................................. 8

*Mendoza v. Cornell Univ.*,
    2021 WL 918622 (S.D.N.Y. 2021) .................................................................................. 10

*Omega v. 375 Canal*,
    12-cv-6979 (S.D.N.Y. 2017) ............................................................................................ 8

*Panora v. Deenora Corp*,
    2021 WL 736414 (E.D.N.Y. 2021) .................................................................................. 2

*Thomas v. Atl. Express Corp.*,
    2009 WL 856993 (S.D.N.Y. 2009) .................................................................................. 3

*Transatlantic Bulk Shipping Ltd. v. Saudi Chartering S.A.*,
    112 F.R.D. 185 (S.D.N.Y. 1986) ...................................................................................... 4

*United States v. Turkiye Halk Bankasi A.S.*,
    2019 WL 7944419 (S.D.N.Y. 2019) ................................................................................ 8

*Universal Health Servs. v. United States ex rel. Escobar*,
    136 S. Ct. 1989 (2016) ...................................................................................................... 7

*Weinrib v. Winthrop-Univ. Hosp.*,
    2016 WL 1122033 (E.D.N.Y. 2016) ................................................................................ 5

*Yang v. An Ju Home, Inc.*,
    2021 WL 1044160 (S.D.N.Y. 2021) ................................................................................ 2

*Yi Mei Ke v. J R Sushi 2 Inc.*,
    2021 WL 965037 (S.D.N.Y. 2021) .................................................................................. 2

*Youmans v. Schiro*,
    2013 WL 6284422 (S.D.N.Y. 2013) ................................................................................ 3

*Yu Zhang v. Sabrina USA Inc*,
    2019 WL 6724351 (S.D.N.Y. 2019) ................................................................................ 6

*Yu Zhang v. Sabrina USA Inc.*,
    2021 WL 1198932 S.D.N.Y. 2021) .................................................................................. 2

*Yunjian Lin v. Grand Sichuan 74 St Inc.*,
    2021 WL 509901 (S.D.N.Y. 2021) .................................................................................. 2

Defendants Prince Deli Grocery Corp. ("Prince Deli") and Abdo S. Anam ("Mr. Anam", and together with Prince Deli, the "Defendants"), by and through the undersigned counsel, Levin-Epstein & Associates, P.C., respectfully submit this Memorandum of Law in further support of Defendants' motion for sanctions dated March 11, 2021 [Dckt. Nos. 56-58] (the "Motion for Sanctions"), and as grounds thereto respectfully state as follows:

## PRELIMINARY STATEMENT

Plaintiff's Memorandum of Law dated March 26, 2021 in opposition to Defendants' Motion for Sanctions [Dckt. No. 61] ("Plaintiff's Opp."), provides no justification for perjurious verified responses to Defendants' interrogatories in this action that cannot be reconciled with Plaintiff's two sworn declarations in another of Plaintiff's four (4) federal wage-and-hour actions, the Red Hook Deli Action[1]. As of the date of this reply, Plaintiff Luis Antonio Ortiz Ochoa (the "Plaintiff") continues to mislead this Court and the court in Red Hook Deli Action because Plaintiff has not adequately corrected the record in Red Hook Deli Action, nor in this action. Plaintiff has not changed the critical and material allegations of hours alleged worked in this action nor filed an affidavit in the Red Hook Deli Action properly explaining the reasons why Plaintiff belatedly asked the court for a downward modification of the default judgment in the amount of $38,180.31. This is an insult to Defendants, this Court, and the court in the Red Hook Deli Action.

Plaintiff's Opp. fails to appreciate the gravity of the discovery abuses in this case where Plaintiff's employment history is undoubtedly the central issue before this Court. This is deeply troubling considering Plaintiff's newest counsel's documented history of serious litigation misconduct. Just in the last two (2) months, Troy Law, PLLC (the "Troy Law Firm") has been sanctioned or reprimanded for the following: sending unapproved consent-to-join forms that

---

[1] The "Red Hook Deli Action" refers to *Ortiz Ochoa et al v. Red Hook Gourmet Deli et al*, E.D.N.Y., Case No.: 17-cv-7095-RRM-RLM.

