# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 103, Flushing, New York 11355

October 4, 2021

<u>Via ECF</u>
Honorable Edgardo Ramos
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*ORTIZ OCHOA et al. v PRINCE DELI GROCERY CORP.et al., 18-cv-09417*

Dear Judge Ramos:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

### I.     Background

Plaintiff LUIS ANTONIO ORTIZ OCHOA was employed by Defendants PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery and ABDO S. ANAM a/k/a Abdo Saleh, (collectively, "Defendants"),

This lawsuit was originally filed on October 15, 2018, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid "spread of hours" compensation, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, unpaid "spread of hours," in the amount of twenty five percent under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of

Hon. Edgardo Ramos
Page 2

pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II.  The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Twenty Five Thousand Dollars ($25,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved.  This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits.  Afterward, the determination of the case could be the subject of a further appeal.  The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution.  In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate.  The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A.  Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff Luis Antonio Ortiz Ochoa claimed that he was employed by Defendants as a Grill Man from August 01, 2017 to September 10, 2018. Plaintiff Luis Antonio Ortiz Ochoa claimed that he worked approximately eighty and a half (**80.50**) hours on average each week from August 01, 2017 to September 10, 2018. Plaintiff Luis Antonio Ortiz Ochoa was paid Twelve Dollars ($12.00) per hour from August 01, 2017 to December

Hon. Edgardo Ramos
Page 3

31, 2017; and Twelve Dollars ($12.00) per hour from March 20, 2018 to September 10, 2018.

Defendants did not record Plaintiff Luis Antonio Ortiz Ochoa's hours worked and did not calculate Plaintiff Luis Antonio Ortiz Ochoa's overtime or minimum wages according to the FLSA and NYLL. Plaintiff Luis Antonio Ortiz Ochoa alleges that Defendants willfully, regularly, and repeatedly denied him "spread of hours" pay for each work day that lasted over ten (10) hours. In addition, Defendants did not provide Plaintiff Luis Antonio Ortiz Ochoa with written notice, in his primary language or otherwise, about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his first day of employment.

Plaintiff Luis Antonio Ortiz Ochoa is entitled to the sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, which is Forty-Four Thousand Eight Hundred Forty-Five Dollars And Thirty-One Cents ($44,845.31).

Plaintiff Luis Antonio Ortiz Ochoa's (1) unpaid overtime wages shortfall without liquidated damages under the FLSA was Eleven Thousand Six Hundred Sixteen Dollars ($11,616.00) and his (1) unpaid overtime premiums, (2) unpaid spread-of-hire premium shortfall under the NYLL was Fifteen Thousand One Hundred Twelve Dollars And Fifty Cents ($15,112.50). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Four Thousand Six Hundred Twenty Dollars And Thirty-One Cents ($4,620.31) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Forty-Four Thousand Eight Hundred Forty-Five Dollars And Thirty-One Cents ($44,845.31).

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Twenty Five Thousand Dollars ($25,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Plaintiff Luis Antonio Ortiz Ochoa (the "Plaintiff") is a serial FLSA/NYLL litigant that has filed four (4) separate actions in the Southern and Eastern District Courts of New

Hon. Edgardo Ramos
Page 4

York.[1] Plaintiff alleges that from January 2012 through March 10, 2020 – *i.e.,* for over eight (8) years – Plaintiff worked upwards of 84-hours, seven (7) days per week, as a grill man/deli worker. While Plaintiff's alleged misfortune of having worked for four successive slavedriver employers is inherently suspect; Plaintiff's perjury in the instant action is indisputable and undeniable.

Of ignoble distinction, Plaintiff's sworn averments, made under penalty of perjury, in the Red Hook Deli Action, prosecuted in parallel with the instant proceeding, cannot be reconciled with Plaintiff's sworn statements in the instant action. Specifically, Plaintiff averred that he worked 168-hours per week, seven (7) days per week, for two separate delis during **the very same three-month period in 2017**. This is factually impossible, and constitutes perjury.

On January 22, 2021, Defendants filed a pre-motion conference letter for an Order to Show Cause [Dckt. No. 40] (the "Motion for Order to Show Cause") for sanctions against Plaintiff's former counsel, Michael Faillace & Associates, P.C. (the "Faillace Law Firm"), and Plaintiff arising out of the materially false information in the Complaint and Plaintiff's verified responses to Defendants' First Rogs. and Defendants' Second Rogs. Following the filing of the Motion for the Order to Show Cause, the Faillace Law Firm advised the Court of its intention to withdraw based on a "non-waivable conflict of interest". [Dckt. No 42.] By the certain letter filed on January 22, 2021, the Faillace Law Firm stated that:

> "We respectfully request that the Court set a schedule for this firm to submit to the Court a letter motion to withdraw based upon an in-camera submission. **The response of my firm to the Order to Show Cause will create what we believe to be a non-waivable conflict of interest that would require the Firm to withdraw pursuant to Rule 1.16(b)(1) and Rule 1.7(a)(1) of the New York Rules of Professional Conduct which Rules are applicable to lawyers appearing before this Court pursuant to Local Rule 1.5(b)(5). Due to this conflict, we respectfully request that this timetable take into consideration time for the Plaintiff to obtain independent counsel."**

[Dckt. No. 42] (emphasis added). Thus, Plaintiff's very own counsel recognized the gravity and import of Plaintiff's false interrogatory responses.

