**SETTLEMENT AGREEMENT**

This Settlement Agreement is made by and among, (i) LUIS ANTONIO ORTIZ OCHOA (hereinafter "Plaintiff") (ii) PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery; ABDO S. ANAM a/k/a Abdo Saleh (hereinafter, "Defendants"), (Plaintiff and Defendants, collectively, "the Parties"); and

**WHEREAS**, Plaintiff was employed by Defendants for certain time periods; and

**WHEREAS**, on October 15, 2018, LUIS ANTONIO ORTIZ OCHOA, through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 18-cv-09417 (the "Complaint"); and

**WHEREAS**, Defendants deny all claims in Plaintiff's Complaint;

**WHEREAS**, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

**WHEREAS**, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

**WHEREAS**, Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by his counsel, John Troy, Esq., Troy Law, PLLC, 41-25 Kissena Blvd, Suite 103, Flushing, NY 11355, Tel: 718 762 1324; and

**WHEREAS**, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Jason Mizrahi, Esq., LEVIN EPSTEIN & ASSOCIATES, P.C., 60 East 42nd Street, Suite 4700, Tel: (212) 792-0048, Email: Jason@levinepstein.com and

**WHEREAS**, Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses (the "Agreement"); and

**WHEREAS**, Plaintiff acknowledges that he has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

**WHEREAS**, Plaintiff acknowledges that he understands the meaning and effect of the execution of this Agreement.

**THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1. **Settlement Amount**

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's specific release of all wage-and-hour claims only against Defendants and the Releasees (as defined herein) as set forth in Paragraph 2 below, Defendants will provide Plaintiff with a settlement in the amount of Twenty Five Thousand Dollars ($25,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of One Thousand Eight Hundred Sixty-One Dollars And Ten Cents ($1,861.10). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Twenty-Three Thousand One Hundred Thirty-Eight Dollars And Ninety Cents ($23,138.90).

Of the Net Settlement Amount, One Third (1/3), or Seven Thousand Seven Hundred Twelve Dollars And Ninety-Seven Cents($7,712.97), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of One Thousand Eight Hundred Sixty-One Dollars And Ten Cents ($1,861.10) for a total of Nine Thousand Five Hundred Seventy-Four Dollars And Seven Cents ($9,574.07). Of the Net Settlement Amount, Two Thirds (2/3), or Fifteen Thousand Four Hundred Twenty-Five Dollars And Ninety-Three Cents ($15,425.93) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

**2. Settlement Payment Schedule**

The Settlement shall be payable on a schedule as set forth as follows:

i) Installment 1 of 3: Eight Thousand Three Hundred Thirty Three Dollars and Thirty Four Cents ($8,333.34) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 103, Flushing, NY 11355 within 30 days of execution of this settlement agreement and consist of three (3) checks:

> 01) A bank check made payable to "Troy Law, PLLC" in the amount of One Thousand Eight Hundred Sixty-One Dollars And Ten Cents ($1,861.10) and memo noting "PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery Settlement Pay 1 of 3" representing out-of-pocket costs expended on behalf of Plaintiff for the present action;
>
> 02) A bank check of Two Thousand One Hundred Fifty Seven Dollars and Forty One Cents ($2,157.41) made payable to "Troy Law, PLLC" and memo noting "PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery Settlement Pay 1 of 3";
>
> 03) A bank check of Four Thousand Three Hundred Forteen Dollars and Eighty Three Cents ($4,314.83), made payable to "LUIS ANTONIO ORTIZ OCHOA" and memo noting "PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery Settlement Pay 1 of 3";

ii) Installment 2 of 3: Eight Thousand Three Hundred Thirty Three Dollars and Thirty Three Cents ($8,333.33) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 103, Flushing, NY 11355 within 60 days of execution of this settlement agreement and consist of two (2) checks:

> 01) A bank check of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Seven Cents ($2,777.77), made payable to "Troy Law, PLLC" and memo noting "PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery Settlement Pay 2 of 3";
>
> 02) A bank check of Five Thousand Five Hundred Fifty Five Dollars and Fifty Six Cents ($5,555.56), made payable to "LUIS ANTONIO ORTIZ OCHOA" and memo noting "PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery Settlement Pay 2 of 3";

iii) Installment 3 of 3: Eight Thousand Three Hundred Thirty Three Dollars and Thirty Three Cents ($8,333.33) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 103, Flushing, NY 11355 within 90 days of execution of this settlement agreement and consist of two (2) checks:

