UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――

LUIS ANTONIO ORTIZ OCHOA, et al.,

        Plaintiffs,

–against–

PRINCE DELI GROCERY CORP., et al.,

        Defendants.

**ORDER**

18 Civ. 9417 (ER)

RAMOS, D.J.:

      Plaintiff Luis Antonio Ortiz Ochoa, individually and on behalf of others similarly situated, brought this action on October 15, 2018 against Prince Deli Grocery Corp. and Abdo S. Anam (Defendants) alleging violations of the Fair Labor Standards Act ("FLSA") and various New York state claims.[1]  Doc. 1.  Plaintiffs allege that Defendants failed to pay wages and overtime.  Before the Court is the parties' motion for settlement approval.  Doc. 80.  For the foregoing reasons, the motion for settlement approval is DENIED.

### I.    LEGAL STANDARD

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  The parties therefore must satisfy the Court that their agreement is "fair and reasonable."  *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015).  In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including but not

---

[1] 29 U.S.C. §§ 201 *et seq.*, NYLL 6 §§ 190 *et seq.*, 7 §§ 200 *et seq*, and 19 §§ 650 *et seq.*, 12 N.Y.C.R.R. §§ 146-1.6.

limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II.   DISCUSSION

### A.   Range of Recovery

The proposed settlement agreement provides for a recovery of $25,000. Doc. 80 at 2. Plaintiffs' counsel submits an application for one-third of the total settlement amount after out-of-pocket costs and expenses, totaling $7,712.97 as attorneys' fees. *Id.* After attorneys' fees, Plaintiff Ortiz Ochoa will receive $15,425.93. *Id.* at 6.

Plaintiff Ortiz Ochoa estimates that he is owed $44,845.31 in damages. *Id.* at 3. Under the settlement, he will thus recover approximately 34% of his damages. Ortiz Ochoa states that he has agreed to this amount in light of the inherent risks of litigation and Defendant's capacity to pay the judgment.

The settlement resolves bona fide disputes and reflects a reasonable compromise that fairly compensates Ortiz Ochoa in light of the uncertainties and litigation risks. The Court finds

that the proposed settlement amount is reasonable. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that the settlement amount was a "reasonable compromise of disputed issues") (citation omitted).

### B. Attorney's Fees

The Court requires more information to determine whether the attorney's fees are reasonable. From the $25,000 award, Plaintiffs' attorneys would receive $1,861.10 for out-of-pocket costs, plus $7,712.97, or one-third of the settlement award after costs, for a total of $9,574.07. *Id.* at 5–6. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Plaintiffs' counsel has submitted billing records, showing rates of $200, $400, and $600 per hour for several different individuals, including John Troy, Aaron Schweitzer, Preethi Kilaru, and Tiffany Troy. Doc. 80-3. However, Plaintiffs have not stated the role and relevant experience of each of these individuals. Therefore, the Court cannot determine whether these are reasonable hourly rates. Several courts have declined to award rates of more than $450 per hour for a senior law firm attorney in FLSA cases. *See, e.g.*, *Perez v. Eons - Greek Food for Life, LLC*, No. 20 CIV. 1121 (AT), 2020 WL 8768085, at *2 (S.D.N.Y. Aug. 12, 2020) (reducing an

$800 hourly rate to $450). A $600 per hour rate would thus appear to be unreasonable, and "courts are generally more skeptical of requested hourly rates when the applicant fails to provide information about the backgrounds of the relevant attorneys and paralegals." *Id.* at 29. Further information on all the individuals' roles and experiences is thus necessary for the Court to calculate a lodestar comparator to evaluate the fairness of the attorney's fee award.

The Court, however, finds all other provisions of the settlement to be fair and reasonable, as it includes no objectionable non-disparagement or confidentiality provisions. *See Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *2–3 (S.D.N.Y. Jan. 20, 2021). The terms of the mutual release are also reasonable, as they are limited to the claims in the Complaint and are not otherwise unduly restrictive. *See Weng v. T & W Rest., Inc.*, 15 Civ. 8167 (PAE) (BCM), 2016 WL 3566849, at *5 (S.D.N.Y. June 22, 2016).

### III.   CONCLUSION

For these reasons, the parties' request for approval of the settlement is DENIED without prejudice. The parties may proceed in one of the following ways, *see Fisher v. SD Protection Inc.*, 948 F.3d 593, 605 (2d Cir. 2020):

- Submit a revised agreement to the Court on or before November 8, 2021. The revised agreement shall remove or tailor the release provisions as described in this Order;
- File a joint letter on or before November 8, 2021 that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference; or

- Stipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law. See *Cheeks*, 796 F.3d at 201 n.2.

It is SO ORDERED.

Dated:  November 1, 2021

   New York, New York

_____
EDGARDO RAMOS, U.S.D.J.