UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS ANTONIO ORTIZ OCHOA, et al., | |
| Plaintiffs, | |
| –against– | **ORDER** |
| PRINCE DELI GROCERY CORP., et al., | 18 Civ. 9417 (ER) |
| Defendants. | |

RAMOS, D.J.:

Plaintiff Luis Antonio Ortiz Ochoa, individually and on behalf of others similarly situated, brought this action on October 15, 2018 against Prince Deli Grocery Corp. and Abdo S. Anam (Defendants) alleging violations of the Fair Labor Standards Act ("FLSA") and various New York state claims.[1]  Doc. 1.  Plaintiffs allege that Defendants failed to pay wages and overtime.  Before the Court is the parties' motion for settlement approval.  Doc. 80.  For the following reasons, the motion for settlement approval is GRANTED.

## I. LEGAL STANDARD

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  The parties therefore must satisfy the Court that their agreement is "fair and reasonable."  *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015).  In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including but not

---

[1] 29 U.S.C. §§ 201 *et seq.*, NYLL 6 §§ 190 *et seq.*, 7 §§ 200 *et seq*, and 19 §§ 650 *et seq.*, 12 N.Y.C.R.R. §§ 146-1.6.

limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II.   DISCUSSION

The Court previously found that the original Settlement Agreement, Doc. 80, was fair and reasonable as to all terms, but denied approval of the settlement due to missing information regarding attorneys' fees. Docs. 81, 82.

### A. Attorney's Fees

From the $25,000 award, Plaintiffs' attorneys would receive $7,712.97, or one-third of the settlement award, plus $1,861.10 for out-of-pocket costs for a total of $9,574.07. *Id.* at 5–6. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the

reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Plaintiffs' counsel has submitted billing records, showing rates of $200 per hour for Preethi Kilaru and Tiffany Troy, $400 per hour for Aaron Schweitzer, and $600 per hour for John Troy.  Doc. 80-3.  They have also submitted a declaration explaining the role and relevant work experience of each of these individuals.  Doc. 83.

The billing records show a rate of $600 per hour for John Troy, the "principal attorney" at Troy Law who has served as counsel on hundreds of FLSA cases. *Id.* at 4–15.  Several courts have declined to award rates of more than $450 per hour for a senior law firm attorney in FLSA cases.  *See, e.g.*, *Long v. HSBC USA INC.*, 2016 WL 4764939, at * 10 (S.D.N.Y. Sept. 13, 2016) (collecting cases and noting that FLSA litigators are rarely awarded over $450 per hour); *Perez v. Eons - Greek Food for Life, LLC*, No. 20 Civ. 1121 (AT), 2020 WL 8768085, at *2 (S.D.N.Y. Aug. 12, 2020) (reducing an $800 hourly rate to $450).  Therefore, for purposes of calculating the lodestar, the Court will reduce Troy's hourly rate to $450, the prevailing maximum rate in the Southern District.

The billing records also show a rate of $400 per hour for Aaron Schweitzer, the "managing associate" at Troy Law with five years of legal experience.  Doc. 83 at 15–22.  Courts in this District generally approve rates of $300 per hour for senior attorneys or associates with eight or more years' experience, while approving rates of approximately $200 per hour for mid-level associates in similar cases.  *See Pineda v. Frisoling, Inc.*, No. 15 Civ. 3774 (GBD) (BCM), 2018 WL 4658798, at *3 (S.D.N.Y. Jan. 15, 2018) (collecting cases), *report and recommendation*

*adopted sub nom. Pineda v. Frisolino, Inc.*, No. 15 Civ. 3774 (GBD) (BCM), 2018 WL 3628898 (S.D.N.Y. July 30, 2018).  Therefore, for purposes of calculating the lodestar, the Court will reduce Schweitzer's hourly rate to $250.

The billing records lastly show rates of $200 per hour for Preethi Kilaru, an employee who received her LLM in 2017, and Tiffany Troy, who received her JD in May 2021 and was recently admitted to the Bar.  A rate of $200 per hour is reasonable, as courts in this district have approved rates of up to $200 per hour for paralegals.  *See, e.g.*, *Garcia v. 120 MP, LLC*, No. 18 Civ. 6408 (JPO), 2020 WL 2319126, at *2 (S.D.N.Y. May 8, 2020).

In total using these adjusted rates, John Troy recorded 10.51 hours at a $450 rate, Aaron Schweitzer recorded 37.46 hours at a $250 rate, Preethi Kilaru recorded 11.46 hours at a $200 rate, and Tiffany Troy recorded 14.01 hours at a $200 rate.  This yields a lodestar of $19,188.50.  Comparing to the settlement fee of $7,712.97, this yields a lodestar multiplier of approximately 0.4, which is certainly reasonable.  *See Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (noting that multipliers of up to two are generally reasonable).

### III.   CONCLUSION

For these reasons, the parties' request for approval of the settlement is GRANTED.  The Court hereby dismisses the case with prejudice.  The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   November 8, 2021
            New York, New York

_____
EDGARDO RAMOS, U.S.D.J.