1

contained inaccurate information to potential opt-in plaintiffs[2]; asserting "disingenuous"[3] and "meritless"[4] claims in wage-and-hour actions, based on "misleading" information[5]; submitting inflated billing records[6]; failing to diligently represent their clients[7]; and pursuing meritless default judgments[8]. Respectfully, enough is enough.

Plaintiff's Opp. argues that sanctions are not warranted for two meritless reasons: (i) the false information in Plaintiff's responses to Defendants' interrogatories were the result of Plaintiff's "imperfect memory" [Plaintiff's Opp. at p. 5]; and (ii) Plaintiff should not be punished for – admittedly – committing perjury in the Red Hook Deli Action [*id.* at p. 10].[9] These arguments are simply disingenuous because Plaintiff's arguments are unsupported by law or competent evidence. It is quite telling that Plaintiff did not even submit an affidavit to support the "imperfect memory" [Plaintiff's Opp. at p. 5] supposedly excusing Plaintiff's falsely sworn interrogatories.

Accordingly, Defendants' Motion for Sanctions should be granted in its entirety.

## ARGUMENT

### I. Plaintiff's Failure to Address Certain Arguments Results in Abandonment

As a preliminary matter, Plaintiff's Opp. inexplicably fails to address the following arguments set forth in Defendants' Motion for Sanctions:

1. Plaintiff's failure to truthfully respond to Defendants' interrogatories was not "substantially justified." [Dckt. No. 57 at p. 21].
2. Plaintiff's Third Cause of Action for spread-of-hours under the NYLL fails, as a matter of law. [*Id.* at p. 12 n.11].

---

[2] *Panora v. Deenora Corp*, 2021 WL 736414, at *3 (E.D.N.Y. 2021).
[3] *Yi Mei Ke v. J R Sushi 2 Inc*., 2021 WL 965037, at *3 (S.D.N.Y. 2021).
[4] *Bao Guo Zhang v. Shun Lee Palace Rest., Inc*., 2021 WL 634717, at *18 (S.D.N.Y. 2021).
[5] *Yu Zhang v. Sabrina USA Inc*., 2021 WL 1198932, at *4 (S.D.N.Y. 2021); *see also id.* at Dckt. No. 53 (April 14, 2020 Order) ("[t]his is not the first time that [the Troy Law Firm] have made conflicting representations to the Court.")
[6] *Yunjian Lin v. Grand Sichuan 74 St Inc*., 2021 WL 509901, at *3 (S.D.N.Y. 2021).
[7] *Yang v. An Ju Home, Inc*., 2021 WL 1044160, at *2 (S.D.N.Y. 2021).
[8] *Chen v. Best Miyako Sushi Corp*., 2021 WL 707273, at *13 (S.D.N.Y. 2021), *report and recommendation adopted sub nom. Shiqiu Chen v. Best Miyako Sushi Corp.*, 2021 WL 706412 (S.D.N.Y. 2021).
[9] Plaintiff's Opp. boldly asserts that, "[t]his Court has no authority to adjudicate any matter not before it, including Red Hook, or to sanction Ochoa for any conduct in Red Hook (that decision should be left to the judge on that case), or to direct the judge in Red Hook how to manage her case." [Plaintiff's Opp. at p. 10].

3. The Faillace Firm's January 22, 2021 letter serves as a *de facto* admission of perjury. [*Id.* at p. 12 n.13].

4. Under penalty of perjury, Plaintiff asserted – twice – that he worked at Red Hook Deli 84-hours, seven (7) days per week from August 22, 2016 through October 25, 2017 – *i.e.*, a three (3) month period he allegedly worked at Prince Deli, 84-hours, seven (7) days per week. [*Id.* at pp. 20-1].