---

[1] *To wit:* (i) *Ortiz Ochoa et al v. Red Hook Gourmet Deli et al*, E.D.N.Y., Case No.: 17-cv-7095-RRM-RLM (the "Red Hook Deli Action"); (ii) *Hernandez Ramirez et al v. Marketplace 41 Inc. et al*, S.D.N.Y., Case No. 18-cv-10498-JPO (the "Marketplace 41 Deli Action"); (iii) *Ortiz Ochoa et al v. Prestige Café and Deli Corp. et al*, S.D.N.Y., Case No.: 20-cv-4462-GBD (the "Prestige Deli Action"); and (iv) the instant action (the "Prince Deli Action").

Hon. Edgardo Ramos
Page 5

Shortly thereafter, on February 5, 2021, Plaintiff substituted the Faillace Law Firm for Troy Law PLLC (the "Troy Law Firm"), as counsel. [Dckt No. 44].

Nearly a year-and-a-half after the entry of the default judgment in the Red Hook Deli Action, the Faillace Law Firm, by letter filed on January 22, 2021, advised the Court as follows:

> Your Honor will recall that my firm represented the plaintiff Ortiz in the above referenced matter. **We recently were advised by the client that the dates of employment set for the Complaint are somewhat inaccurate**. In fact, the dates of employment as now provided to my firm are April 2016 until on or about June 6, 2017…**This letter is made pursuant to Rule 3.3 of the New York Rules of Professional Conduct, which are applicable to my firm pursuant to Local Rule 1.5(b)(5).**

[*See* Red Hook Deli Action at Dckt. No. 36] (emphasis added). Critically, this letter was filed on the heels of Defendants' Motion for Order to Show Cause, and the Faillace Law Firm's withdrawal in the Prince Deli Action [*see* Dckt. Nos. 40, 49].[2]

On March 12, 2021, Defendants filed a motion for sanctions and to strike Plaintiff's Complaint (the "Motion for Sanctions"), based on Plaintiff's perjurious responses to Defendants' interrogatories, and Plaintiff's perjurious declarations in the Red Hook Deli Action. [*See* Dckt. Nos. 56-58]. Defendants' Motion for Sanctions is currently pending before the Honorable District Judge Edgardo Ramos.

While Defendants are very confident that that the Motion for Sanctions would result in, *inter alia*, the disposition of the instant action, Defendants remain wiling to settle the instant matter. Defendants' willingness to settle the instant matter is simply a business decision, to avoid the costs and expense of defense, and is in no way a reflection of the strength, or lack thereof, of Plaintiff's underlying claims.

### III.    The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Twenty Five Thousand Dollars ($25,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of One Thousand Eight

---

[2] Assuming *arguendo* that the statements in the January 22, 2021 letter are true (which Defendants vehemently dispute), the letter serves as a *de facto* admission of perjury.

Hon. Edgardo Ramos
Page 6

Hundred Sixty-One Dollars And Ten Cents ($1,861.10). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Twenty-Three Thousand One Hundred Thirty-Eight Dollars And Ninety Cents ($23,138.90).

Of the Net Settlement Amount, One Third (1/3), or Seven Thousand Seven Hundred Twelve Dollars And Ninety-Seven Cents($7,712.97), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of One Thousand Eight Hundred Sixty-One Dollars And Ten Cents ($1,861.10) for a total of Nine Thousand Five Hundred Seventy-Four Dollars And Seven Cents ($9,574.07). Of the Net Settlement Amount, Two Thirds (2/3), or Fifteen Thousand Four Hundred Twenty-Five Dollars And Ninety-Three Cents ($15,425.93) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

| | |
|---|---|
| **TROY LAW PLLC** | **LEVIN EPSTEIN & ASSOCIATES, P.C.** |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| /s/ Tiffany Troy | |
| Tiffany Troy | |
| /s/ John Troy | /s/ Jason Mizrahi |
| John Troy, Esq. | Jason Mizrahi, Esq. |
| 41-25 Kissena Blvd., Suite 103 | 60 East 42nd Street, Suite 4700 |
| Flushing, NY 11355 | New York, NY 10165 |
| Tel.: 718 762 1324 | Tel: (212) 792-0048 |