> 01) A bank check of Two Thousand Seven Hundred Seventy Seven Dollars and Seventy Seven Cents ($2,777.77), made payable to "Troy Law, PLLC" and memo noting "PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery Settlement Pay 3 of 3";
>
> 02) A bank check of Five Thousand Five Hundred Fifty Five Dollars and Fifty Six Cents ($5,555.56), made payable to "LUIS ANTONIO ORTIZ OCHOA" and memo noting "PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery Settlement Pay 3 of 3";

**3. Confession of Judgment**

a) Concurrent with the signing of this Stipulation, an authorized corporate authority of PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery and ABDO S. ANAM a/k/a Abdo Saleh shall each sign a Confession of Judgment in the form annexed hereto as Exhibits B, and C in the amount of Thirty Thousand Dollars ($30,000.00) or 2 times the Settlement Amount of Fifteen Thousand Dollars ($15,000.00) less payments made under the Agreement plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and reasonable attorney's fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement, which Confession of Judgment shall be held in escrow by Plaintiff's Attorney and shall not be filed with the Court unless Defendants fail to pay any of the payments required by paragraph 1 on or by the dates they are due, and fail to cure within fifteen (15) days of receiving written notice of default. The form of the Judgment of Confession may be altered as necessary by Plaintiff's counsel to ensure compliance with the requirements of the Court.

b) Upon receipt of the final installment from Defendants, Plaintiff's Attorney shall destroy the Confession of Judgment and confirm destruction of same to Defendants' Attorney.

### 4. Missed/ Late Payment

a) If the payment is received by Plaintiff's counsel fifteen (15) or more days after its due date or if the check is received on time but fails to clear the first time when it is deposited or is otherwise unpresentable for payment, including being not signed or being made to the incorrect payee, Defendant agrees to pay a late charge of nine percent (9%) of that Settlement Payment in addition to whatever service charge that are incurred as a result of the bounced check and this charge will be paid with the new payment.
b) In addition, if payment is received more than thirty (30) days after the due date of the check, Defendant agrees to pay an additional interest charge accrued at a simple interest of nine percent (9%) per year.

### 5. Attorneys' Fees in the Event of Default

a) In the event of a breach of the agreement by Defendants for defaulting on the payment of the settlement amount, Defendant shall be responsible for Plaintiff's reasonable attorneys' fees for attorneys' fees and cost and disbursements of judgment lien enforcement proceedings
b) A default reinstates the original claims and the Defendants will not plead the statute of limitations.

### 6. Stipulation Not To Sell without Advance Notice

a) Defendants' sale of their business shall result in the accelerated payment of the entire Settlement sum.
b) Further, Defendants agree not to sell the business without giving Plaintiffs three months advance notice and further agree to hold any sale proceeds in escrow in the full amount of settlement sum still due to Plaintiffs.
c) Shall the proceeds be less than full settlement sum, the entirety of the proceeds shall be held in escrow for Plaintiffs.

### 7. Right of First Refusal

a) Defendants agree that Plaintiff shall have the right of first refusal for any such sale.

### 8. Acceleration of Settlement Sum Upon Default

a) In the event Defendants breach this Settlement agreement by failing to make timely payment, after applicable notice and cure, such breach shall result in accelerated payment of the entire Settlement sum.

### 9. Tax

a) Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

### 10. Mutual Release

In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of his children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, hereby waive, discharge, and release (i) ABDO S. ANAM a/k/a Abdo Saleh, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (ii) PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; from any claims alleged in the Complaint **ONLY**, including compensatory damages, liquidated damages, punitive damages, penalties, and prejudgment interest pertaining to Plaintiff's employment with Defendants as specified in the Complaint. This release does not include a release of any rights Plaintiff's may have under this Agreement.

Nothing herein shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency.

Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiff, Plaintiff's heirs, agents, and successors, jointly and severally, of and any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Defendants have or may have against Plaintiff as of the date the Agreement is signed on behalf of Defendants.