5. Plaintiff falsely certified, on four (4) occasions, that he satisfied his obligations under Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 26(g)(1). [*Id.* at p. 21].

6. Plaintiff's February 11, 2019 verified supplemental verified declaration in further support of the motion for default judgment in the Red Hook Deli Action was filed less than two (2) months after Plaintiff prepared his Rule 26(a) Damage Computation, dated December 27, 2018. [*Id.* at p. 22 n.15].[10]

7. The belated disclosed evidence is highly relevant and material to the bona fides of the dispute. [*Id.* at pp. 23-4].

The law is clear. District courts in this Circuit have found that "[a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims." *Youmans v. Schiro*, 2013 WL 6284422, at *5 (S.D.N.Y. 2013); *Bonilla v. Smithfield Assocs. LLC*, 2009 WL 4457304, at *4 (S.D.N.Y. 2009) (Dismissing certain claims where the plaintiff failed to respond to the defendant's arguments.); *Anti–Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue…which provides an independent basis for dismissal."), *aff'd*, 130 F.3d 1101 (2d Cir. 1997).

II.  **The Court Should Respectfully Decline to Consider the Conclusory and Unsupported Assertions in Plaintiff's Opp.**

The main argument undergirding Plaintiff's Opp. – that the false information in Plaintiff's responses were justifiable due to Plaintiff's "imperfect memory" [Plaintiff's Opp. at p. 5] – is an

---

[10] The Declaration of Joshua Levin-Epstein, Esq. (the "Epstein Decl.") [Dckt. No. 58 at ¶ 5, n.3] in support of Defendants' Motion for Sanctions avers:
> "Plaintiff's Rule 26(a) Damage Computation was sent to the undersigned counsel via electronic mail by Jesse S. Barton, Esq. of Plaintiff's former counsel, Michael Faillace & Associates, P.C. (the 'Faillace Firm'). The .pdf file attachment in the Faillace Firm's email was titled '**Damages Chart 12-27-18** (Prince Deli).'"

unsupported, conclusory assertion. This is a fatal evidentiary flaw.

It is well settled that "assertions in a memorandum of law cannot serve as a substitute for evidence." *Calabrese v. CSC Holdings, Inc*., 2009 WL 425879, at *17 (E.D.N.Y. 2009). Factual contentions must be supported by sworn factual allegations from an affiant with personal knowledge. *Gesualdi v. J.H. Reid, Gen. Contractor*, 2017 WL 752157, at *7 (E.D.N.Y. 2017). In the case at bar, the Plaintiff has failed to support its opposition with an affidavit or competent evidence. *See, e.g., Lundie v. Comm'r of Soc. Sec*., 2021 WL 1224378, at *6 (E.D.N.Y. 2021) (assertions in memorandum of law, unsupported by an affidavit, are inadmissible); *Lenahan v. City of New York*, 2020 WL 7059349, at *5 (S.D.N.Y. 2020) (granting sanctions where, "defendants failed to support their opposition to the motion with any evidence as no affidavit or exhibits were submitted"); *Transatlantic Bulk Shipping Ltd. v. Saudi Chartering S.A.*, 112 F.R.D. 185, 188 (S.D.N.Y. 1986) (sanctioning party in light of "the demonstrated falsity of the earlier denial and the absence of any affidavit by a person with knowledge" in opposition to motion for sanctions);

Accordingly, the Court should respectfully decline to consider the arguments contained in Plaintiff's Opp. at pp. 5, 9, 10, 11.

**III.   The Plaintiff's "Faulty Memory" Defense is Unsupported by Law**

The following arguments in Plaintiff's Opp. are not supported by *any* legal authority:

1. "[A]t every step of the way, [Plaintiff] was clear that he was relying on his memory, that his memory was the imperfect memory of a human being…"
2. "[Plaintiff] would welcome production of documents by the Defendants to supplement, refresh, or supersede his recollection."
3. "[Plaintiff] was forthright about approximating in his interrogatory responses based on his recollection…"
4. "[Plaintiff] did not have access to any information or documents from Defendants."
5. "[Plaintiff]'s false statements in Red Hook were made…from confusion, mistake, or faulty memory."