### 11. Discontinuance of Claims

Plaintiff acknowledges and agrees that he is not presently aware of any legal proceeding other than the Action pending between Plaintiff and/or his representatives and Defendants or the Releasees. Plaintiff agrees to dismiss and withdraw Consolidated Action by executing the Stipulation of Voluntary Discontinuance with Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation Plaintiff's attorneys shall file by ECF to be So-Ordered by the Court. Plaintiff shall further agree to refrain from refiling any and all claims against Defendants and the Releasees any and all claims asserted in the Complaint.

### 12. Denial of Wrongdoing

Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants or Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

### 13. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiff's employment with Defendants or this Agreement shall be resolved in the United States District Court for the Southern District of New York, with the prevailing party being awarded reasonable attorneys' fees and costs.

### 14. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

### 15. Modification

This Agreement may not be changed unless the change is in writing and signed by the Parties.

### 16. General Provisions

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 17. Legal Counsel

Plaintiff is hereby advised of his right to consult with an attorney before signing this Agreement. Plaintiff each hereby acknowledges that he is fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and signing of this Agreement.

### 18. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

## CERTIFICATE OF TRANSLATION (for Plaintiff)

I, _Tiffany Troy_, certify that I am fluent in both Spanish and English and that I have correctly and accurately verbally translated both the Settlement Agreement and the Letter Requesting Judicial Approval of Proposed Settlement Agreement ("Joint Fairness Letter Motion") from English to Spanish for Plaintiff(s) LUIS ANTONIO ORTIZ OCHOA. After the translation, I asked he understood the contents of the Settlement Agreement which he is signing and the Joint Fairness Letter Motion which explains the Parties believe the Settlement is fair, and which I have translated, and he answered in the affirmative. he has signed the Settlement Agreement in my presence after the translation, after due consideration and without coercion.

_____
Translator Signature

**PLAINTIFF**

LUIS ANTONIO ORTIZ OCHOA

_Luis A Ortiz Ochoa_
Dated: October 2, 2021

**CERTIFICATE OF TRANSLATION** (for Defendants)

I, _Alameer office_, certify that I am fluent in both Arabic and English and that I have correctly and accurately verbally translated both the Settlement Agreement and the Letter Requesting Judicial Approval of Proposed Settlement Agreement ("Joint Fairness Letter Motion") from English to Arabic for Defendants PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery and ; and ABDO S. ANAM a/k/a Abdo Saleh. After the translation, I asked if they understood the contents of the Settlement Agreement which they are signing and the Joint Fairness Letter Motion which explains the Parties believe the Settlement is fair, and which I have translated, and they answered in the affirmative. he have signed the Settlement Agreement in my presence after the translation, after due consideration and without coercion.

_____
Translator Signature

**DEFENDANTS**

ABDO S. ANAM a/k/a Abdo Saleh

_[signature]_
Dated:

PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery

Name: ABDO ANAM _[signature]_
Title: ONER
Dated:

# EXHIBIT A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ORTIZ OCHOA *et al.*

                              Plaintiff,      Case No.18-cv-09417

v.

PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery *et al.*

                              Defendants.

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

------------------------------------------------------------x

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or attorneys' fees to any party, as to Plaintiffs or Defendants. This Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action.

TROY LAW, PLLC
*Attorneys for the Plaintiff*

By: /s/ John Troy
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 103
Flushing, NY 11355
Tel: 718 762 1324

LEVIN EPSTEIN & ASSOCIATES, P.C.

*Attorneys for Defendants*

Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, NY 10165
Tel: (212) 792-0048

SO ORDERED.

_____

**EXHIBIT B.**

_____ **COURT**
**COUNTY OF** _____        Case No.
-----------------------------------------------------------X
LUIS ANTONIO ORTIZ OCHOA

                                      Plaintiff,        **AFFIDAVIT OF CONFESSION OF JUDGMENT BY ABDO S. ANAM a/k/a Abdo Saleh**
      v.

PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery; ,
ABDO S. ANAM a/k/a Abdo Saleh
                                   Defendants.
-----------------------------------------------------------X
STATE OF NEW YORK   )
                           ) ss:
COUNTY OF NEW YORK   )

ABDO S. ANAM a/k/a Abdo Saleh, being duly sworn, deposes and states as follows:

1. I am an adult individual residing at 168 LENOX AV APT 5E NEW YORK. NY 10026.
2. I am individually named as a Defendant in ORTIZ OCHOA *et al.* v PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery *et al.*, Civil Action No. Case No. 18-cv-09417 filed in the United States District Court for Southern District of New York (the "Lawsuit").
3. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of Thirty Thousand Dollars ($30,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
4. This confession of judgment is for a debt due to Plaintiff's LUIS ANTONIO ORTIZ OCHOA (hereinafter "Plaintiff").
5. The facts out of which the debt arose and the sum confession due is set forth below:
6. On October 15, 2018, LUIS ANTONIO ORTIZ OCHOA, through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor

Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 18-cv-09417 (the "Complaint").