[Plaintiff's Opp. at pp. 5, 9, 10, 11].

4

Even if the Court were inclined to accept the Plaintiff's explanations based on the unsupported assertions in Plaintiff's Opp. (which it should not), Plaintiff's faulty memory argument is unsupported by law. *Gesualdi*, 2017 WL 752157 at *7. This is "particularly true" where, as here, Plaintiff "has failed to identify even a single legal authority in support of [his] position[s]." *Id*. Plaintiff's Opp. failed to cite to a single case where a court has excused a falsely verified interrogatory because of a faulty memory. This is another fatal flaw.

"Such factual conclusions, with no citations to the record or any legal authority for support does not constitute adequate briefing." *Weinrib v. Winthrop-Univ. Hosp.*, 2016 WL 1122033, at *7 (E.D.N.Y. 2016) (citation omitted). "The Court has no obligation to consider an argument for which a party has cited no legal authority." *Glidepath Holding v. Spherion Corp*., 590 F. Supp. 2d 435, 459 n.9 (S.D.N.Y. 2007); *see Field Day, LLC v. Cty. of Suffolk*, 2005 WL 2445794, at *18 n.8 (E.D.N.Y. 2005) ("[B]ecause…[defendant] cites absolutely no authority to support…[its argument], the Court will not consider it.").

Accordingly, the Court should respectfully decline to consider the arguments contained in Plaintiff's Opp. at pp. 5, 9, 10, 11.

**A. Plaintiff's Reliance on the FLSA's Burden-Shifting Framework is Wholly Misplaced**

In Plaintiff's Opp., Plaintiff argues that he "is entitled to" approximate interrogatory responses based on his recollection under the FLSA's burden-shifting framework. [*See* Plaintiff's Opp. at pp. 9-10] (citing to *Kuebel v. Black & Decker Inc*., 643 F.3d 352, 362 (2d Cir. 2011)). Plaintiff's approximation method is not supported by law.

Even when an employer has not kept proper and accurate records, courts require the employee first to "prove[] that he has in fact performed work for which he was improperly compensated" and second to "show the amount and extent of that work as a matter of **just and**

**reasonable inference**." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (emphasis added). This legal standard is not a substitute for nor justifies untruthful interrogatory responses.

Courts in this District have rejected the faulty memory defense. *Sabrina USA Inc*. is instructive. [11] There, the Troy Law Firm unsuccessfully argued the same "faulty memory" defense that is being presented here.[12] In denying Plaintiff's motion for conditional certification, the court correctly noted that there was a difference between "perjury", and "minor discrepancies regarding key facts that would be difficult to classify as a mere mistake." *Sabrina USA Inc.*, 2019 WL 6724351 at *3. The Court also noted that it was "not the first time [the Troy law Firm] has submitted conflicting sworn testimony. *Id.* at n.6 (citing *Gao v. A Canaan Sushi Inc*., No. 18-CV-6442-GBD-OTW (S.D.N.Y. 2019) at Dckt. No. 29 (noting two affidavits by the same affiant that directly contradict each other); *Jianjun Chen v. 2425 Broadway Chao Restaurant, LLC*, 331 F.R.D. 568, 573-74 (S.D.N.Y. 2019) (sanctioning Mr. Troy because the plaintiffs' deposition testimony contradicted earlier certified discovery responses); *Jianman Jin v. Shanghai Original, Inc*., 2018 WL 1597389, at *15 (E.D.N.Y. 2018) (finding "concerning" discrepancy between the plaintiff's sworn affidavit and subsequent deposition testimony). The Court in *Sabrina* also took issue with the Troy Law Firm's pattern and practice of revising factual allegations after being presented with inaccuracies. *Sabrina USA Inc*., 2019 WL 6724351 at *3; *see also id.* n.4 (noting that "a more comprehensive review of cases brought by Troy Law reveals that…complaints and submitted affidavits often go unchallenged"). Plaintiff's faulty memory defense fares no better in this action.