7. On or around August 26, 2021, the Plaintiff and Defendants executed a Settlement Agreement and General Release, (the "Agreement").
8. The agreement provides that Defendants will pay Fifteen Thousand Dollars ($15,000.00).
9. If Defendants fail to make payments as outlined in Paragraph 8, Plaintiff's may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff's shall notify Defendants' Attorney Jason Mizrahi, Esq., LEVIN EPSTEIN & ASSOCIATES, P.C., 60 East 42nd Street, Suite 4700, Tel: (212) 792-0048, Email: Jason@levinepstein.com, in writing of his intent to do so, and Defendants shall have ten (10) days to remedy their default.
10. If Defendants do not remedy the default within ten (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against myself for the entire amount of Thirty Thousand Dollars ($30,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
11. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.
12. I authorize entry of judgment in New York County, New York.
13. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:

_____
ABDO S. ANAM a/k/a Abdo Saleh

Sworn to me this 4th day of September

_____
Notary Public

JASON MIZRAHI
Notary Public, State of New York
Registration #02MI636999
Qualified in Queens County
Commission Expires Sept. 5, 2021

**EXHIBIT C.**

_____ COURT
**COUNTY OF** _____

Case No.

-----------------------------------------------------------x
LUIS ANTONIO ORTIZ OCHOA

         Plaintiff,

  v.

PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery ,

ABDO S. ANAM a/k/a Abdo Saleh

         Defendants.
-----------------------------------------------------------x

**AFFIDAVIT OF CONFESSION OF JUDGMENT BY**
Name: Abdo Anam
Title: Owner
**for PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery**

STATE OF NEW YORK )
          ) ss:
COUNTY OF New York )

Name: ABDO ANAM being duly sworn, deposes and states as follows:

1. I am an adult individual residing at 168 LENOX AV AP 5F NEW YORK - N.Y ZIP 10026
2. I am the Title: ONER of Corporate Defendant PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery, which is named as a Defendant in ORTIZ OCHOA *et al.* v PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery *et al.*, Civil Action No. Case No. 18-cv-09417 filed in the United States District Court for Southern District of New York (the "Lawsuit").
3. Deponent is duly authorized to make this affidavit on behalf of Corporate Defendant PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery (the "Corporate Defendant").
4. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of Thirty Thousand Dollars ($30,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
5. This confession of judgment is for a debt due to Plaintiff LUIS ANTONIO ORTIZ OCHOA (hereinafter "Plaintiff").
6. The facts out of which the debt arose and the sum confession due is set forth below:
7. On October 15, 2018, LUIS ANTONIO ORTIZ OCHOA, through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor

Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 18-cv-09417 (the "Complaint").

8. On or around August 26, 2021, the Plaintiff and Defendants executed a Settlement Agreement and General Release, (the "Agreement").
9. The agreement provides that Defendants will pay Fifteen Thousand Dollars ($15,000.00).
10. If Defendants fail to make payments as outlined in Paragraph 9, Plaintiff's may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff shall notify Defendants' Attorney, Jason Mizrahi, Esq., LEVIN EPSTEIN & ASSOCIATES, P.C., 60 East 42nd Street, Suite 4700, Tel: (212) 792-0048, Email: Jason@levinepstein.com, in writing of his intent to do so, and Defendants shall have ten (10) days to remedy their default.
11. If Defendants do not remedy the default within ten (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against the Corporate Defendant PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery for the entire amount of Thirty Thousand Dollars ($30,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
12. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.
13. I authorize entry of judgment in New York County, New York.
14. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:

Name: ABDO-ANAM
Title: Owner

for PRINCE DELI GROCERY CORP. d/b/a Prince Deli Grocery

Sworn to me this 4th day of September

_____
Notary Public

JASON MIZRAHI
Notary Public, State of New York
Registration #02MI636999
Qualified in Queens County
Commission Expires Sept. 5, 2021