**IV.     Defendants are Entitled to Sanctions Under 28 U.S.C. § 1746**

---

[11] *See Sabrina USA Inc*., 2019 WL 6724351 (S.D.N.Y. 2019).
[12] *See Sabrina USA Inc*., 18-cv-12332-AJN-OTW (S.D.N.Y. 2019) at Dckt. No. 37 at p. 6 (August 2, 2019 Memorandum of Law) ("None of Defendants' examples is a false statement, nor is it indicative of dishonesty. Plaintiff worked for the Defendants for about 1 month in 2016, three years ago. Him not remembering such a precise detail is merely evidence that time has passed and his memory is not perfect.").

Contrary to Plaintiff's Opp. at § II, Plaintiff's perjurious responses to Defendants' interrogatories were not the result of "confusion, mistake or faulty memory". Plaintiff's verified responses to Defendants' First Set of Interrogatories to Plaintiff (the "First Rogs.") and Second Set of Interrogatories to Plaintiff ("Second Rogs.") constitute perjury under 28 U.S.C. § 1746.

To date, Plaintiff has not sufficiently corrected the record in the Red Hook Deli Action or this action. His attempt at a corrective letter in the Red Hook Deli Action is a classic example of a lawyers' contrivance.[13] It is well established that misrepresentations include not only literally false statements, but also any "representation stating the truth so far as it goes but which the maker knows or believes to be materially misleading because of his failure to state additional or qualifying matter." *Universal Health Servs. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 1999 (2016). Plaintiff has not been candid in the Red Hook Deli Action or this action.

In response to interrogatory no. 7 in Defendants' First Rogs., Plaintiff unequivocally states that he worked for Defendants from August 1, 2017 to September 10, 2018, 84-hours per week, seven (7) days per week. [*See* Dckt. No. 58-10 at ¶ 9].

In response to interrogatories nos. 2 and 3 in Defendants' Second Rogs., Plaintiff unequivocally states that "he started working for Defendants in August of 2017" and "stopped working for Defendants on September 10, 2018." [*See* Dckt. No. 58-11 at ¶¶ 2-3]. In response to interrogatory no. 4, Plaintiff unequivocally states that there was no period of time between these two dates that Plaintiff did not perform any services for Defendants. [*Id.* at ¶ 4]. Verified responses

---

[13] Nearly a year-and-a-half after the entry of the default judgment in the Red Hook Deli Action, the Faillace Firm, by letter filed on January 22, 2021 [Dckt. No. 58-18], advised the Court as follows:

> "Your Honor will recall that my firm represented the plaintiff Ortiz in the above referenced matter. We recently were advised by the client that the dates of employment set for the Complaint are somewhat inaccurate. In fact, the dates of employment as now provided to my firm are April 2016 until on or about June 6, 2017…This letter is made pursuant to Rule 3.3 of the New York Rules of Professional Conduct, which are applicable to my firm pursuant to Local Rule 1.5(b)(5)."

to interrogatories nos. 6 and 7 state that Plaintiff "would begin his work day for Defendants at 6:00 a.m." and "end his work day for Defendants at between 5:20 and 5:30 p.m.". [*Id.* at ¶¶ 6-7]. These representations are consistent with the information contained in Plaintiff's December 27, 2018 Rule 26(a) Damage Computation. [*See* 58-3].

These are clearly false statements given Plaintiff's two sworn declarations, filed under penalty of perjury, filed in the Red Hook Action.

V. **Plaintiff's Corrective Letter in the Red Hook Action is a Lawyers' Contrivance**

Contrary to Plaintiff's Opp. at § III, the Faillace Firm's January 22, 2021 letter in the Red Hook Action does not insulate Plaintiff from sanctions, and also serves as a *de facto* admission of perjury. Plaintiff's corrective letter [Dckt. No. 58-18] is highly misleading because the court in the Red Hook Deli Action has not been provided the context for the Plaintiff's request for a downward modification of the default judgment. This is an insult to the Defendants, this Court, and the court in the Red Hook Deli Action. Federal Courts do not play "catch me if you can." *United States v. Turkiye Halk Bankasi A.S.*, 2019 WL 7944419, at *2 (S.D.N.Y. 2019). A party cannot "submit anything [it] want[s]" and leave it "up to [the Court] then to find that out." *See* Trans. of Sept. 5, 2017 and Sept. 11, 2017, *Omega v. 375 Canal*, 12-cv-6979 (S.D.N.Y. 2017), at 8:9-14. But this is exactly what Plaintiff is doing in the action and the Red Hook Deli Action.

VI. **Defendants are Entitled to Sanctions Under Fed.R.Civ.P. 26(g)(3)**

By signing each of his four (4) verified responses to Defendants' First Rogs. and Defendants' Second Rogs, Plaintiff falsely certified that he satisfied his obligations under Fed.R.Civ.P. 26(g)(1) to make a "reasonable inquiry." *Markey v. Lapolla Indus., Inc.*, 2015 WL 5027522, at *15 (E.D.N.Y. 2015). Nothing in Plaintiff's Opp. leads a reasonable observer to

believe that any such reasonable inquiry was made. This Court respectfully must[14] grant Defendant's Motion for Sanctions under Fed.R.Civ.P. 26(g)(3).

## VII. Defendants are Entitled to Sanctions Under Fed.R.Civ.P. 37(c)(1)

Plaintiff's complaint in the Red Hook Deli Action was filed nearly one (1) year before the instant action was commenced. [*Cf.* Dckt. No. 58-12 *with* 58-1]. Plaintiff's May 14, 2018 verified declaration in support of the motion for default judgment in the Red Hook Deli Action was filed four (4) months before Plaintiff consented to join the Prince Deli Action, based on his Complaint. [*Cf.* Dckt. No. 58-1 *with* 58-16]. Plaintiff's February 11, 2019 verified supplemental verified declaration in further support of the motion for default judgment in the Red Hook Deli Action was filed less than two (2) months after Plaintiff prepared his Rule 26(a) Damage Computation, dated December 27, 2018. [15] [*Cf.* 58-3 *with* 58-17]. Defendants have satisfied their burden of showing that Plaintiff was clearly aware of the existence of evidence that materially contradicted his allegations of an 84-hour, seven (7) days per week workweek, spanning fifty-eight weeks at Prince Deli.

Of critical importance, each of Plaintiff's four (4) complaints in the Red Hook Deli Action, Marketplace Deli Action, Prestige Deli Action and Prince Deli Action were accompanied by identical consent letters, signed by Plaintiff, confirming his willingness to prosecute each action, based upon the allegations contained in the underlying complaints. The contradictory allegations in the instant action and in the Red Hook Deli Action cannot go unnoticed. There is authority

---

[14] "Pursuant to Rule 26(g)(3), if an attorney's certification violates Rule 26 without substantial justification, **sanctions are mandatory**." *Kiobel v. Royal Dutch Petroleum Co.*, 2009 WL 1810104, at *2 (S.D.N.Y. 2009) (quoting Fed.R.Civ.P. 26(g)(3) (emphasis added). [Dckt. No. 98 at p. 27].

[15] The Epstein Decl. [Dckt. No. 58 at ¶ 5, n.3] in support of Defendants' Motion for Sanctions avers:

"Plaintiff's Rule 26(a) Damage Computation was sent to the undersigned counsel via electronic mail by Jesse S. Barton, Esq. of Plaintiff's former counsel, Michael Faillace & Associates, P.C. (the 'Faillace Firm'). The .pdf file attachment in the Faillace Firm's email was titled '**Damages Chart 12-27-18** (Prince Deli).'"

9

supporting the notion that a court may disregard pleadings when they directly contradict facts that have been alleged in prior pleadings. *Mendoza v. Cornell Univ.*, 2021 WL 918622, at *3 (S.D.N.Y. 2021) (citing *U.S. Bank Nat'l Ass'n v. Bank of Am., Nat'l Ass'n*, 2012 WL 6136017, at *7 (S.D.N.Y. 2012) ("[w]here plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss"); *see also Kilkenny v. L. Off. of Cushner & Garvey, L.L.P.,* 2012 WL 1638326, at *5 (S.D.N.Y. 2012) ("a district court has no obligation to accept as true a [subsequent] complaint's allegations[ ] if they directly contradict[ ] the facts set forth in [a] [preceding] complaint" (citation omitted); *Colliton v. Cravath, Swaine & Moore LLP*, 2008 WL 4386764, at *6 (S.D.N.Y. 2008) ("Where a plaintiff blatantly changes his statement of the facts…and directly contradicts the facts set forth in his original complaint, a court is authorized to accept the facts described in the original complaint as true." (alterations and internal quotation marks omitted).

**VIII. Defendants are Entitled to an Order Dismissing the Federal Court Action Under Fed.R.Civ.P. 37(b)(2)(a)**

Dismissal of the Complaint is warranted under Fed.R.Civ.P. 37 given the grievous nature of, *inter alia*: (i) Plaintiff's perjury in violation of 28 U.S.C. § 1746 in submitting materially false verified responses to Defendants' First Rogs.; (ii) Plaintiff's perjury in violation of 28 U.S.C. § 1746 in submitting materially false verified responses to Defendants' Second Rogs.; (iii) Plaintiff's four (4) false certifications, that he satisfied his obligations under Fed.R.Civ.P. 26(g)(1); (iv) Plaintiff's failure, without justification, to comply with his obligations to produce and supplement truthful interrogatories required by Fed.R.Civ.P. 26(a) and (e). *See* §§ I-VI, *supra; see also* Fed.R.Civ.P. 37(b)(2)(A); *Hidalgo*, 2014 WL 5410011 at *3 ("Plaintiff's egregious conduct" justified dismissal of FLSA Action prosecuted by the Faillace Firm where "Plaintiff repeatedly and willfully gave false testimony."); *Daval Steel Prod*, 951 F.2d at 1366 (2d Cir. 1991) (citation

omitted). The discovery violation is particularly egregious given the Troy Law Firm's documented history of litigation misconduct involving the same issue of fabricated FLSA claims. *See* § III(A), *supra*.

### IX. Defendants are Entitled to Sanctions Against Plaintiff Under the Court's Inherent Authority

As set forth above, and in Defendants' Motion for Sanctions, Plaintiff's bad faith conduct in: (i) prosecuting two parallel FLSA/NYLL actions based on materially false allegations of an 84-hour, seven (7) day per week workweek, (ii) withholding critical evidence for over two (2) years; (iii) committing perjury in response to Defendants' First Rogs.; and (iv) committing perjury in response to Defendants' Second Rogs., warrant sanctions under 28 U.S.C. § 1927 and pursuant to the Court's inherent authority.

### CONCLUSION

For the reasons stated above, Defendants' Motion for Sanctions should be granted in its entirety, and an award of attorneys' fees, costs, and sanctions in an amount to be determined by the Court should be entered against Plaintiff, and the Complaint should be stricken in its entirety.

Dated: New York, New York
April 26, 2021

Respectfully Submitted,

LEVIN EPSTEIN & ASSOCIATES, P.C.

*/s Jason Mizrahi*
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, NY 10165
Tel No.: (212) 792-0048
*Attorneys for Defendants*